IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ARMOUR OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-1731C |
| v. | ) | (Chief Judge Edward J. Damich) |
| | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER AND COUNTERCLAIM
TO PLAINTIFF'S COMPLAINT

For its answer to the complaint, defendant admits, denies and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

2. Denies the allegations contained in the first and second sentences of paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the third and fourth sentences of paragraph 2.

3. Admits the allegations contained in paragraph 3.

4. Admits the allegations contained paragraph 4 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 4.

5. Admits the allegations contained paragraph 5 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 5.

6. Admits the allegations contained paragraph 6 to the extent supported by the September 10, 2004 letter, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 6.

7. Admits the allegations contained paragraph 7 to the extent supported by the September 17, 2004 letter, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. The allegations contained in paragraph 8 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

9. Admits that NAVAIR's contracting officer notified AOA of the procurement. The remaining allegations contained in paragraph 9 are denied for lack of knowledge or information sufficient to form a belief as to their truth.

10. Admits the allegations contained paragraph 10 to the extent supported by the November 8, 2004 letter, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. Admits the allegations contained the first, second, and third sentences of paragraph 11 to the

extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in the first, second, and third sentences of paragraph 11. Denies the allegations contained in the fourth sentence of paragraph 11.

12. Admits the allegations contained paragraph 12 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 12.

13. Admits the allegations contained paragraph 13 to the extent supported by the referenced documents, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 13.

14. Admits the allegations contained paragraph 14 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 14.

15. Denies the allegations contained in paragraph 15 for lack of knowledge or information sufficient to form a belief as to their truth.

16. Denies the allegations contained in paragraph 16 for lack of knowledge or information sufficient to form a belief as to their truth.

17. Denies the allegations contained in the first sentence of paragraph 17 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the second sentence of paragraph 17. Admits the allegations contained the third sentence of

paragraph 17 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 17.

18. Denies the allegations contained in paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth.

19. Admits the allegations contained paragraph 19 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 19.

20. Denies the allegations contained in paragraph 20.

21. Denies the allegations contained in paragraph 21.

22. Admits the allegations contained paragraph 22 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 22.

23. Denies the allegations contained in the first sentence of paragraph 23. Denies the allegations contained in the second sentence of paragraph 23 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the third and fourth sentences of paragraph 23 to the extent supported by the referenced documents, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 23.

24. Admits the allegations contained in paragraph 24 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 24.

25. Denies the allegations contained in paragraph 25.

26. Admits the allegations contained in paragraph 26 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 26.

27. Admits the allegations contained in paragraph 27 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 27.

28. Admits the allegations contained in paragraph 28 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 28.

29. Admits the allegations contained in paragraph 29 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 29.

30. Admits the allegations contained in paragraph 30 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 30.

31. Admits the allegations contained in paragraph 31 to the extent supported by the referenced

document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 31.

32. Admits the allegations contained in paragraph 32 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 32.

33. Admits the allegations contained in the first sentence of paragraph 33 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 33. Denies the allegations contained in the second sentence of paragraph 33 for lack of knowledge or information sufficient to form a belief as to their truth.

34. Admits the allegations contained in paragraph 34.

35. Admits the allegations contained in paragraph 35 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 35.

36. Denies the allegations contained in paragraph 36.

37. Admits the allegations contained in paragraph 37 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 37.

38. Denies the allegations contained in paragraph 38.

39. Admits the allegations contained in paragraph 39 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 39.

40. Admits the allegations contained in paragraph 40 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 40.

41. Admits the allegations contained in paragraph 41 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 41.

42. Admits the allegations contained in paragraph 42 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 42.

43. Admits the allegations contained paragraph 43.

44. Denies the allegations contained in the first, second, and third sentences of paragraph 44 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the third sentence of paragraph 44.

45. Admits the allegations contained paragraph 45.

46. Admits the allegations contained in the first sentence of paragraph 46 to the extent supported by the referenced document, which is the best evidence of its contents, and admits that the document was received by the Navy; otherwise denies the allegations contained in paragraph 46. Denies the allegations contained in the second sentence of paragraph 46 for lack of knowledge or information sufficient to form a belief as to their truth.

47. Denies the allegations contained the first and third sentences of paragraph 47. Denies the allegations contained in the second sentence of paragraph 47 for lack of knowledge or information sufficient to form a belief as to their truth.

48. Admits the allegations in the first sentence of paragraph 48 to the extent that Lt. Col. Bauman asked AOA whether its armor would stop the APM2 threat and that AOA stated that it would not; otherwise denies the allegations contained in the first sentence of paragraph 48. Denies the allegations contained the second sentence of paragraph 48.

49. Denies the allegations contained the paragraph 49.

50. Denies the allegations contained the paragraph 50.

51. Admits the allegations contained in paragraph 51 to the extent supported by the referenced documents, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 51.

52. Admits the allegations contained in paragraph 52 to the extent supported by the referenced

documents, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 52.

53. Admits the allegations contained in paragraph 53 to the extent supported by the referenced documents, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 53.

54. Admits the allegations contained in paragraph 54 to the extent supported by the referenced document, that is, the cure notice, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 54.

55. Admits the allegations contained in paragraph 55 to the extent supported by the referenced document, that is, AOA's ballistic test report, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 55.

56. Denies the allegations contained in paragraph 56.

57. Admits the allegations contained in paragraph 57 to the extent supported by the referenced document, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 57.

58. Denies the allegations contained in paragraph 58.

59. Admits the allegations contained in paragraph 59 to the extent supported by the referenced

document, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 59.

60. Denies the allegations contained in the paragraph 60 for lack of knowledge or information sufficient to form a belief as to their truth.

61. Admits the allegations contained in paragraph 61 to the extent supported by the referenced document, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 61.

62. Admits the allegations contained in paragraph 62 to the extent supported by the referenced document, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 62.

63. Admits the allegations contained in paragraph 63 to the extent supported by the referenced document, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 63.

64. Denies the allegations contained in paragraph 64 for lack of knowledge or information sufficient to form a belief as to their truth.

65. Denies the allegations contained in paragraph 65.

66. Defendant incorporates by reference its responses contained in paragraphs 1 through 65 of its answer as though fully set forth here.

67. Denies the allegations contained paragraph 67.

68. The allegations contained in paragraph 68 constitute conclusions of law, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

69. Defendant incorporates by reference its responses contained in paragraphs 1 through 68 of its answer as though fully set forth here.

70. Denies the allegations contained the first and fourth sentences of paragraph 70. The remaining allegations contained in paragraph 70 constitute conclusions of law, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

71. Denies the allegations contained the paragraph 71.

72. Defendant incorporates by reference its responses contained in paragraphs 1 through 71 of its answer as though fully set forth here.

73. Denies the allegations contained the first, fourth, and sentences of paragraph 73. Admits the allegations contained in the second sentence of paragraph 73 to the extent supported by the referenced document, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 73. Denies the allegations contained in the third sentence of paragraph 73 for lack of knowledge or information sufficient to form a belief as to their truth.

74. Denies the allegations contained the paragraph 74.

75. Defendant incorporates by reference its responses contained in paragraphs 1 through 74 of its answer as though fully set forth here.

76. The allegations contained in the first, eighth, ninth, and tenth sentences of paragraph 76 constitute conclusions of law, to which no answer is required; to the extent they are deemed allegations of fact, they are denied. Denies the remaining allegations contained the paragraph 76.

77. Denies the allegations contained the paragraph 77.

Defendant denies each and every allegation not previously admitted or denied.

Defendant denies the plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 77, or to any relief whatsoever.

DEFENDANT'S FIRST COUNTERCLAIM

78. This counterclaim arises out of the same subject matter as complained of by the plaintiff in its complaint. Jurisdiction is provided by 41 U.S. C. § 609.

79. On August 26, 2004, the Contracting Officer ("CO") issued a final decision terminating for default the contract with the plaintiff.

80. The termination for default was based on the CO's determination that plaintiff endangered performance under the contract because AOA's proposed armor material did not meet the ballistic and weight specifications contained in the contract.

81. Pursuant to the Federal Acquisition Regulation ("FAR") 49.402-6 and 49.402-7(b), the

Government exercised its authority to replace the work and charge the costs to plaintiff.

82. On November 5, 2004, the Government awarded a contract to Armor Works in the amount of $6,121,242 to perform the contract. Other than the period of performance, the reprocurement contract was in all pertinent respects identical to the contract awarded to plaintiff.

83. On February 25, 2005, the CO issued a final decision demanding payment of $2,053,808, the difference between the cost of the contract awarded to AOA and the cost of the Armor Works contract, and $45,630 in administrative costs, for a total of $2,099,438, as compensation for costs incurred to re-procure the performance of the contract.

84. Due to plaintiff's failure to adequately perform this work, the Government incurred damages of $2,099,438, for which plaintiff is liable.

85. Plaintiff has not paid the $2,099,438 demanded by the CO's final decision.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KIESLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Assistant Director

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street NW
Attn: Classification Unit
8th Floor
Washington, D.C. 20530

March 3, 2005

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of March, 2005, a copy of the foregoing Defendant's Answer and Counterclaim was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Leslie Cayer Ohta