IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**ARMOUR OF AMERICA**

**Plaintiff,**

**v.**

**No. 04-1731C**

**(Chief Judge Edward J. Damich)**

**THE UNITED STATES**

**Defendant.**

**PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM**

For its answer to Defendant's Counterclaim, the Plaintiff admits, denies and alleges the following:

1. Plaintiff admits the allegations of Defendant's Counterclaim paragraph 78.

2. Plaintiff admits the allegations contained in Defendant's Counterclaim paragraph 79.

3. Plaintiff admits only that the termination for default constituted a decision of the Contracting Officer as alleged in Defendant's Counterclaim paragraph 80.

4. Per Defendant's Counterclaim paragraph 81, plaintiff admits that the stated FAR references allow the government to repurchase against contractor's account FAR 49.402-6, and to administrative costs FAR 49.402-7(b), but plaintiff denies that the government acted properly with regards to their authority under the cited FAR clauses.

5. Plaintiff admits that a contract per Solicitation No. N00019-04-R-0073 was awarded to Armor Works on November 5, 2004 as stated in fedbizopps. Plaintiff is without knowledge or

information sufficient to form a belief as to the truth of the averment of Defendant's Counterclaim paragraph 82 as to the period of performance, or the exact contents of the contract as awarded to Armor Works. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the averment that the contract "was in all pertinent respects identical to the contract awarded to plaintiff."

6. Per Defendant's Counterclaim paragraph 83, plaintiff denies that the final decision was issues on February 25, 2005, but instead on 28 February 2005 paragraph three states that "this is the final decision of the Contracting Officer." Plaintiff is without knowledge or information sufficient to form a belief as to the truth of Defendant's Counterclaim paragraph 83 as to the averment that $2,053,808 is the difference between the cost of the contract awarded to AOA and the cost of the Armor Works contract. Plaintiff denies the $45,630 in administrative costs, and the total of $2,099,438 as compensation for costs incurred to re-procure.

7. Plaintiff denies each and every allegation of Defendant's Counterclaim paragraph 84.

8. Plaintiff admits that it has not paid $2,099,438 per paragraph 85 of Defendant's Counterclaim which was stated in a letter of 28 February 2005, which "serves as a demand notice" for reprocurement costs, which plaintiff denies.

WHEREFORE, Plaintiff requests that the Court dismiss defendant's counterclaim and grant judgment in favor of Plaintiff on its Complaint, as well as such other further relief as the Court deems just and proper.

Respectfully Submitted,

s/Cynthia Malyszek
CYNTHIA MALYSZEK

Attorney for Plaintiff

Malyszek & Malyszek
10100 Santa Monica Blvd
Suite 800
Los Angeles, CA 90067
Ph: 310-772-2266
Fax: 310-772-2265

March 22, 2005

CERTIFICATE OF SERVICE

I hereby certify that on this 22rd day of March, 2005, a copy of the foregoing Plaintiff's Answer to Defendant's Counterclaim was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Cynthia Malyszek

______________________________