IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ARMOUR OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-1731C |
| v. | ) | (Chief Judge Edward J. Damich) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR LEAVE TO FILE TO OUT OF TIME
MOTION TO EXTEND THE DEADLINE FOR FILING THE JPSR

Pursuant to Rule 6(b) of the Rules of the Court of Federal Claims, defendant respectfully seeks leave to file this out of time motion requesting a 28-day extension of time, to and including June 10, 20005, to file the Joint Preliminary Status Report ("JPSR"). The JPSR was due on May 13, 2005, 45 days after the plaintiff's answer to defendant's counterclaim. This is defendant's first motion for this purpose. Attempts to contact plaintiff's counsel to determine plaintiff's position with respect to this matter have been unsuccessful.

Initially believing that the JPSR was due April 22, 2005 (45 days after defendant filed its answer), Government counsel left a voice-mail message for plaintiff's counsel on April 5, 2005, seeking plaintiff's input for the JPSR by April 18, 2005. On April 6, 2003, plaintiff's counsel responded by e-mail indicating that plaintiff's input would be provided no later than April 18, 2005. On April 6, 2005, Government counsel faxed a copy of the draft JPSR to plaintiff's counsel that did not contain all of the items required by Chief Judge Damich's Special Procedures. On April 19, 2005, plaintiff's counsel e-mailed Government counsel that plaintiff's input would be provided by April 20, 2005. On April 21, 2005, plaintiff's counsel provided input to the JPSR in PDF format.

By e-mail dated April 25, 2005, Government counsel requested that additional input from plaintiff be provided in Word or Word Perfect format so that plaintiff's portions could be incorporated into the JPSR and indicated that additional sections had to be added to comply with Judge Damich's Special Procedures.

Since the JPSR was not due until May 13, 2005 (45 days after plaintiff responded to defendant's counterclaim), and because the first draft JPSR did not conform to the Special Procedures order, Government counsel e-mailed a second draft JPSR to plaintiff's counsel on April 25, 2005, for her review. This draft JPSR followed Judge Damich's format and incorporated plaintiff's input. By e-mail dated April 25, 2005, plaintiff's counsel indicated that she had received the new draft and confirmed that the JPSR was not due until May 13, 2005. On April 27, 2005, counsel for the parties conducted the early meeting of counsel telephonically. On April 28, 2005, plaintiff's counsel sent Government counsel an e-mail indicating that she had completed plaintiff's portions of the JPSR and would provide them the following day after her client had the opportunity to review the statement of facts. On April 29, 2005, plaintiff's counsel sent Government counsel an e-mail indicating that there was one additional item she needed to discuss with her client and that plaintiff's input would be provided that day.

On May 4, 2005, Government counsel responded to the April 29, 2005, e-mail asking when plaintiff was going to provide the promised input to the JPSR. On May 6, 2005, Government counsel sent plaintiff's counsel another e-mail asking her to advise as to when plaintiff would be provided its input to the JPSR. Government counsel received no response to either of these e-mails. Government counsel intended to file the JPSR on May 6, 2005, since she was going to be out of town on business from May 9 through May 17, 2005. Because plaintiff's counsel had not provided plaintiff's input to the JPSR, the JPSR was not timely filed.

Additional time is needed because (a) Government counsel was out of the office for three days this week and will be out of the office on business in San Diego, California, from May 23, 2005, through May 27, 2005, and in Savannah, Georgia, from May 31, 2005, through June 2, 2005; (b) it will provide a final opportunity to coordinate the filing of the JPSR; and (c) failing that, the Government will file defendant's preliminary status report.

Based upon the above, for good cause shown, it is respectfully requested that defendant's motion for leave to file this out of time motion requesting a 28-day extension of time, to and including June 10, 20005, to file the JPSR be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Assistant Director

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street NW
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530

May 20, 2005

Attorneys for Defendant