# In the United States Court of Federal Claims

No. 04-1731 C
(Filed: June 20, 2005)

| | |
|---|---|
| ********************************* | |
| **ARMOUR OF AMERICA,** | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| **THE UNITED STATES,** | * |
| | * |
| Defendant. | * |
| | * |
| ********************************* | |

## ORDER

The Court hereby ORDERS that the preliminary status conference scheduled for today at 2:00 pm Eastern Time (ET) is CANCELED due to the failure of Plaintiff's counsel to appear. The preliminary status conference is rescheduled for **July 22, 2005**, at 3:00 pm ET. All parties shall appear by telephone. The conference will be held off the record unless a party requests otherwise at least five business days before the conference. Counsel shall call the judicial assistant to Chief Judge Damich, Ms. Shirley Scott, at 202-357-6483, one day before the conference to provide the number where he or she can be reached.

On or before **July 15, 2005**, the parties shall re-submit their Joint Preliminary Status Report (JPSR). In addition to providing the information required by the Court's Special Procedures Order (SPO) ¶ 6 and Appendix A of the Rules of the United States of Federal Claims, the parties shall also comply with SPO ¶ 7, which requires submittal of the pertinent portions of any relevant documents, including the contract at issue, as an appendix to the JPSR. The parties shall also (1) make every effort to provide clarity to the JPSR and pleadings (with a focus on counsel working together), and (2) answer the following questions:

**a.** **Defendant** – You allege that the Court may lack jurisdiction over Plaintiff's damages claims because Plaintiff has not submitted a "termination for convenience settlement proposal." However, you also have agreed with

Plaintiff that dispositive motions are "unlikely" to be filed. Why would you refrain from filing a motion to dismiss if you believe that jurisdiction is lacking?

b. **Both** – Provide the ballistic specification that was included in the actual contract (not just the Request for Proposal (RFP)).

c. **Both** – Explain the differences in opinion regarding the date on which performance was due. Was an accelerated schedule ever provided for in the contract or in an amendment?

d. **Defendant** – On page 10 of the JPSR, you allege that the value of the contract at issue was around $4 million, but at paragraph 42 of your answer, you admit Plaintiff's allegation that the contract value was around $6 million. Please explain this discrepancy.

e. **Plaintiff** – Please explain paragraph 73 of your complaint. Does this paragraph argue that your bid on the RFP was conforming or nonconforming?

f. **Plaintiff** – Explain the basis for your allegation in paragraph 44 of the complaint that Defendant made inconsistent specifications.

s/Edward J. Damich
Edward J. Damich
Chief Judge