IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ARMOUR OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 04-1731C<br>(Chief Judge Edward J. Damich) |

DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), the United States respectfully requests that the Court dismiss counts one and two of the complaint for lack of subject matter jurisdiction. In addition, pursuant to RCFC 12(b)(6), the United States respectfully requests that the Court dismiss count three of the complaint for failure to state a claim upon which relief may be granted. In support of this motion, we rely upon the complaint and the following brief.

STATEMENT OF THE ISSUES

1. Whether this Court possesses jurisdiction over plaintiff's complaint to the extent it seeks damages based upon allegations that the Government breached the contract where AOA failed to file a claim with the contracting officer seeking such damages.

2. Whether plaintiff's allegation that the Government accepted its non-conforming bid fails to state a claim upon which relief may be granted.

STATEMENT OF THE CASE

I. Nature of the Case

This case arises out of the termination for default of a contract awarded to Armour of America ("AOA") for the design, testing, and fabrication of light weight armor for the United

States Marine Corps' CH-46E helicopter.

II. Statement of Facts

On June 10, 2004, AOA was awarded a contract by the Navy for the design, testing, and fabrication of a Light Weight Armor Replacement System ("LWARS") for the CH-46E helicopter. Complaint ("Comp.") ¶ 1, 2, 42.

On July 30, 2004, the contracting officer ("CO") issued AOA a cure notice based upon her determination that AOA had failed to make progress so as to endanger performance of the contract. Compl. ¶ 53. The CO allowed AOA until August 25, 2004, to cure its deficiencies. Id.

On August 26, 2004, the CO terminated AOA's contract for default. Comp. ¶ 5, 57.

On September 10, 2004, AOA sent a letter to the CO requesting that the CO reconsider her termination decision. Comp. ¶ 6, 61.

On September 17, 2004, the CO denied AOA's request for reconsideration and refused to convert the termination for default into a termination for convenience. Compl. ¶ 7.

On December 3, 2004, AOA commenced this action in the United States Court of Federal Claims. The complaint contains four counts. In count one of the complaint, AOA alleges that the Government breached the contract by including defective specifications in the contract, thereby damaging AOA in the amount of approximately $2,200,000. ¶ 67. In count two of the complaint, AOA alleges that the Government breached the contract by abusing its discretion in terminating AOA for default, thereby damaging AOA in the approximate amount of $2,200,000. In count three of the complaint, AOA alleges that the Government accepted AOA's non-conforming bid, thereby damaging AOA in the approximate amount of $2,200,000. In count four of the complaint, AOA alleges that the termination for default should be converted to a

termination for convenience, and that the termination for default damaged AOA in the approximate amount of $2,200,000.[1]

AOA does not allege in its complaint that it submitted its breach of contract claims to the contacting officer.

SUMMARY OF THE ARGUMENT

This Court is without jurisdiction to decide AOA's claims that the Government breached the contract that is the subject matter of this dispute becasue such claims were not first submitted to the contracting officer. In addition, AOA's allegation that the Government accepted its non-conforming bid fails to state a claim upon which relief may be granted.

ARGUMENT

I. Standard of Review

A. Standard of Review For Dismissal for Lack of Subject Matter Jurisdiction

Plaintiff bears the burden of establishing jurisdiction. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Innovair Aviation, Ltd. v. United States, 58 Fed. Cl. 560, 561 (2003) (citing Alder Terrace Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir. 1998). "Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that

[1] To the extent that count four seeks only to have the termination for default converted to a termination for convenience, this Court possess jurisdiction to entertain that count. See 28 U.S.C. § 1491(a)(2)(Court of Federal Claims has jurisdiction to consider non-monetary claims); Daff v. United States, 78 F.3d 1566 (Fed. Cir. 1996)(letter terminating contract for default based on failure to timely perform was valid final decision and gave court jurisdiction under CDA). However, this Court does not possess jurisdiction to entertain AOA's claim for monetary relief in connection with that count because AOA has failed to submit a claim to the contracting officer seeking a sum certain. See 41 U.S.C. § 605 (a) (1988); Advanced Materials, Inc. v. United States, 46 Fed. Cl. 697, 701 (1999)

may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)).

The United States is immune from suit unless it has specifically waived sovereign immunity. United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Sherwood, 312 U.S. 584, 586 (1941). "Waivers of the Government's sovereign immunity, to be effective, must be unequivocally expressed" and its "consent to be sued must be construed strictly in favor of the sovereign and not enlarge[d] . . . beyond what the language requires." United States v. Nordic Village, Inc., 503 U.S. 30, 33-34 (1992) (citations and internal quotation marks omitted). A waiver of sovereign immunity cannot be implied but must be "unequivocally expressed." INS v. St. Cyr, 533 U.S. 289, 299 n. 10 (2001). The Tucker Act, 28 U.S.C. § 1491, waives sovereign immunity for causes of action based upon an express or implied contract with the United States. See United States v. Testan, 424 U.S. 392, 400 (1976). A plaintiff in this Court must look beyond the jurisdictional statute, the Tucker Act, for a waiver of sovereign immunity. United States v. Mitchell, 445 U.S. 535, 538 (1980).

When deciding a motion to dismiss based upon lack of subject matter jurisdiction, this Court must assume that all facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

B. Standard of Review For Dismissal For Failure To State A Claim

An action may be dismissed pursuant to RCFC 12(b)(6) where the complaint fails to state a claim upon which relief may be granted. Dismissal for failure to state a claim is appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). "The issue is

not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Krause, 416 U.S. 232, 236 (1974). In resolving a motion to dismiss for failure to state a claim, the Court must assume the facts in the complaint are true and "indulge in all reasonable inferences in favor of the non-movant," and should not be dismissed unless it is "'beyond doubt that a plaintiff could prove no set of facts which would entitle him to relief.'" Sommers Oil. Co. v. United States, 241 F.3d 1375, 1378 (Fed. Cir. 2001) (quoting Hamlet v. United States, 873 F.2d 1414 (Fed. Cir. 1989)).

II. This Court Lacks Jurisdiction Over Breach Of Contract Claims That Were Not Submitted To The Contracting Officer

This Court does not possess jurisdiction over AOA's cause of action based upon breach of contract claims. AOA, having entered into a contract with the Government covered by the Contract Disputes Act of 1978 ("CDA"), 41 U.S.C. § 601 et seq., must allege that it met the jurisdictional prerequisite of the CDA. AOA, as a jurisdictional prerequisite to suit, was required to submit a claim to the contracting officer.[2] AOA failed to do so.[3]

Under the CDA, this Court possesses jurisdiction over causes of action based upon a valid claim submitted to the CO that has been denied, or deemed denied, by the CO. 41 U.S.C. § 605 (a) (1988). See also Advanced Materials, Inc. v. United States, 46 Fed. Cl. 697, 701 (1999)

---

[2] Although the CDA does not define what constitutes a "claim", Dawco Constr., Inc. v. United States, 930 F.2d 872, 877 (Fed. Cir. 1991), the Federal Acquisition Regulation ("FAR"), which governs the manner in which federal agencies conduct procurements, defines "claim" as "[a] written demand or written assertion by the contractor seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of the contract terms, or other such relief arising under or relating to the contract." 48 C.F.R. § 2.101.

[3] AOA does not allege in its complaint that it submitted a claim to the contracting officer.

(jurisdiction lacking over a breach of contract action not presented to the contracting officer pursuant to the CDA); Cincinnati Electronics Corporation v. United States, 32 Fed. Cl. 496, 505 (1994) (claim for breach of contract damages dismissed for lack of subject matter jurisdiction where claim was not submitted to contracting officer for final decision, ). As the court in Witherington Construction Corp. v. United States, 45 Fed.Cl. 208, 211 (1999), stated: "[T]o gain a jurisdictional foothold in this [C]ourt, a plaintiff pursuing a contract claim must satisfy two fundamental jurisdictional requirements--it must submit a claim for money presently due and must obtain a 'final decision' on that claim, either actual or deemed." In summary, in order for this Court to possess jurisdiction over the counts of the complaint alleging that the Government breached the contract with AOA, AOA must establish that it made a written demand seeking payment of money in a sum certain to the CO and that its claim was denied or deemed denied. This AOA has failed to do. Accordingly, counts one and two of AOA's complaint should be dismissed for lack of subject matter jurisdiction

III. AOA's Allegation That The Government Accepted Its Non-conforming Bid Does Not State A Cause of Action Upon Which Relief Can Be Granted And Therefore Should Be Dismissed.

AOA, in count three of its complaint, alleges that the Government accepted AOA's non-conforming bid in violation of FAR § 14.301(a). Compl. ¶ 73.

FAR § 14.301(a) provides as follows:

> To be considered for award, a bid must comply in all material respects with the invitation for bids. Such compliance enables bidders to stand on an equal footing and maintain the integrity of the sealed bidding system.

Disappointed bidders rely upon this provision to challenge a procurement decision in a

bid protest proceedings. See, e. g. Bean Dredging v. United States, 22 Cl. Ct. 519 (1991); Blount v. United States, 22 Cl. Ct. 221 (1990); Interstate Rock Products v. United States, 50 Fed. C. 349 (2001). In contrast, here, AOA was the successful bidder. AOA appears to be asserting that the Government's alleged acceptance of its "non-conforming bid" excuses it from meeting the contract specifications. Thus, count three of AOA's complaint fails to state a claim for which relief can be granted and accordingly should be dismissed.[4]

## CONCLUSION

For the foregoing reasons, we respectfully request that our motion to dismiss be granted, and that counts one and two of the complaint be dismissed for lack of subject matter jurisdiction and that count three of the complaint be dismissed for failure to state a claim upon which relief may be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Assistant Director

[4] In the alternative, to the extent that this Court finds that the allegation in count three constitutes a "claim", that count should be dismissed for lack of subject matter jurisdiction becasue AOA failed to submit a claim to the contracting officer concerning this issue.

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch, Civil Division
Department of Justice
Attn: Classification Unit, Room 8012
1100 L Street, NW
Washington, D.C. 20530
(202) 307-0252
(202) 307-0972 (Fax)

September 18, 2005

Attorneys for Defendant