**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ARMOUR OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | No. 04-1731C |
| v. | ) | (Chief Judge Edward J. Damich) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Armour of America, respectfully submits this brief in opposition to Defendant's Motion to Dismiss and requests that this Court find that it has jurisdiction to determine an improper termination for default issued by the Government, Defendant, against the Plaintiff, Armour of America, and to determine if the Defendant acted improperly and breached the contract with the Plaintiff.

**STATEMENT OF THE ISSUES**

1. Whether the Government's notice of termination of default constituted a final decision on a claim against Armour of America.

2. Whether this Court has jurisdiction to render judgment on Armour of America's request that this Court determine that Defendant has improperly terminated the contract for default; or was otherwise unlawful; and whether this Court can determine that the defendant breached the contract against plaintiff; and whether this Court has jurisdiction to render judgment on the issues of whether a termination for default should be converted into a termination for convenience under FAR § 52.249-2 (with costs to be determined in a separate claim to the contracting officer.)

3. Whether plaintiff has state a claim based on the Government's acceptance of a non-conforming bid to show that the Government both had intent to breach and did breach the contract, and improperly terminated the contract.

**STATEMENT OF THE CASE**

AOA and NAVAIR are parties to Contract No. N00019-04-C-3147, in the amount of $6,038,958.00, for the performance of for the design, test, and manufacture of a Light Weight Armour Replacement System (LWARS) for the United States Marine Corps' CH-46E tandem rotor helicopter.

On August 26, 2004, NAVAIR's Contracting Officer issued AOA a notice of termination for default on this contract and in addition is seeking reimbursement for reprocurement costs.

On September 10, 2004, pursuant to FAR 52.233-1, AOA requested that NAVAIR reconsider the termination for default, claiming that it was improper because of consistent progress with weight reduction and testing as per the contract schedule.

On September 17, 2004, NAVAIR responded and, pursuant to FAR 52.233-1, denied AOA's request to reconsider the termination for default, and further stated that it would not convert the termination for default into a termination for convenience.

The Board has jurisdiction over this matter pursuant to the Contact Disputes Act, 41 U.S.C. 601 et.seq., and 48 C.F.R. 1033.270.

**SUMMARY OF THE ARGUMENT**

This Court has jurisdiction to determine if the Defendant (Government) improperly terminated the Plaintiff's contract for default. This Court has jurisdiction to determine if the Government acted improperly and breached the contract. This Court does not have jurisdiction

at this point to award damages based on either of the above. However, Plaintiff has not asked in its Prayer for Relief for convenience termination damages or improper default damages, only in paragraph (c) for damages for breach of the contract.

It is the election of the Plaintiff to determine timing of their request for damages. For example, it might be more beneficial (and economical) to Armour of America to obtain a decision of improper default and or breach of the contract, and subsequently submit a claim to the Contracting Officer for monetary damages (after is has gained more of the facts and damage assessments through the process of these court proceedings), than to have submitted a claim prior to the filing of a complaint with this Court (one of the concerns being timeliness and the cooperation or lack thereof of the agency in making a final decision – in this instance the political atmosphere tended toward lack of cooperation). It is within the purview of the Plaintiff and Defendant to determine if they wish to settle the case in the best and timely interests of each party, prior to the time and money involved in preparing and submitting one or more claims.[1]

**ARGUMENT**

[1] This Court has jurisdiction to decide Armour of America's complaint that the Defendant, Government, breached the contract, and/or improperly terminated the contract without any requirement that it first be submitted to the contracting officer. The claim need only be submitted if the Plaintiff wants monetary damages to be decided by this court. The Plaintiff has the election to first ask the Court to decide fault, and then if granted, to subsequently present a claim to the contracting officer. In this instance, plaintiff elected to ask for the Court's decision prior to submittal of a claim based on the circumstances involving the termination and the refusal of the contracting officer to even discuss the termination for default despite numerous attempts by the plaintiff. Based on discussions between counsel in attempts to settle this matter prior to any claim being submitted to the contracting officer, both parties agreed to two stays of proceedings (one 30 day and one 60 day) to attempt to resolve all issues involved in this matter (including usurping the need (time and costs to both parties) of submitting a claim). However, in the middle of the second 60 day stay period, Government counsel acted independently and filed a motion to dismiss, thereby effectively reneging on the earlier agreements between counsel. And based on these actions of Defendant, Plaintiff counsel is now reviewing all documents supplied with the Request for Production of Documents, and will be submitting a claim based on the new information received. (When the Government elected to file a motion to dismiss, thus voluntarily terminating its request for a stay of proceedings, the Plaintiff requested that the interrogatories be answered (there were at least 3 months overdue because of the stays requested by the Government. Now that the material has been received (approximately three weeks ago), the elements of the claim can be more clearly defined for submittal to the contracting officer.)

## I. THE COURT OF FEDERAL CLAIMS HAS JURISDICTION TO RENDER A JUDGMENT ON ARMOUR OF AMERICA'S CHALLENGE TO THE GOVERNMENT'S TERMINATION FOR DEFAULT.

The Government's notice of termination of default constituted a final decision on a claim against Armour of America. Armour of America, in its complaint and prayer for relief, requested that the Court determine that the Government's final decision to terminate Amour of America's contract for default was unlawful.[2]

Armour of America agrees that a request for money damages based on convenience termination calculations cannot be granted in this proceeding without a denial of that claim for convenience damages to the contracting officer, however, Plaintiff only asked for damages concerning breach in paragraph (c) of the its' prayer for relief in the complaint (and not damages for improper termination nor convenience damages). The issue before the Court is whether it has jurisdiction to hear the claims requesting a decision on improper termination and improper actions resulting in Government breach of the contract.

The Contract Disputes Act requires a final decision by a contracting officer on a claim as a prerequisite to jurisdiction. See 41 U.S.C. § 605(a) (2005);[3] 41 U.S.C. 609(a)(3) (2005). It is well established that a contracting officer's issuance of a default termination is a government claim against a contractor. See Deponte Investments, Inc. v. United States, 54 Fed. Cl. 112, 116 (2000) (citing Malone v. United States, 849 F.2d 1441, 1443 (Fed. Cir. 1988); Lisbon

[2] Armour of America is requesting a ruling that the ***termination for default*** of Armour of America's contract was improper, an abuse of discretion and a breach of its contract based on defective specifications and acceptance of a non-conforming bid (showing no meeting of the minds and the Government's intent to breach the contract), and a subsequent request that this Court convert an improper termination for default into a termination for convenience under FAR §52.249-2.

[3] "All claims by the government against a contractor relating to a contract shall be the subject of a decision by the contracting officer."

Contractors, Inc. v. United States, 828 F.2d 759, 764-65 (Fed. Cir. 1987); Z.A.N. Co. v. United States, 6 Cl. Ct. 298, 305-06 (1984).

The contracting officer's letter notifying Armour of America that its contract with the Government was being terminated for default was a final decision. Furthermore, the contracting officer's decision to terminate Armour of America for default constitutes a Government claim against the contractor. The prerequisite requirements of §§ 605 and 609 have been met. The contracting officer issued a *final decision* on the default termination *claim* against Armour of America.

Prior to the 1992 amending of 28 U.S.C. § 1491, the Court of Federal Claims lacked jurisdiction to hear contractor requests for declaratory relief that a default termination was unlawful if not accompanied by a monetary claim. See The Sharman Co., Inc. v. United States, 2 F.3d 1564, 1572 (Fed. Cir. 1993). However, section 1491(a)(2) now specifically grants the Court of Federal Claims jurisdiction to hear such claims. Id. Section 1491(a)(2) grants the Court jurisdiction to render judgment on "dispute[s] concerning *termination of a contract*, rights in tangible or intangible property, compliance with cost accounting standards, and *other nonmonetary* disputes on which a decision of the contracting officer has been issued under section 6 of the Act." (emphasis added) Id.

This Court has jurisdiction to render a judgment on Armour of America's request for a decision that the Government's default termination of its contract was wrongful. This Court is granted jurisdiction to decide disputes concerning terminations of a contract even where there is no monetary demand by § 1491(a)(2). Furthermore, the prerequisites of §§ 605 and 609 have been met because the Contracting Officer has issued a final decision regarding its default termination claim against Armour of America. These cited statutes and cases put "beyond

debate" the question of whether Armour of America could properly bring this present challenge to the Government's default termination in this court. See K & S Construction v. United States, 35 Fed. Cl. 270, 274 (1996) (case dismissed on other grounds).

All counts within the complaint speak to the unlawfulness of the default termination and do not represent separate claims against the Government. See Atlanta Appraisal Serv., Inc. v. United States, 54 Fed. Cl. 51, 55 (2002) (even though contractor could not raise discrimination claim it could argue discrimination regarding the lawfulness of default termination).

**A. Contractor claims for breach of contract or for improper termination for default, need not be first submitted to the contracting officer prior to the filing of a complaint.**

A contractor need not submit a claim for either improper termination or for breach to the contracting officer prior to filing a Complaint with this Court. The case law is unclear and there is precedent on both sides of whether the Court of Federal Claims has jurisdiction to award breach damages without recourse to first submitting a claim to the contracting officer for damages. However, in either circumstance, no claim need be submitted to the contracting officer unless the Plaintiff wishes to have this Court decide both fault and damages at the same time.

**II. PLAINTIFF HAS STATED A CLAIM FOR BREACH OF CONTRACT AND IMPROPER TERMINATION FOR DEFAULT BASED ON ACCEPTANCE OF A NON-C0NFORMING BID.**

Defendant has presupposed that no facts exist to support a claim of the Government accepting a non-conforming bid. Defendant has made its argument on an improper standard utilized in a bid protest. This is not a bid protest matter and the Plaintiff is not debating the bidding process or any elements of a disappointed bidder. The elements of intent and actions by

the Government are all facts alleged in their improper termination for default and acts, omissions and intent causing breach of the contract. The Defendant is asserting opinions and attempting to color them as legal arguments on facts that cannot be established or have not been alleged. The element of acceptance of a non-conforming bid is one further element combined in the actions of the Government acting improperly in terminating the contract for default.

## CONCLUSION

Plaintiff respectfully requests that the Defendant's Motion to Dismiss be denied in whole or in part only relating to the damage request for breach of contract damages in paragraph (c) of the Complaint Prayer for Relief.

There are no damage requests in the Complaint for improper default or convenience damages. This Court has jurisdiction to determine if there was an improper termination for default and if the Government breached the contract.

Plaintiff acknowledges that a request for monetary damages concerning damages for a termination for default or a termination for convenience cannot be determined by the Court unless a prior claim had been submitted to the contracting officer. However, plaintiff does not ask for monetary damages on those issues, only for damages for breach which at most would eliminate Plaintiff's Prayer for Relief paragraph (c).

**WHEREFORE**, Plaintiff requests that this court deem that it has jurisdiction:

- to determine that the Government improperly defaulted the contract;

- and to determine actions and omissions of the Government thus causing breach of contract;

- and that paragraph (c) of the Prayer for Relief only is a request for damages concerning breach,

- and that the element of the Government accepting a non-conforming bid are elements of the entire breach and improper termination showing intent of the Government incident to their improper default,

- and that it has jurisdiction to convert an improper termination for default into a termination for convenience,

- and that such decisions can be determined prior to a claim for monetary damages presented in a separate claim to the contracting officer.

Dated: November 21, 2005

Respectfully submitted,

s/ Cynthia Malyszek
Malyszek & Malyszek
2029 Century Park East
Suite 1400
Los Angeles, CA 90067
310-772-2266
F: 310-772-2265

Counsel for Plaintiff