IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ARMOUR OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-1731C |
| v. | ) | (Chief Judge Edward J. Damich) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 5.2(a)(3) of the Rules of the United States Court of Federal Claims ("RCFC"), the United States respectfully files this reply to the opposition filed by Armour of America ("AOA") to our motion to dismiss.

Pursuant to RCFC 12(b)(1), we moved to dismiss counts one and two of AOA's complaint, both of which allege that the Government breached the contract that is the subject matter of this dispute, for lack of subject matter jurisdiction. AOA's opposition to our motion is wholly lacking in merit.

As set forth in our motion, the first issue before this Court is whether this Court possesses jurisdiction over AOA's complaint to the extent it seeks damages based upon allegations that the Government breached the contract where AOA failed to file a claim with the contracting officer seeking such damages. The issue is not whether this Court possesses jurisdiction to entertain AOA's claim that the termination for default be converted to a termination for convenience.[1] There is no dispute that it does. AOA, however, while not the moving party, sets forth the first

[1] This case arises out of the termination for default of a contract awarded to AOA for the design, testing, and fabrication of light weight armor for the United States Marine Corps' CH-46E helicopter.

issue before the Court as follows: "whether the Government's notice of termination of default constituted a final decision on a claim against Armour." Plaintiff's Brief In Opposition To Defendant's Motion to Dismiss (Pl.'s Opp.") at 1. The Government did not argue in its motion to dismiss that AOA was required to file a certified claim with respect to the termination for default. On the contrary, the Government has acknowledged that this Court possesses jurisdiction over the complaint insofar as Armour seeks to have the termination for default converted to a termination for convenience.

AOA frames what it considers the second issues as whether this Court possesses jurisdiction to entertain its claim that the termination for default should be converted into a termination for convenience (the same issue AOA set out as the first issue), and whether this Court possesses jurisdiction over its breach of contract claim. Id. There is, as previously stated, no issue as to whether this Court possesses jurisdiction to entertain AOA's termination for default claim. With respect to the breach of contract claim, AOA attempts to respond to our argument that AOA must allege and prove that it has met the jurisdictional prerequisite of the CDA (that is proving that AOA filed a certified claim with the contracting officer),[2] by baldly stating that the "case law is unclear and there is precedent on both sides of whether the Court of Federal Claims has jurisdiction to award breach damages without first recourse to first submitting a claim to the contracting officer for damages. Pl.'s Opp. at 6. No authority

[2] It is clear beyond cavil that this Court does not possess jurisdiction over AOA's cause of action based upon breach of contract claims. AOA, having entered into a contract with the Government covered by the Contract Disputes Act of 1978 ("CDA"), 41 U.S.C. § 601 et seq., AOA, as a jurisdictional prerequisite to suit, was required to submit a claim to the contracting officer. AOA failed to do so. 41 U.S.C. § 605 (a) (1988). See also Advanced Materials, Inc. v. United States, 46 Fed. Cl. 697, 701 (1999) (jurisdiction lacking over a breach of contract action not presented to the contracting officer pursuant to the CDA);

whatsoever was provided by AOA in support of that assertion.

We also moved pursuant to RCFC 12(b)(6), to dismiss count three of the complaint for failure to state a claim upon which relief may be granted based on our contention that AOA's allegation that the Government accepted its non-conforming bid fails to state a claim upon which relief may be granted. AOA in its opposition again baldly states that the Government is wrong but provides absolutely no support for its position. Pl.'s Opp. at 6-7. AOA in its complaint alleges that the Government breached the contract by accepting its non-conforming bid in violation of FAR § 14.301(a)[3]. Compl. ¶ 73. In its opposition AOA acknowledges that it is not a disappointed bidder but does not explain how, if it is not a disappointed bidder, FAR § 14.301(a) is applicable to this case. Since AOA has no standing to assert that the Government breached the provisions of FAR § 14.301(a), count three of its complaint should be dismissed for failure to state a claim upon which relief can be granted.

<u>CONCLUSION</u>

For the foregoing reasons, we respectfully request that our motion to dismiss be granted, and that counts one and two of the complaint be dismissed for lack of subject matter jurisdiction

---

[3] FAR § 14.301(a) provides as follows:

> To be considered for award, a bid must comply in all material respects with the invitation for bids. Such compliance enables bidders to stand on an equal footing and maintain the integrity of the sealed bidding system.

Disappointed bidders rely upon this provision to challenge a procurement decision in a bid protest proceedings. <u>See, e. g</u>. <u>Bean Dredging v. United States</u>, 22 Cl. Ct. 519 (1991).

and that count three of the complaint be dismissed for failure to state a claim upon which relief may be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Assistant Director

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch, Civil Division
Department of Justice
Attn: Classification Unit, Room 8012
1100 L Street, NW
Washington, D.C. 20530
(202) 307-0252
(202) 307-0972 (Fax)

November 29, 2005

Attorneys for Defendant