# UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ARMOUR OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES<br><br>Defendants.<br><br>and<br><br>ARMORWORKS, LLC<br><br>Intervenor | ) | No. 04-1731C<br>(Chief Judge Edward J. Damich) |

## MOTION TO INTERVENE BY ARMORWORKS, LLC

Pursuant to Rules of the Court of Federal Claims ("RCFC") 5 and 24, ArmorWorks, LLC ("ArmorWorks"), by undersigned counsel, hereby moves this Court to grant ArmorWorks permission to intervene in the above captioned action as a matter of right.

As discussed more fully in the accompanying Memorandum of Points and Authorities, the United States (the "Government" or "Defendant") informed ArmorWorks by letter dated January 13, 2006 (and received by ArmorWorks on January 16, 2006) that the Government inadvertently released certain proprietary information of ArmorWorks to Plaintiff Armour of America ("AOA" or "Plaintiff"), a direct competitor, during the course of discovery in this litigation. ArmorWorks believes that this improper release of information was a violation or potential violation of 18 U.S.C. § 1905, the Procurement Integrity Act, the Trade Secrets Act, the Privacy Act, and federal procurement regulations, among other things, and could cause Armorworks substantial competitive and economic harm.

ArmorWorks has not been a party to this proceeding and had no notice that its proprietary information would be at risk of disclosure until ArmorWorks received the January 13, 2006 letter from the Government. Because the resolution of this discovery issue may, as a practical matter, impair or impede ArmorWorks' ability to protect its proprietary information, and because ArmorWorks' interest in this matter is not adequately represented by the existing parties, the Court should allow ArmorWorks to intervene so that it has a full and fair opportunity to protect its proprietary information. The relief ArmorWorks seeks includes, but is not limited to, (1) the right to file its own motion for a protective order or an amendment to any protective order proposed by the Government or AOA; (2) the right to participate in discovery as an intermediary to prevent further release of ArmorWorks' proprietary information; (3) any additional relief appropriate to prevent future improper disclosures during this litigation; and (4) relief appropriate to address the disclosures that have already been made.

Counsel for ArmorWorks conferred with Counsel for the Government and Counsel for AOA on January 17, 2006. Counsel for the Government has stated she does not oppose this motion. Counsel for AOA originally stated they did not oppose this motion. (See Letter dated January 17, 2006 from Yukins and Craig to Ohta, Malyszek, and Jarvis, Ex. 2.) Counsel for AOA has since changed position and informed Counsel for ArmorWorks by email dated January 18, 2006 that they will now oppose this motion.

WHEREFORE, ArmorWorks respectfully request that the Court grant its motion to intervene in this action.[1]

---

[1] RCFC 24(c) requires that a motion to intervene shall be accompanied by a pleading setting forth the claim or defense for which for which intervention is sought. In this case, however, ArmorWorks seeks intervention with respect to an issue raised by pretrial discovery and not by a claim or defense set forth in a pleading as defined by RCFC 7(a). Accordingly, there is no such pleading attached to this motion.

Dated: January 23, 2006

Respectfully submitted,

HOLLAND & KNIGHT LLP

s/Steven D. Gordon

Steven D. Gordon
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, D.C. 20006
(202) 955-3000 – phone
(202) 955-5564 – fax

Counsel for Intervenor ArmorWorks, LLC

Of Counsel

David J. Craig
HOLLAND & KNIGHT LLP
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, D.C. 20006
(202) 955-3000 – phone
(202) 955-5564 – fax