# UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ARMOUR OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES<br><br>Defendants.<br><br>and<br><br>ARMORWORKS, LLC<br><br>Intervenor | ) | No. 04-1731C<br>(Chief Judge Edward J. Damich) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE BY ARMORWORKS, LLC

ArmorWorks, LLC submits this Memorandum of Points and Authorities in Support of its Motion to Intervene.

## I. BRIEF STATEMENT OF FACTS

ArmorWorks, LLC ("ArmorWorks") is an Arizona company that specializes in producing high-tech armor systems. Armour of America ("Plaintiff" or "AOA") is a competitor of ArmorWorks that also produces armor products. AOA and the United States ("Defendant" or the "Government") entered into a contract for the procurement of certain armor products. The Government subsequently terminated AOA for default and re-procured the products from ArmorWorks. As a necessary part of its proposal to the Government, Armorworks provided the Government with substantial amounts of proprietary information. AOA later filed the instant lawsuit against the Government challenging the default termination. In the course of discovery, during approximately September or October 2005, the Government produced to AOA a substantial number of documents containing Armorworks' proprietary information.

By letter dated January 13, 2006 (and received by ArmorWorks on January 16, 2006), the Government informed ArmorWorks that the Government "inadvertently released documents that were marked ArmorWorks 'proprietary' to counsel for Armor of America . . . prior to the entry of a protective order." (See Letter dated January 13, 2006 from Ohta to Perciballi, Ex. 1.) The Government stated that it was in the process of working with AOA to obtain a protective order from the Court regarding the ArmorWorks proprietary information.

ArmorWorks' proprietary information that the Government released to AOA is the product of substantial and costly independent research and development efforts. The disclosure of this proprietary information to one of ArmorWorks' competitors could cause substantial competitive and economic harm to ArmorWorks.

ArmorWorks has not been a party to this proceeding and had no notice that its proprietary information would be at risk of disclosure until ArmorWorks received the January 13, 2006 letter from the Government. ArmorWorks promptly retained undersigned counsel to take appropriate action to protect ArmorWorks' proprietary information. On January 17, 2006, Counsel for ArmorWorks spoke with counsel for AOA and counsel for the Government concerning this matter, and then sent a letter to all parties memorializing ArmorWorks' concerns and desired actions to address the problem. (See Letter dated January 17, 2006 from Yukins and Craig to Ohta, Malyszek, and Jarvis, Ex. 2.) During this conversation, Counsel for AOA agreed to return all known ArmorWorks documents in its possession to the Government, pending the Court's issuance of a protective order. The protective order proposed by the Government and AOA, however, would call for the *Government* to determine which ArmorWorks documents are not proprietary and then produce the remaining documents to AOA. ArmorWorks believes that without ArmorWorks' intervention and involvement in the discovery process, the Government's

second production of the ArmorWorks documents, plus any future production of additional documents may, as a practical matter, impair or impede ArmorWorks' ability to protect its proprietary information.

## II. ARGUMENT

### A. ArmorWorks Is Entitled to Intervene as a Matter of Right.

The Rules of the Court of Federal Claims ("RCFC") provide that an applicant may intervene as a matter of right if (1) it claims an interest relating to the subject matter of the action; (2) disposition of the action may practically impair or impede its ability to protect that interest; and (3) the existing parties do not adequately represent its interests. RCFC 24(a)(2); see also 6 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 24.03[1][a] (3d ed. 2005). The application to intervene must also be timely. American Renovation and Constr. Co. v. United States, 65 Fed. Cl. 254, 258 (2005).[1]

The right of a third party such as ArmorWorks to intervene with respect to discovery issues that affect its interests is well established. Courts have permitted a third party to intervene in an action to protect its trade secrets and confidential information from production in discovery. See, e.g., Public Citizen Health Research Group v. Food and Drug Admin., 964 F.Supp. 413 (D.D.C. 1997) (drug manufacturer intervened to join the FDA in resisting production of its confidential materials submitted in drug approval application); Monovis, Inc. v. Aquino, No. CIV-89-316E, 1991 WL 30034, at *1 (W.D.N.Y. March 4, 1991) (third party intervened to protect its trade secrets from production in discovery); cf. NASDAQ Market-

---

[1] In determining whether intervention is proper, the Court "must accept the applicant's well pleaded allegations as true, making no determination as to the merits of the issues in dispute." Sackman v. Liggett Group, Inc., 167 F.R.D. 6, 20 (E.D.N.Y. 1996); see also American Renovation, 65 Fed. Cl. at 258.

Makers Antitrust Litigation, 164 F.R.D. 346, 351 (S.D.N.Y. 1996) (third party intervened for limited purpose of making additional motions regarding protective order).

In this case, ArmorWorks plainly satisfies all of the requirements of Rule 24(a) and so is entitled to intervene as of right in this action.

**1. ArmorWorks Has a Property Interest in Protecting its Proprietary Information.**

The proprietary information at issue here constitutes trade secrets that belong to ArmorWorks, and not to any of the parties in this litigation. ArmorWorks' interest in protecting its trade secrets gives it the requisite standing to intervene in this action. Third parties have a property interest in protecting their trade secret and other confidential research, development, or commercial information sufficient to justify intervention as of right to prevent their disclosure in litigation. See Formulabs, Inc. v. Hartley Pen Co., 275 F.2d 52, 56 (9th Cir. 1960).

**2. Continued Discovery without ArmorWorks' Intervention May Practically Impair or Impede ArmorWorks' Ability To Protect its Interest in its Proprietary Information.**

Continued discovery without ArmorWorks' intervention may as a practical matter impair or impede ArmorWorks' ability to protect its proprietary information from further disclosure and to safeguard itself from competitive injury. The situation in this case is similar to that presented in United States v. AT&T, 642 F.2d 1285 (D.C. Cir. 1980), where the defendant sought discovery from the Government of certain privileged information belonging to a third party. The D.C. Circuit ruled that the third party should be permitted to intervene in order to avoid "the obvious injustice of having [its] claim erased or impaired by the court's adjudication without ever being heard." Id. at 1292 (quoting Cascade Natural Gas Corp. v. El Paso Natural Gas Co., 386 U.S. 129, 145 (1967) (Stewart, J., dissenting)).

The same analysis is equally applicable here. It would be fundamentally unfair and violate due process to require the production of documents that may include ArmorWorks' proprietary information without allowing ArmorWorks an opportunity to be heard.

**3. ArmorWorks' Interests Are Not Adequately Represented by the Existing Parties.**

Rule 24(a) requires that an intervenor make a "minimal" threshold showing that the existing parties may not adequately represent its interest. Trbovich v. United Mine Workers, 404 U.S. 528, 538 n.10 (1972); see also American Renovation, 65 Fed. Cl. at 264. Thereafter, "the burden is on those opposing intervention to show that representation for the absentee will be adequate." AT&T, 642 F.2d at 1293. Intervention should be allowed if "there is a serious possibility that the (absentee's) interest may not be adequately represented by any existing party." Id.

In this case, the Government cannot and does not adequately represent ArmorWorks' interest in protecting its proprietary information. The reasons for this are straightforward. First, the Government necessarily is more focused on the overall progress and outcome of this lawsuit than on the outcome of this particular discovery issue. This fact is evidenced by the Government's initial improper disclosure that caused ArmorWorks to seek intervention. ArmorWorks, in contrast, is entirely focused on protecting its proprietary information, regardless of the impact on the ultimate outcome of this litigation. See AT&T, 642 F.2d at 1293 (third party entitled to intervene because it had more incentive to appeal discovery issue than did the Government, which was concerned about the overall progress of the litigation); see also Sackman, 167 F.R.D. at 22 (tobacco research organization permitted to intervene because the organization was "more focused on the repercussions of [a decision to permit discovery of information] as opposed to the outcome of [the] lawsuit in general."). Indeed, the Government

agrees that ArmorWorks should be allowed to intervene in order to represent its unique interests with respect to the protection of its proprietary information.

AOA, as a direct competitor, has no incentive to protect ArmorWorks' proprietary information. The instant lawsuit relates to the Government's default termination of AOA for which ArmorWorks is the replacement contractor. Indeed, AOA protested the Government's award of the contract to ArmorWorks. This recent protest and historical competition between the companies demonstrates a clear adversity of interests, particularly with regard to ArmorWorks' proprietary information. See American Renovation, 65 Fed. Cl. at 264 (past relationship between intervenor and plaintiff, including three lawsuits, demonstrated adversity of interest between parties).

**4. ArmorWorks' Motion is Timely.**

ArmorWorks did not learn that the Government had disclosed its proprietary information to AOA until after ArmorWorks received the Government's letter on January 16, 2006. At that time, ArmorWorks promptly retained counsel and filed this motion one week later. This motion is therefore timely.

## IV. CONCLUSION

For the reasons stated above, ArmorWorks requests that this Court grant ArmorWorks' Motion, and permit ArmorWorks to intervene in this matter for the limited purpose of protecting its proprietary information and assisting in the production of non-proprietary information.

Dated: January 23, 2006

Respectfully submitted,

HOLLAND & KNIGHT LLP

s/Steven D. Gordon

Steven D. Gordon
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, D.C. 20006
(202) 955-3000 – phone
(202) 955-5564 – fax

Counsel for Intervenor ArmorWorks, LLC

Of Counsel

David J. Craig
HOLLAND & KNIGHT LLP
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, D.C. 20006
(202) 955-3000 – phone
(202) 955-5564 – fax

# 3525561_v1

# EXHIBIT 1

U. S. Department of Justice

Civil Division

BGS:LCOhta:lco
DJ#: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

202-307-0252

Washington, D.C. 20530

VIA FEDERAL EXPRESS
(480) 517-1150

January 13, 2006

William Perciballi, President
ArmorWorks
7306 South Harl Avenue
Tempe, AZ 85283

Re: Release of ArmorWorks' Documents Marked "Proprietary" in connection with Armour of America v. United States, Fed. Cl. No 04-1731C

Dear Mr. Perciballi:

In connection with discovery in the above-captioned case, I inadvertently released documents that were marked ArmorWorks "proprietary" to counsel for Armour of America ("AOA") prior to the entry of a protective order. As indicated in my letter to AOA's counsel, a copy of which has been provided to you, I am working with AOA's attorney to have a Court ordered protective order entered as soon as possible. The protective order will preclude the public dissemination of the material covered by it. Only those admitted by the Court under the protective order will have access to the materials covered by the order.

Enclosed are all of the ArmorWorks documents marked "proprietary" that were inadvertently released to AOA. Please review these documents at your earliest convenience, and using brackets, mark all words, phrases, sentences, and paragraphs that you consider proprietary to ArmorWorks. If the parties agree that the information that you have indicated by brackets is proprietary, I will prepare redacted versions of the documents for use during this litigation. If the parties can not agree with your proposed redactions, I will bring the disagreement to the Court's attention in order for the Judge to resolve the matter.

I very much regret the inadvertent disclosure of these documents. Please accept my apologies. I will do every possible to resolve this matter as efficiently and expeditiously as possible. Should you have any questions, please feel free to contact me at (202) 307-0252.

Your cooperation and assistance in resolving this issue is very much appreciated.

Very truly yours,

Leslie Cayer Ohta
Trial Attorney

Encl: Documents, tabbed 1 - 21

cc:
w/o encl.
Bridget A. Jarvis, Associate Counsel.
Naval Air Systems Command (AIR-11.1)
47123 Buse Road, Bldg. 2272, Unit 353
Patuxent River, MD 20670

w/o encl.
Cynthia Malyszek, Esq.
Malyszek & Malyszek
10100 Santa Monica Blvd., Suite 800
Los Angeles, CA 90067

# EXHIBIT 2

Holland+Knight

Tel 202 955 3000
Fax 202 955 5564

Holland & Knight LLP
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, D.C. 20006
www.hklaw.com

Christopher R. Yukins
703 720 8655
christopher.yukins@hklaw.com

David J. Craig
202-419-2667
david.craig@hklaw.com

January 17, 2006

**BY FACSIMILE**

Leslie Cayer Ohta, Esq.
Trial Attorney
U.S. Department of Justice
Civil Division
Washington, D.C. 20530

Cynthia Malyszek, Esq.
Malyszek & Malyszek
10100 Santa Monica Blvd., Suite 800
Los Angeles, CA. 90067

**BY FEDERAL EXPRESS**

Bridget A. Jarvis, Esq.
Associate Counsel
Naval Air Systems Command (AIR-11.1)
47123 Buse Road, Bldg. 2272, Unit 353
Patuxent River, MD 20670

RE: *Armour of America v. United States*, Court of Federal Claims No. 04-1731C

Dear Ms. Ohta, Ms. Jarvis and Ms. Malyszek:

Per our conference call today, as you know, we represent ArmorWorks, Inc. (ArmorWorks). We understand, per Ms. Ohta's letters of January 13, 2006, that the Justice Department released certain ArmorWorks proprietary information in an ongoing litigation stemming from a default termination of Armour of America. A preliminary review shows that this release could do substantial competitive harm to ArmorWorks. To resolve this matter, the following steps must be taken:

1. ArmorWorks will intervene in the referenced action. We understand that neither party will object.

2. A narrative explanation from the Justice Department is needed, to explain how the materials were released. The Court of Federal Claims will need that explanation, should there be any litigation of this issue.

3. Affidavits or declarations from authorized representatives of Armour of America are needed, to describe which persons have reviewed the information related to ArmorWorks. Specifically, the affidavits or declarations should explain, but not necessarily be limited to:

   a. when the ArmorWorks materials were received by counsel for Armour of America;

   b. who reviewed those documents, when, and under what circumstances;

   c. whether copies were made of any ArmorWorks documents, whether notes were taken regarding those documents, and whether any documents were removed from the materials produced to Armour of America;

   d. whether any persons who reviewed ArmorWorks materials disclosed any information from those materials to any other person by any means;

   e. a description of any such disclosure, and any subsequent disclosure by any person;

   f. with regard to any person who has reviewed ArmorWorks information, the name, address, and telephone number of any such person and their relationship to Armour of America; and

   g. with regard to any release of ArmorWorks information, please explain what measures will be taken regarding the competitive harm that would otherwise be caused to Armorworks by such release.

4. All ArmorWorks-related information must be returned to the government immediately, until the Court of Federal Claims has an appropriate protective order in place. We understand that Ms. Malyszek will immediately forward all ArmorWorks-related information to the Justice Department; we understand from our conference today that those include 10 "yellow-tagged" binders, and one ArmorWorks document lodged in the Armour of America "red-tagged" documents.

As noted, we will be asking the Court to allow ArmorWorks to intervene in the pending matter, to review, *inter alia,* any of Armorworks' proprietary information before it is shared in this litigation, to forestall a similar problem in the future. Our understanding is that neither of the original parties will object to that review.

Sincerely,

HOLLAND & KNIGHT LLP

Christopher R. Yukins (of counsel)
David J. Craig

# 3517924_v1