IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ARMOUR OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-1731C |
| v. | ) | (Chief Judge Edward J. Damich) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO MOTION TO INTERVENE BY ARMORWORKS, LLC

Pursuant to Rule 7(b)(1 and 7.2(a) of the Rules of the United States Court of Federal Claims ("RCFC"), the United States respectfully files this response to the Motion to Intervene By Armorworks, LLC.

While the Government, as ArmorWorks correctly stated in its motion, does not object to the Court granting ArmorWorks motion to intervene for the limited purpose of protecting information which is potentially proprietary to ArmorWorks, the Government does object to intervention for any other purpose.[1] In addition, the Government takes issue with a number of factual and legal allegations that ArmorWorks makes in its motion.[2]

Firstly, ArmorWorks states that the Government's inadvertent release of what purports to be proprietary information constitutes a violation, or potential violation, of 18 U.S.C. § 1905, the

---

[1] To the extent that ArmorWork's motion could be construed to imply that the Government agreed with the "relief" ArmorWorks is requesting, AW Mot. at 2, the Government categorically denies that it was aware of, much less agreed to, the relief ArmorWorks now seeks. It was the Government's understanding that the only purpose of ArmorWorks seeking to intervene was "so that [ArmorWorks] has a full and fair opportunity to protect its proprietary information." Id.

[2] The Government does not believe that the disposition of these factual and legal contentions are necessary to the resolution of the pending motion.

Procurement Integrity Act, and "federal procurement regulations." Motion To Intervene By ArmorWorks, LLC ("AW Mot.") at 1. Armor Works failed to cite to any decisional or other authority for its proposition that the Procurement Integrity Act is applicable when there is no procurement at issue.

Secondly, ArmorWorks states, as part of the basis for its need to intervene, that ArmorWorks' interest in this matter is "not adequately represented" by the existing parties. AW Mot. at 2. ArmorWorks references no act of the Government, other than the fact of the inadvertent disclosure itself, that the Government will not "adequately represent" its interests.

Thirdly, ArmorWorks alleges that the Government produced to Armour of America a "substantial number" of documents containing proprietary information. Memorandum of Points and Authorities In Support Of Motion To Intervene By ArmorWorks, LLC ("AW Memo.) at 2. In fact, out of approximately 14,264 pages of documents pertaining to the ArmorWorks contract, the Government produced approximately 67 pages of documents that were specifically marked as "proprietary," that included, however, numerous duplicate copies, about 16 pages that were title pages or blank pages, and numerous pages that clearly do not contain information that could be considered "proprietary," and an additional approximately 85 pages of documents that were not specifically marked as "proprietary" but which followed a page that was marked "proprietary."

Fourthly, ArmorWorks states that the proposed protective order "would call for the Government to determine which ArmorWorks documents are not proprietary." ArmorWorks is mistaken. The proposed Stipulation and Protective Order contains the following provisions:

> 2. Government counsel shall request that ArmorWorks review the documents identified on the attached list and determine whether, in fact, those documents contain proprietary information, and if so,

to identify appropriate redactions necessary to eliminate the proprietary information.

3. Government counsel and counsel for plaintiff shall review ArmorWorks proposed redactions of those documents. If the parties agree with the appropriateness of ArmorWorks proposed redactions, the documents shall be redacted by Government counsel accordingly. If the parties do not agree with ArmorWorks proposed redactions, counsel for the parties shall attempt to resolve the differences with ArmorWorks. All differences that can not be resolved by the parties and ArmorWorks shall be brought to the attention of the Court for resolution.

Finally, the Government strongly opposes ArmorWorks request that it be permitted to participate in discovery. AW Mot. at 2. ArmorWorks, has not, and can not, cite to any authority for the proposition that it has, or should have, the right to examine internal Government documents related to either the Government's contract with Armour of America, or its contract with ArmorWorks itself, or documents generated by Armour of America in connection with the contract that is the subject matter of this dispute. As previously stated, however, the Government, has no objection to ArmorWorks being given access to the documents generated by ArmorWorks which have been provided to Armour of America for the purpose of indicating what portions of those documents contain information that ArmorWorks considers proprietary.

## CONCLUSION

For the foregoing reasons, the Government requests that ArmorWorks' motion to intervene be granted only to the extent that ArmorWorks is permitted to review the documents generated by ArmorWorks that were provided to Armour of America and determine whether, in fact, those documents contain proprietary information and, if so, to identify appropriate redactions necessary to eliminate the proprietary information, and in the event that the parties do

not agree with ArmorWorks proposed redactions, and the parties are unable to resolve the differences with ArmorWorks, to defend its position before this Court.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Assistant Director

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch, Civil Division
Department of Justice
Attn: Classification Unit, Room 8012
1100 L Street, NW
Washington, D.C. 20530
(202) 307-0252
(202) 307-0972 (Fax)

February 1, 2006

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 1st day of February, 2006, I caused to be served a copy of DEFENDANT'S RESPONSE TO MOTION TO INTERVENE BY ARMORWORKS, LLC by regular mail, addressed as follows:

Steven D. Gordon, Esq.
Holland & Knight LLP
2900 Pennsylvania Ave., N.W.
Suite 100
Washington, D.C. 20006

__________________________________

cc:

Bridget Jarvis, Associate Counsel
Naval Air Systems Command (AIR-11.1)
47123 Buse Road, Bldg. 2272, Unit 353
Patuxent River, MD 20670