IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ARMOUR OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-1731C |
| v. | ) | (Chief Judge Edward J. Damich) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

STIPULATION AND PROTECTIVE ORDER

During the course of document production in this case, the United States has inadvertently disclosed what may be proprietary information of ArmorWorks, the re-procurement contractor, which information the parties may want to use during the conduct of this litigation. A list of those documents is attached to this Stipulation and Protective Order.

This Stipulation and Protective Order shall apply to all of the documents of ArmorWorks that may contain proprietary information produced by the United States that are identified in the attached list. Accordingly, it is hereby

AGREED BETWEEN THE PARTIES AND THEIR COUNSEL, AND ORDERED BY THE COURT THAT:

1. Plaintiff's counsel shall recover all copies of the documents identified in the attached list of ArmorWorks documents, and all copies of the additional ArmorWorks documents contained in the ten yellow binders provided to plaintiff by the Government and return them to the Government pending the resolution of the issue regarding the alleged privileged nature of the documents or the entry of a protective order governing them.

2. Government counsel shall request that ArmorWorks review the documents

identified on the attached list and determine whether, in fact, those documents contain proprietary information, and if so, to identify appropriate redactions necessary to eliminate the proprietary information.

3. Government counsel and counsel for plaintiff shall review ArmorWorks proposed redactions of those documents. If the parties agree with the appropriateness of ArmorWorks proposed redactions, the documents shall be redacted by Government counsel accordingly. If the parties do not agree with ArmorWorks proposed redactions, counsel for the parties shall attempt to resolve the differences with ArmorWorks. All differences that can not be resolved by the parties and ArmorWorks shall be brought to the attention of the Court for resolution.

4. Once all proprietary information issues, if any, are resolved, the documents shall be marked as containing “Protected Material” and the appropriately marked documents shall be returned to plaintiff’s counsel by Government counsel, as well as the redacted version of each document.

5. The term "Protected Material," except as limited in this paragraph, shall refer to the documents in the attached list that are determined to contain proprietary information based upon the agreement of the parties and ArmorWorks or the Court if necessary. After disclosure of any "Protected Material," all copies made of that material, and all notes made therefrom, and all references made thereto, of any kind whatsoever, shall also constitute "Protected Material."

6. Protected Material shall be used by the parties solely for the purpose of conducting discovery in the above-entitled litigation. Plaintiff's disclosure of Protected Material is not permitted unless the disclosure is reasonably and in good faith calculated to aid in the preparation and litigation of this case. Protected Material shall be disclosed only to attorneys for

plaintiffs, attorneys for the United States, persons regularly employed in such attorneys' offices, and any person retained by counsel for plaintiff or defendant to assist in the preparation for trial or other proceedings in this case, including, but not limited to, outside consultants and other experts who are not regular employees of counsel and who reasonably require access to the Protected Material to perform the duties for which they have been retained, or, subject to the provisions of paragraph 5 above, other persons as reasonably necessary for the litigation of this action.

7. Each person receiving Protected Material shall maintain such Protected Material in his or her possession in a manner sufficient to protect such material against unauthorized disclosure.

8. With the exception of attorneys for plaintiffs, attorneys for the United States, and persons regularly employed in such attorneys' offices, any person to whom Protected Material is to be disclosed by any party shall first be given a copy of this Stipulation and Protective Order and advised by an attorney for that party that, pursuant to this Stipulation and Protective Order, such person may not divulge any such Protected Material to any other person not authorized to have access to such Protected Material. Additionally, the attorney disclosing the Protected Material shall ensure that all such Protected Material is returned to the attorney at the conclusion of this litigation.

9. Only documents that have been redacted in accordance with this order shall be filed with the Court. Un-redacted documents containing proprietary information shall not be filed with the Court until such time as the parties agree upon and enter into a Stipulation and

Protective Order, subject to order of the Court, governing the filing and use of such documents in Court proceedings.

10. Nothing in the foregoing provisions of this Stipulation and Protective Order shall be deemed to preclude plaintiff or the United States, upon an appropriate showing, from seeking additional protection with respect to the confidentiality of documents or other discovery material or from seeking and obtaining leave to disclose documents or other discovery material beyond the terms of this Stipulation and Protective Order.

11. Upon conclusion of this action (including appeals), all copies of documents made pursuant to the terms of this Stipulation and Protective Order, and copies of all notes, summaries, and references relating to such Protected Material, shall be returned to Government counsel within 120 days to counsel of record for defendant.

12. Plaintiff's counsel and Government counsel agree to promptly notify the Court of any breach of this Stipulation and Protective Order and to make every effort to fully remedy any breach.

ORDERED:

___________________________________
Chief Judge Edward J. Damich
United States Court of Federal Claims

Dated: February , 2006

AGREED:

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Assistant Director

s/ Cynthia Malyszek
CYNTHIA MALYSZEK, ESQ.
Malyszek & Malyszek
10100 Santa Monica Blvd.
Los Angeles, CA 90067
310-772-2266

Attorney for Plaintiff

Dated: February 2, 2006

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street NW
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
202-307-0252
202-307-0972 (Fax)

Attorneys for Defendant

Dated: February 2, 2006

**ArmorWorks, Documents Marked "Proprietary"**

| Document | Bate Range |
|---|---|
| | NAV03527 |
| | NAV04059 |
| | NAV04062 |
| | NAV04065 |
| | NAV04114-NAV04120 |
| | NAV04123-NAV04128 |
| | NAV04201-NAV04206 |
| | NAV04212-NAV04218 |
| | NAV04237-NAV04241 |
| | NAV04278-NAV04279 |
| | NAV04293-NAV04294;NAV04296-NAV02297 |
| | NAV05678-NAV05679 |
| | NAV05982-NAV05983 |
| | NAV09298-NAV09302 |
| | NAV09409-NAV09455 |
| | NAV09526 |
| | NAV1132 2-NAV11332 |
| | NAV11333-NAV11346 |
| | NAV07106-NAV07118 |
| | NAV10408-10414 |
| | NAV10497-10503 |
| | NAV07793 |