**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ARMOUR OF AMERICA,<br>Plaintiff,<br>v.<br>UNITED STATES<br>Defendants.<br>and<br>ARMORWORKS, LLC<br>Intervenor | ) | No. 04-1731C<br>(Chief Judge Edward J. Damich) |

**REPLY TO DEFENDANT'S RESPONSE TO MOTION TO INTERVENE BY ARMORWORKS, LLC**

Pursuant to Rules of the Court of Federal Claims ("RCFC") 5.2 and 7.2, ArmorWorks, LLC ("ArmorWorks"), by undersigned counsel, hereby submits this Reply to Defendant United States' (the "Government's") Response to ArmorWorks' Motion to Intervene ("Gov. Resp."). ArmorWorks has requested permission to intervene in this lawsuit for the limited purpose of protecting its proprietary information. The Government does not oppose ArmorWorks' intervention for this purpose, i.e. the "limited purpose of protecting information which is potentially proprietary to ArmorWorks." (Gov. Resp. at 1.)

The Government nonetheless suggests that it could adequately protect ArmorWorks' interests. This contention is undermined by the fact that the Government already has failed to adequately safeguard ArmorWorks' proprietary data. Furthermore, ArmorWorks and the Government disagree on what measures are necessary for ArmorWorks to protect its proprietary information. The limitations that the Government asks the Court to place on ArmorWorks' intervention will not allow ArmorWorks to properly protect its proprietary information.

# I. ARGUMENT

## A. The Government Does Not Adequately Represent ArmorWorks' Interests.

Although the Government does not explicitly argue that it will adequately protect ArmorWorks' interests, it asserts that "ArmorWorks references no act of the Government, other than the fact of the inadvertent disclosure itself, that the Government will not 'adequately represent' [ArmorWorks'] interests." (Gov. Resp. at 2.) What more is needed? The Government's careless disclosure is the sole cause of ArmorWorks' need to intervene, and if left unremedied, could cause ArmorWorks millions of dollars in competitive harm.[1]

The Government also tries to downplay the magnitude of its error by objecting to ArmorWorks' characterization of the improper disclosure as a "substantial number" of documents and asserting that "only" 67 pages (out of approximately 14,264) of ArmorWorks' documents were specifically marked proprietary. (Gov. Resp. at 2.) There is, however, no correlation between the value of a secret and the number of pages it is written on. ArmorWorks has not yet had an opportunity to view the documents in issue, but is painfully aware of the substantial economic harm that could result from the use of the information contained in even one of these documents by Armour of America ("AOA") or another competitor.

Finally, the Government's assertion that the protective order devised by it and AOA does not rely on the Government's determination of what is proprietary is incorrect. (Gov. Resp. at 2-

1 We note that ArmorWorks is continuing to assess the competitive harm caused by the Government's disclosure of ArmorWorks' proprietary information to a key competitor, Armour of America. ArmorWorks has not yet had access to the disclosed material. It is clear, however, that the proposal information on armor technology, which ArmorWorks used to gain work that Armour of America was not able to complete, is highly valuable to ArmorWorks and could cause ArmorWorks severe competitive harm in future competitions against Armour of America -- or against any other armor manufacturer with which Armour of America shares ArmorWorks' confidential information.

3.) The stipulated protective order only contemplates ArmorWorks reviewing the documents on the Government's "attached list," which appear to be limited to the ArmorWorks documents the Government has determined are proprietary. (See Stipulation and Protective Order, ¶ 1-2, filed by the Government and AOA on February 2, 2006.) ArmorWorks understandably has little faith in the Government's ability to identify and segregate ArmorWorks' proprietary information in light of its track record in this litigation.

**B. The Limitations the Government Proposes for ArmorWorks' Intervention Do Not Provide ArmorWorks a Full and Fair Opportunity to Protect its Proprietary Information.**

The Government asks the Court to limit ArmorWorks' intervention essentially to the role of an intermediary to review the documents already provided to AOA, propose redactions of proprietary information, and, if the parties do not agree with Armor Works' redactions, "defend its position before this Court." (Gov. Resp. at 4.) Although the Government's proposal covers much of the intervention ArmorWorks seeks, it is inadequate to fully and fairly protect ArmorWorks' proprietary information.

First, ArmorWorks' involvement in the Government's document production should not be limited to the documents that the Government already produced (and AOA returned), but should also include any other ArmorWorks documents that may be produced or put at issue in this litigation. ArmorWorks also should not be left to the mercy of the Government's determination of which documents are proprietary; instead, ArmorWorks should have the opportunity to review all of its documents to identify which ones it believes contain proprietary information.

Additionally, ArmorWorks seeks the right to petition the Court, if and when necessary, to protect its interests. Among other things, ArmorWorks requests the right to seek to amend the protective order devised by the Government and AOA (or propose a new protective order).[2]

As part of an amended or new protective order, ArmorWorks will seek to prohibit AOA and any of its employees from using or disclosing ArmorWorks' proprietary information. This Court has the power to grant such relief. Courts have inherent and broad power to control the discovery process and prevent abuses and injustices from arising. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 (1984). This includes the ability to prohibit the use or disclosure of any confidential information that is disclosed during the discovery process. See id.; Damiano v. Sony Music Entm't, Inc., 168 F.R.D. 485, 492-493 (D.N.J. 1996) (granting defendants' motion to modify protective order to designate all discovery material to be confidential). Injunctive relief is appropriate to prevent the future use of improperly disclosed, or misappropriated, trade secrets. See, e.g., Restatement (Third) of Unfair Competition § 44 (2005); Myers v. Williams, 819 F. Supp. 919, 921 (D. Or. 1993) (granting preliminary injunction against defendant that inadvertently received drug company's proprietary information through a FOIA request).

In addition to a new or amended protective order, ArmorWorks may need to seek additional protections from the Court if additional problems develop during the course of this lawsuit. Although ArmorWorks cannot predict what, if any, issues will arise, it should not be restricted form seeking other relief appropriate and necessary to protect its proprietary information.

---

[2] Once intervention is granted, ArmorWorks will file a motion with the Court, requesting 14 days to respond to the Joint Motion of AOA and the Government for Entry of Stipulation and Protective Order.

## II. CONCLUSION

For the foregoing reasons, ArmorWorks respectfully requests that the Court allow it to intervene in this litigation for the limited purposes identified in ArmorWorks' Motion to Intervene.

Dated: February 13, 2006

Respectfully submitted,

HOLLAND & KNIGHT LLP

/s/ ______________________

Steven D. Gordon
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, D.C. 20006
(202) 955-3000 – phone
(202) 955-5564 – fax

Counsel for Intervenor ArmorWorks, LLC

Of Counsel

David J. Craig
HOLLAND & KNIGHT LLP
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, D.C. 20006
(202) 955-3000 – phone
(202) 955-5564 – fax

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing Reply to Defendant's Response to Motion to Intervene by ArmorWorks, LLC to be served this 13th day of February 2006 electronically on:

Leslie Cayer Ohta, Esq.
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, NW
Washington, D.C. 20530

Cynthia Malyszek, Esq.
Malyszek & Malyszek
10100 Santa Monica Blvd., Suite 800
Los Angeles, CA. 90067

/s/
Steven D. Gordon

# 3579527_v1