IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ARMOUR OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-1731C |
| v. | ) | (Chief Judge Edward J. Damich) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

PLAINTIFF'S OPPOSITION TO MOTION TO INTERVENE BY ARMORWORKS, LLC

Pursuant to Rule 7(b)(1) of the Rules of the United States Court of Federal Claims ("RCF"), the Plaintiff respectfully files this opposition to the Motion to Intervene by ArmorWorks, LLC.

Plaintiff, Armour of America (hereinafter "AOA"), objects to ArmorWorks, LLC (hereinafter "ArmorWorks") motion to intervene as a "matter of right" because it does not possess an interest in the property or transaction which is the subject of this action; ArmorWorks will suffer no competitive or economic harm if not allowed to intervene; and its interests are adequately protected by the government.

## DISCUSSION

### I. ArmorWorks Does Not Possess the Requisite Interest in the Dispute

ArmorWorks is seeking to intervene in the dispute as a matter of right under RCFC 24(a).

#### A. RCFC 24(a)

RCFC 24(a) states the rule for an intervention of right:

> "Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the

> applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

ArmorWorks does not claim any, nor is there does not seem to be any, statute granting ArmorWorks an unconditional right to intervene. RCFC 24(a) indicates that ArmorWorks has to meet three requirements. Their application must be timely, they must have the requisite interest, and the disposition of the action may impede that interest. The motion is timely based on ArmorWorks filing days after discovering that arguably protected material may have been disclosed. But, the subject of the dispute before the court is AOA's default termination and ArmorWorks does not have any cognizable interest in the resolution of that dispute. There is currently no dispute regarding ArmorWorks arguably protected property since AOA has agreed to all of the government's requests regarding this information, including returning all of the documents to the Department of Justice offices and agreeing to protective orders.

Since ArmorWorks has no interest in the dispute, the secondary requirement of impairment is moot, despite that, the government is adequately protecting any interest ArmorWorks has. The government provided a list of all the documents that are even arguably proprietary and asked for the return of those documents and requested a protective order. Plaintiff has agreed to all of these actions.

B. Case Law:

In an April 2005 opinion, Judge Damich faced with an intervention motion relied on a Federal Circuit opinion to construe the text of the rule. See, *Am. Renovation and Constru. Co., v. United States*, 65 Fed. Cl. 254, 257 (2005). The Federal Circuit required the applicant have "[1] an interest relating to the property or transaction which is the subject of the a citon and [2] he is

so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, [3] unless the applicant's interest is adequately represented by existing parties." See, *Am. Mar. Transp., Inc. v. United States*, 870 F.2d 1559, 1560 (Fed.Cir. 1989).

1. Adequate Interest

The Supreme Court characterized the adequate interest requirement as requiring that applicant has an interest "relating to the property, or transaction which is the subject of the action." See *Am. Renovation and Constr.*, 65 Fed. Cl. at 259 (citing *Donaldson v. United States*, 400 U.S. 517, 531 (1971)). The *Am. Mar. Transp., Inc*. court provided more guidance indicating that the interest must be more than a mere economic interest and that intervention is proper only if the proposed intervenor's interests are "of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment." 870 F.2d at 1561.

ArmorWorks has no interest in the property or transaction which is the subject of AOA's action. AOA is appealing a default termination. There is no dispute between AOA and the government regarding ArmorWorks allegedly proprietary materials. AOA has agreed to all government requests. In *American Renovation*, the intervenor was alleging an ownership interest in a contract that the dispute was based on and Judge Damich found intervention appropriate under those circumstances.

In their motion, ArmorWorks cites three cases that, they claim, permitted third party intervention in actions to protect trade secrets and confidential information from production in

discovery. The cases are factually distinguishable or irrelevant and none of the cited cases are based on the RCFC but rather district court opinions.

1 - *Public Citizen Health Research Group v. Food and Drug Administration*, 964 F.Supp. 413 (D.D.C. 1997) is a FOIA case where the plaintiff sued the FDA in an effort to force the FDA to release information the agency had already determined was protected. The only issue in the dispute was the release of the intervenor's confidential or proprietary information. The peculiar circumstances of FOIA and reverse-FOIA litigation bear no relationship to the dispute between AOA and the government currently before the court.

2 – *Monovis, Inc. v. Aquino*, 1991 WL 3004 (W.D.N.Y. 1991) is wholly irrelevant. The issue of intervention is not even before the court. There happens to be an intervenor in the case but the decision does not discuss the intervention beyond mentioning it. We can only guess as to how or why the intervenor was allowed to intervene, however, the facts before the Monovis court indicate that the dispute was about the alleged release of trade secretes by the defendant. The Monovis trial dispute centered on confidential or proprietary information the intervenor apparently sought to protect, unlike the dispute between AOA and the government.

3 – In the NASDAQ case, the Los Angeles Times sought to intervene in order to modify protective orders so that it may have access to certain information regarding the underlying litigation. See *In re NASDAQ Market-Makers Antitrust Litigation*, 164 F.R.D. 346 (S.D.N.Y. 1996). The NASDAQ case, like the rest of ArmorWorks' cited cases, does not interpret the RCFC. The curt determined that the Los Angeles Times articulated an "interest relating to this action" because, as a newspaper, the Los Angeles Times had a special interest in reporting on the "details of the action and the facts and allegations which underlie it." So while the Los Angeles

Times was allowed to intervene for the limited purpose of challenging protective orders that intervention was based on their interest in the underlying action, not in the documents themselves. ArmorWorks possesses no cognizable interest in the underlying dispute between AOA and the government; and, unlike the Los Angeles Times, ArmorWorks does not come before the court as a "representative of the press and general public" seeking an "opportunity to be heard on the question of their exclusion."

2. Impede or Impair Interests

ArmorWorks also must show that it is so situated that the disposition of the action may as a practical matter impair or impede its ability to protect its interest. ArmorWorks is arguing that its interest in the disclosure of its proprietary materials will harm it and therefore it should be entitled to intervene. However, the disposition of AOA's action has nothing to do with ArmorWorks' intellectual property or arguably protected material. AOA is seeking a reversal of its default termination, and perhaps damages. There is no dispute here as to ArmorWorks' proprietary information, other than the one ArmorWorks seeks to create.

The government may have accidentally disclosed arguably proprietary information. AOA is not demanding the production of these allegedly proprietary documents and is complying with all government requests to protect the documents. There is simply no dispute regarding these materials

3. Interests Adequately Protected

ArmorWorks is not entitled to intervene as a matter of right because its rights are adequately protected by the government per RCFC 24(a)(2). It is fair to say that ArmorWorks interests are currently being adequately protected. The government has produced a list of even "arguably" proprietary documents. AOA has not objected to protecting all of the documents that the government has put forward. AOA is not seeking to disclose protected material; there is no dispute between AOA and the government regarding the appropriate disposition of arguably proprietary documents through the issuance of a protective order.

Further discovery as to documentary evidence is not likely in this matter. The government does not state that it has further information relevant to this case. Plaintiff has never sought proprietary information concerning ArmorWorks, nor has the government stated it would supply such in discovery. The government is adequately protecting ArmorWorks interests. Despite what ArmorWorks states, the government is focused on the contract with ArmorWorks to supply armor for the helicopters in Iraq.

C. Policy Consideration

The Court of Federal Claims has recognized that "serious adverse practical and legal consequences also may arise from permitting a third party to intervene." Orion Scientific Systems v. United States, 28 Fed. Cl. 669 (1993).

ArmorWorks has already burdened the settlement negotiations between AOA and the government. Somehow, counselors for ArmorWorks were included on the last settlement teleconference with threats that anyone that saw any proprietary information would be debarred

from federal government contracting and threatened years of bid protests against AOA. While ArmorWorks may be frustrated with the government for accidentally releasing information, any dispute between ArmorWorks and the government is irrelevant and unnecessarily distracts from AOA's attempt to have its default termination reversed.

II. Harm to AOA

A. AOA will be most prejudiced and harmed by an intervention by ArmorWorks.

The intervention of ArmorWorks will only prejudice AOA and not aid ArmorWorks in any manner. The inclusion of ArmorWorks as a party intervenor will cause economic harm to AOA because they will have to expend more money and time in responding to a third party. Already the government has had to expend time on this new intervenor matter and not on the case at hand. This delay can only harm the matter between AOA and the government. If there is a breach of the fiduciary duty between the government and ArmorWorks in their contract at hand, then ArmorWorks remedy is against the government and not AOA.

The COFC could fully protect ArmorWorks by the protective order agreed to between the parties on behalf of ArmorWorks, but cannot protect AOA from extensive motions or actions by ArmorWorks who might find it beneficial to keep AOA involved in this matter. By the tone of the counsels for ArmorWorks during the teleconference with DOJ and AOA, there is no doubt that ArmorWorks plans on keeping AOA engaged in lengthy litigation and/or legal matters. They went so far as to threaten suspension and debarment requests by ArmorWorks to the government against AOA and its employees.

B. Not a protest

The COFC matter is between the government and AOA. It is not a protest on the existing contract of ArmorWorks. The desire to intervene could be a means of obtaining trade secret or competitor information. This is not a bid protest, ArmorWorks cannot lose its current contract, nor a subsequent bid based on the matter before the COFC with the government and AOA.

ArmorWorks falsely states that AOA is protesting the award of ArmorWorks. ArmorWorks states "(t)his recent protest and historical competition between the companies demonstrates a clear adversity of interests…," however, neglects to define or show an actual or in fact bid "protest" or "historical competition." Normal competition for contract awards does not demonstrate "a clear adversity of interests" by any means, nor adversity "particularly with regard to ArmorWorks proprietary information." ArmorWorks unsubstantiated statements do not create adversity. ArmorWorks actions during the January 17, 2006 teleconference and their subsequent letters demonstrate that ArmorWorks is attempting to create such adversity. It appears that ArmorWorks is attempting to create an issue against AOA.

AOA is not protesting the award of the reprocurement contract to ArmorWorks, it is before the COFC against the government's termination for default which does not affect the current contract between the government and ArmorWorks.

CONCLUSION

ArmorWorks has shown no valid reason to intervene and interfere with the case brought by AOA against the government for an improper termination. There is no resolution of the matter between the government and AOA that will cause any infringement of rights against

ArmorWorks, nor interfere or impede competition or trade secrets of ArmorWorks in subsequent contracts. ArmorWorks has not shown how the alleged proprietary information can cause economic hardship or invalidate competitive secrets. There is no information that was released by the government during discovery that could cause substantial competitive and economic harm to ArmorWorks.

ArmorWorks requested "involvement in the discovery process" would only muddy the waters between the government and AOA in its present case, and would cost AOA extensive time and expense.

Respectfully submitted,

s/ Cynthia Malyszek
CYNTHIA MALYSZEK, ESQ.
Malyszek & Malyszek
2029 Century Park East
Suite 1400
Los Angeles, CA 90067
310-772-2266

Attorney for Plaintiff

Dated: February 13, 2006

CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of February, 2006, I caused to be served a copy of PLAINTIFF'S OPPOSITION TO MOTION TO INTERVENE BY ARMORWORKS, LLC by regular mail, addressed as follows:

Steven D. Gordon, Esq.
Holland & Knight LLP
2900 Pennsylvania Ave., N.W.
Suite 100
Washington, D.C. 20006