# In the United States Court of Federal Claims

No. 04-1731 C
(Filed: February 14, 2006)

| | | |
|---|---|---|
| **ARMOUR OF AMERICA,** Plaintiff, v. **THE UNITED STATES,** Defendant. | * | Presentation and certification to the contracting officer; jurisdiction of default termination in the absence of monetary damage claim; failure to state a claim; FAR 14.301 |

*Cynthia Malyszek*, of Malyszek & Malyszek, Los Angeles, CA, for Plaintiff.

*Leslie Cayer Ohta*, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for Defendant, with whom were *Peter D. Keisler*, Assistant Attorney General, *David M. Cohen*, Director, and *Bryant G. Snee*, Assistant Director.

## OPINION

**DAMICH**, Chief Judge.

This case is before the Court on Defendant's Motion to Dismiss Counts I and II for Lack of Subject Matter Jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"), and Defendant's Motion to Dismiss Count III for Failure to State a Claim Upon Which Relief May be Granted pursuant to RCFC 12(b)(6). Plaintiff was awarded the contract to design, manufacture, and test armor for a U.S. Marine Corps helicopter. The primary objectives set forth in Defendant's request for proposals was that the armor would protect the helicopter from small arms fire and would be of reduced weight compared to previously available armor. Plaintiff's bid did not meet the ballistic limits set forth in the request for proposals, yet Plaintiff was awarded the contract. The contract itself specified the same ballistic limits as set forth in the request for proposals. Plaintiff did not meet those ballistic limits, and Defendant ultimately terminated the contract for default. Plaintiff seeks to recover damages for breach of contract due to defective specifications (Count I) and due to abuse of discretion in terminating the contract for default (Count II). Plaintiff also seeks to recover damages pursuant to FAR §

14.301(a) based on Defendant's acceptance of the non-conforming bid (Count III), and Plaintiff seeks damages and conversion to a termination for convenience for Defendant's improper default termination (Count IV). Defendant requests the Court to dismiss the breach of contract claims for lack of jurisdiction because they were not first presented to the contracting officer for final decision. Defendant further requests the Court to dismiss the nonconforming bid claim for failure to state a claim upon which relief can be granted because FAR § 14.301(a) does not provide a remedy for the contractor who is awarded the contract. For the reasons set forth below, Defendant's Motion to Dismiss Counts I, II, and III of the complaint is hereby GRANTED.

## I. Background

On December 23, 2003, the U.S. Naval Air Systems Command ("NAVAIR") issued Request for Proposals Number N00019-04-R-0073, for the design, manufacture, and test of a Light Weight Armour Replacement System ("LWARS") that would protect the U.S. Marine Corps' CH-46E tandem rotor helicopter from small arms fire, but would be of decreased weight as compared to armor previously used on the aircraft. Compl. ¶ 11. The Request for Proposals specified that the LWARS must be capable of at least a V50 ballistic limit of 2900 feet per second against a 0.30 caliber APM2[1] threat at 30 degree angle of obliquity and must achieve a 35% reduction in steel armor weight. *Id.* ¶ 12. Section M of the Request for Proposals stated that weight reduction was more important than the other technical evaluation factors. *Id.* ¶ 14.

Armour of America ("AOA") submitted a proposal on February 5, 2004, based on its metallic armor Grade KSP-60. *Id.* ¶¶ 15, 24. The bid met the weight reduction requirement but did not meet the ballistic requirement, and it was much less costly. *Id.* ¶¶ 17, 20, 21. In the proposal, there was a breakdown of the different ballistics that KSP-60 would be able to withstand. *Id.* ¶ 19. In response to a list of questions presented by NAVAIR on April 1, 2004, AOA reiterated the ballistic capability of KSP-60 that it had included in its proposal. *Id.* ¶¶ 32, 33. Despite the fact that AOA's bid did not meet the requirements set forth in the Request for Proposals, NAVAIR entered into a contract with AOA for $6,038,958 on June 10, 2004. *Id.* ¶¶ 4, 42. The contract specified the same ballistic requirement and weight requirement as set forth in the Request for Proposals.[2]

A month after AOA had signed the contract, Defendant at a Program Design Review informed AOA that its bid did not meet the contract specifications. *Id.* ¶¶ 45, 47; JPSR at 6. (This conclusion should have come as no surprise to either party, since both should have known that AOA's bid did not meet the requirements of the RFP when they entered into the contract!)

---

[1] APM2 is a military designation for certain armor piercing missiles.

[2] The contract stated that the LWARS "shall be capable of at least a V50 ballistic limit of 2900 feet per second against a 0.30 caliber APM2 threat at 30-degree angle of obliquity" and "shall provide, at a minimum, a 41% +/- 5 lbs. reduction in areal density over the existing metallic armor system." Joint Prelim. Stat. Rep. ("JPSR"), App. I.

*See* JPSR, App. D at 2. On July 30, 2004, Defendant issued a Cure Notice, requiring AOA to demonstrate that the LWARS met the weight and ballistic requirements set forth in the contract. *Id*. ¶¶ 53, 54. AOA was able to achieve a V50 ballistic limit of 2891, just short of the contract specifications, on August 20, 2004; however, Defendant issued a notice of termination for default on August 26, 2004. *Id*. ¶ 57. Thereafter, AOA asked the contracting officer to reconsider the termination for default and allow AOA the opportunity to complete performance under the contract. *Id*. ¶ 6; JPSR, App. R. The request from AOA did not contain a request for monetary damages for the default termination. JPSR, App. R. On September 17, 2004, the contracting officer denied the request, reaffirming Defendant's decision to terminate for default. Compl. ¶ 7; JPSR, App. S.

Plaintiff sets forth four causes of action. In Count I, Plaintiff asserts that Defendant breached the contract by issuing defective specifications, and Plaintiff requests the Court to award $ 2.2 million in damages and a termination for convenience. Compl. ¶ 67. In Count II, Plaintiff asserts that Defendant breached the contract by abusing its discretion in terminating for default, and Plaintiff requests $2.2 million in damages. *Id*. ¶¶ 70, 71. In Count III, Plaintiff alleges that Defendant's acceptance of AOA's nonconforming bid was in violation of FAR § 14.301(a), and Plaintiff requests $2.2 million in damages. *Id*. ¶¶ 73, 74. Finally, in Count IV, Plaintiff alleges that Defendant improperly terminated for default, and Plaintiff requests that the default termination be converted to a termination for convenience and that Plaintiff be awarded $2.2 million in damages. *Id*. ¶¶ 76, 77.

Defendant requests the Court to dismiss Counts I and II for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1) and Count III for failure to state a claim upon which relief may be granted pursuant to RCFC 12(b)(6).

## II. Analysis

### A. Lack of Subject Matter Jurisdiction

In considering Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, the allegations of the complaint must be construed favorably to the plaintiff. *Hamlet v. United States*, 873 F.2d 1414, 1416 (Fed. Cir. 1989); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Plaintiff, however, bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). The Tucker Act provides the Court of Federal Claims with jurisdiction over contract claims or disputes between contractors and the United States "arising under section 10(a)(1) of the Contract Disputes Act of 1978 . . . [in] which a decision of the contracting officer has been issued under section 6 of that Act." 28 U.S.C. § 1491(a)(2) (2000).[3] Under the Contract Disputes Act of 1978 ("CDA"), a

[3] Section 10(a)(1) of the Contract Disputes Act is codified at 41 U.S.C. § 609(a)(1), and section 6 is codified at 41 U.S.C. § 605.

claim must first be presented to the contracting officer for decision. 41 U.S.C. § 609(a)(1) (2002). Where the claim is for more than $100,000, the contractor must certify it before the contracting officer. *Id.* § 605(c)(1)(2000).

Defendant argues that, because Plaintiff did not first submit its breach of contract claims (Counts I and II) to the contracting officer, the Court lacks jurisdiction of the claims. Plaintiff counters that the contracting officer's final decision on its request for reconsideration of the default termination fulfilled the presentation and certification requirements of 41 U.S.C. §§ 605 and 609. This Court, however, does not have jurisdiction over a new claim or a claim of different scope that was not previously presented and certified to the contracting officer for decision. *Santa Fe Eng'r v. United States*, 818 F.2d 856, 859 (Fed. Cir. 1987). A new claim is "one that does not arise from the same set of operative facts as the claim submitted to the contracting officer." *J. Cooper & Assoc., Inc. v. United States*, 47 Fed. Cl. 280, 285 (2000) (*citing Tecom, Inc. v. United States*, 732 F.2d 935, 936-937 (Fed. Cir. 1984)).

The sole claim that Plaintiff submitted to the contracting officer was a request for reconsideration of the default termination. A claim for improper default termination is, however, distinct from other claims arising under the contract. *See*, *e.g.*, *J.C. Equip. Corp. v. England*, 360 F.3d 1311, 1318 (Fed. Cir. 2004) (holding that a claim for equitable adjustment brought before the contracting officer did not satisfy the presentation requirement for a claim for conversion of default termination to termination for convenience). Plaintiff's claim for improper default termination requires consideration of the respective fault of the Plaintiff and Defendant in termination of the contract, the costs incurred by the Plaintiff on the work completed and the profits earned therefrom. In contrast, the breach of contract claim of Count I alleges that Defendant breached the contract by issuing defective specifications, such that the drawings were in direct conflict with the description of the work in the contract. Proof of the claim rests on review and comparison of the specification and the drawings, as well as on determination of the costs and unearned profits. *See*, *e.g.*, *James M. Ellett Constr. v. United States*, 93 F.3d 1537, 1547 (Fed. Cir. 1996) (*citing Nolan Bros., Inc. v. United States*, 405 F.2d 1250 (Ct. Cl. 1969)). The breach of contract claim of Count II alleges that Defendant breached the contract by abusing its discretion in terminating the contract. Evaluation of the claim requires consideration of whether or not Defendant exercised bad faith or committed an abuse of contracting discretion in terminating the contract and the resultant damages, including unearned profits, from the breach. *See*, *e.g.*, *Krygoski Const. Co. v. United States*, 94 F.3d 1537, 1541 (Fed. Cir. 1996); *Nat'l Factors, Inc. v. United States*, 492 F.2d 1383, 1385 (Ct. Cl. 1974); *James M. Ellett Constr.*, 93 F.3d at 1547 (*citing Nolan Bros.*, 405 F.2d at 1253-54). Therefore, the breach of contract claims present different factual and legal issues and are distinct and separate claims from the claim for improper default termination. *See Advanced Materials, Inc. v. United States*, 46 Fed. Cl. 697 (2000) (holding that breach of contract claim was distinct from claim for termination for convenience, and that breach of contract claim failed for lack of final decision by the contracting officer). Plaintiff does not assert, and there is no evidence of record to indicate, that Plaintiff presented and certified a breach of contract claim on either of the two grounds to the contracting officer for final decision. Hence, Plaintiff has not satisfied the requirements of 41 U.S.C. §§ 605 and 609 for the breach of contract claims.

Plaintiff asserts that the 1992 amendment to 28 U.S.C. § 1491(a)(2) grants this Court jurisdiction to decide a dispute regarding termination of a contract where there is no monetary award. Plaintiff further contends, without citing supporting authority, that a breach of contract claim need not be presented to the contracting officer for final decision unless Plaintiff wants the Court to decide both fault and damages. The statutory provision cited by Plaintiff does in fact grant this court jurisdiction to give equitable relief for nonmonetary claims under the CDA. *Alliant Techsystems, Inc. v. United States*, 178 F.3d 1260, 1268-70 (Fed. Cir. 1999); *Garrett v. Gen. Electric Co.*, 987 F.2d 747, 750 (Fed. Cir. 1993). The Court of Federal Claims, however, only has jurisdiction to render judgment upon "nonmonetary disputes on which a decision of the contracting officer has been issued." 28 U.S.C. § 1491(a)(2). Hence, a final decision by the contracting officer is a prerequisite for both monetary and nonmonetary claims. The CDA does not define the term "claim"; however, the Federal Acquisition Regulation ("FAR") defines the term as a "written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract." 48 C.F.R. § 52.233-1(c) (2005); *Garrett v. Gen. Elec. Co.*, 987 F.2d 747, 749 (Fed. Cir. 1993); *Record Steel, Inc. v. United States*, 62 Fed. Cl. 508 (2004). The relief that Plaintiff seeks in Counts I and II is money damages for breach of contract,[4] and, therefore, Counts I and II each constitute claims for payment of money in sum certain pursuant to the FAR. The CDA is clear that "[a]ll claims by a contractor against the government relating to a contract shall be in writing and shall be submitted to the contracting officer for a decision." 41 U.S.C. § 605(a)(2000). Here, Plaintiff specifically requests a monetary damage award as relief for breach of contract, yet no such claim was ever presented and certified to the contracting officer for final decision. Therefore, this Court lacks subject matter jurisdiction of the breach of contract claims. Defendant's motion to dismiss Counts I and II is granted.

Defendant acknowledges in its motion that this Court has subject matter jurisdiction over Count IV of the complaint, wherein Plaintiff alleges that the default termination was improper and requests conversion of the default termination into a termination for convenience; however, Defendant avers that the Court lacks jurisdiction of Plaintiff's request for monetary damages in this count. Def.'s Mot at 3 n.1. Defendant's argument has merit. In the 1992 amendment to 28

---

[4] Although Plaintiff also requests conversion of the default termination to a termination for convenience in Count I, such a request for relief in conjunction with a breach of contract claim is peculiar. Damages for breach of contract are an alternative to, and exceed, termination for convenience damages, and may be granted when there is evidence that the government abused its discretion in the default termination. *See Nat'l Factors, Inc. v. United States*, 492 F.2d 1383, 1385 (Ct. Cl. 1974); *Maxima Corp. v. United States*, 847 F.2d 1549, 1552 (Fed. Cir. 1988) (noting that convenience termination damages, unlike breach of contract damages, are limited to costs incurred on the work completed, profit on that work, and the costs of preparing settlement proposal). Plaintiff has appropriately requested conversion of the default termination to a termination for convenience in conjunction with its challenge to the default termination in Count IV.

U.S.C. 1491(a)(2), Congress chose expansive, not restrictive language in defining the jurisdiction of the Court of Federal Claims over CDA disputes. *Alliant Techsystems,*178 F.3d at 1268. The purpose of the amendment is to "clarify the power of the Court of Federal Claims to hear appeals of all contracting officers' final decisions, regardless of whether the dispute involves a claim for money currently due." 138 Cong. Rec. S17799 (Oct. 8, 1992) (daily ed. statement of Sen. Heflin). The amendment expands this court's power to allow it to grant declaratory relief. *Alliant Techsystems*, 178 F.3d at 1268-1272 (upholding jurisdiction over contractor's claim requesting declaration that it was not required to perform option); *Record Steel v. United States*, 62 Fed. Cl. 508, 518-520 (2004) (finding jurisdiction over contractor's request for correction of adverse performance evaluation); *Emery Worldwide Airlines, Inc. v. United States*, 47 Fed. Cl. 461, 472-473 (2000) (finding jurisdiction to hear contractor's claim requesting determination that government has obligation to pay provisional rate pursuant to the contract). The drafters of the amendment intended it to provide "the claims court [Court of Federal Claims] with declaratory judgment jurisdiction in contract cases, which will allow the court to address default termination claims unaccompanied by a claim for money damages." 137 Cong. Rec. S 4831 (April 2, 1992) (daily ed. statement of Sen. Heflin). A claim seeking a determination on default termination unaccompanied by a claim for money damages has previously been found to be within the jurisdiction of this court. *Sharman Co., Inc. v. United States*, 2 F.3d 1564, 1572 (Fed. Cir. 1993) (finding Court of Federal Claims jurisdiction to address contractor's challenge to the default termination, seeking declaratory judgment that the government's termination was unlawful, even though it was unaccompanied by a monetary claim); *K & S Constr. v. United States*, 35 Fed. Cl. 270 (1996) (holding that, had contractor brought a timely claim to challenge the default termination, the court would have possessed jurisdiction to entertain the claim). A request for conversion of a default termination to a termination for convenience, in the absence of a request for money damages, is effectively a request for a declaratory judgment, *Scott Aviation v. United States*, 953 F.2d 1377, 1378 (Fed. Cir. 1992), and also within the jurisdiction of the Court of Federal Claims. Therefore, Plaintiff's claim requesting the Court to declare the default termination to be improper and to convert it to a termination for convenience is within the Court's jurisdiction provided it meets the other requirements under the CDA.

It is undisputed that a letter can constitute a final decision under the CDA even if it lacks the standard language usually present to protect the contractor. *Placeway Constr. Corp. v. United States*, 920 F.2d 903, 907 (Fed. Cir. 1990). Here, the contracting officer reaffirmed the default termination in a letter to Plaintiff, thereby rendering her final decision regarding the default termination. JPSR, App. S. Consequently, this Court does have jurisdiction to render judgment on the default termination and Plaintiff's claim for conversion of the default termination to a termination for convenience. Plaintiff's claim for convenience damages is, however, another matter. The only letter from Plaintiff to the contracting officer merely requests reconsideration of the default termination. JPSR, App. R. There is no evidence of record before the Court to show that Plaintiff requested monetary damages of a sum certain, and there was no final decision by the contracting officer on a claim for convenience termination monetary damages. In the absence of a final decision by the contracting officer on monetary damages, this Court lacks jurisdiction of this aspect of the claim. *Sharman Co.,* 2 F.3d 1572; *DePonte Inv., Inc. v. United States*, 54 Fed. Cl. 112, 115 (2002). Therefore, while the Court has jurisdiction of

Plaintiff's request that the Court convert the termination for default to a termination for convenience in Count IV, the Court lacks jurisdiction of Plaintiff's request for monetary damages in Count IV.

### B. Failure to State a Claim

In considering Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted, the Court must accept as true all of the factual allegations in the complaint and make all reasonable inferences in favor of the non-movant. *Sommers Oil Co. v. United States*, 241 F.3d 1375, 1378 (Fed. Cir. 2001); *Goodwin v. United States*, 338 F.3d 1374, 1377 (Fed. Cir. 2003); *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed. Cir. 2000); *Perez v. United States*, 156 F.3d 1366, 1370 (Fed. Cir. 1998); *Gould, Inc. v. United States*, 935 F.2d 1271, 1274 (Fed. Cir. 1991). The issue before the Court in a motion to dismiss is not whether a plaintiff will ultimately prevail in the claim, but rather whether the plaintiff is entitled to offer evidence to support the claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court should not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Defendant asserts that Plaintiff's claim in Count III, alleging that Plaintiff was harmed by Defendant's acceptance of its non-conforming bid, fails to state a claim upon which relief can be granted. In asserting its claim, Plaintiff relies on FAR § 14.301(a) which states that "[t]o be considered for award, a bid must comply in all material respects with the invitation for bids." 48 C.F.R. § 14.301(a). The provision goes on to state, however, that "[s]uch compliance enables bidders to stand on an equal footing and maintain the integrity of the sealed bidding system." *Id.* The purpose of the provision is to avoid unfairness to other contractors who submitted a sealed bid, but who could have submitted a more competitive bid if they had similarly varied the terms of their proposal from those specified by the government. *Firth Constr. Co. v. United States*, 36 Fed. Cl. 268, 274 (1996) (*citing Toyo Menka Kaisha, Ltd. v. United States*, 597 F.2d 1371, 1377 (Ct. Cl. 1979)); *Blount, Inc. v. United States*, 22 Cl. Ct. 221, 227 (1990). The provision, therefore, is designed to protect losing bidders in a bid contest, not the contractor that won the bid as Plaintiff did here. Because FAR § 14.301(a) fails to provide a remedy for Plaintiff, Plaintiff's nonconforming bid claim fails to state a claim upon which relief may be granted. Defendant's motion to dismiss Count III is granted.

## IV. Conclusion

Defendant's Motion to Dismiss Counts I and II for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1) and Defendant's Motion to Dismiss Count III for failure to state a claim upon which relief may be granted pursuant to RCFC 12(b)(6) are hereby GRANTED. The

Court further dismisses for lack of subject matter jurisdiction that part of Count IV in which Plaintiff seeks monetary damages.[5]

The Clerk of the Court is directed to dismiss Counts I, II and III of the complaint.

s/Edward J. Damich
Edward J. Damich
Chief Judge

[5] On January 24, 2006, Armorworks, LLC, filed a motion to intervene, and briefing on that motion has not yet been completed. The Court deems it appropriate to decide the motion to intervene prior to consulting with the parties regarding how to proceed with Count IV of Plaintiff's complaint seeking conversion of the default termination to a termination for convenience.