**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ARMOUR OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES<br><br>Defendants.<br><br>and<br><br>ARMORWORKS, LLC<br><br>Intervenor | ) | No. 04-1731C<br>(Chief Judge Edward J. Damich) |

**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO INTERVENE BY ARMORWORKS, LLC**

Pursuant to Rules of the Court of Federal Claims ("RCFC") 5.2 and 7.2, ArmorWorks, LLC ("ArmorWorks"), by undersigned counsel, hereby submits this Reply to Plaintiff Armour of America's ("AOA's") untimely Opposition to ArmorWorks' Motion to Intervene ("AOA Opp.").

## I. ARGUMENT

ArmorWorks has requested permission to intervene in this lawsuit for the limited purpose of protecting its proprietary information, which was improperly disclosed to its competitor, AOA, by the Government as part of discovery in this action. Even if the Court considers AOA's opposition (which it should not, because the opposition is untimely), AOA fails to offer any good reason why ArmorWorks should not be permitted to intervene for this purpose. To the contrary, AOA's opposition and behavior since this matter has come to light demonstrate a deliberate failure to acknowledge the seriousness of the situation and raise questions regarding AOA's own intentions.

**A. The Court Should Strike AOA's Opposition Because It was Untimely Filed.**

The Court should not consider AOA's Opposition because it is patently untimely and AOA has not advanced any justification for the delay. R.C.F.C. 7.2 (a) provides that "responses or objections to written motions shall be filed within 14 days after service of the motion." ArmorWorks electronically filed (and thus served on AOA) its Motion to Intervene on January 24, 2006. Adding three days permitted by R.C.F.C. 6(e) for responding to papers served electronically, AOA's Opposition was due on February 10. This deadline is reflected in entry number 27 of the Court's docket. AOA filed its Opposition on February 14, 2006, four days late, without seeking leave of Court or even acknowledging the belated nature of its response. The Court, therefore, should not consider AOA's Opposition when ruling on ArmorWorks' Motion.

**B. AOA Fails to Offer Any Good Reason Why ArmorWorks Should Not Be Permitted to Intervene in this Action.**

1. ArmorWorks Meets the Standard for Intervention as of Right.

AOA's Opposition primarily questions, both directly and indirectly, the adequacy of ArmorWorks' interest in this action for purposes of intervention. ArmorWorks' interest in protecting its proprietary information, however, plainly "relates to" the subject of the action and is sufficient to warrant intervention. An interest is adequate to support intervention where the interest is direct, substantial, and legally protectable. Cherokee Nation v. United States, 69 Fed. Cl. 148, 155-56 (2005). There is no question that ArmorWorks' interest in protecting its proprietary procurement information is a significant, legally protectable interest under both trade secret and federal procurement law. See, e.g., Formulabs, Inc. v. Hartley Pen Co., 275 F.2d 52, 56-57 (9th Cir. 1960) (finding property right in trade secret sufficient to permit intervention).

AOA incorrectly suggests that the Court should require ArmorWorks to have an interest in the underlying dispute itself. (See, e.g., AOA Opp. at 3 ("ArmorWorks has no interest in the property or transaction which is the subject of AOA's action.")) An intevenor's interest, however, need not be in the underlying dispute itself but, rather, must simply "relate to" the subject of the underlying action. See Cherokee Nation, 69 Fed. Cl. at 156. ArmorWorks' proprietary information at issue is undoubtedly "related to" the subject of this lawsuit, as evidenced by the fact that the Government produced the documents to AOA as part of discovery.

AOA seeks to distinguish certain of the cases that ArmorWorks cited in support of its motion to intervene. (See AOA Opp. at 4-5.) AOA neglects to address one of the primary cases that ArmorWorks cites, United States v. AT&T, 642 F.2d 1285 (D.C. Cir. 1980), where the United States Court of Appeals for the District of Columbia Circuit held that the trial court improperly denied a third party's motion to intervene for the limited purpose of protecting its own work product at issue in discovery. "To bar intervention for collateral discovery issues merely because they do not concern the subject matter of the overall action would in many cases defeat the general purpose of intervention." Id. at 1292; see also Alexander v. FBI, 186 F.R.D. 21, 30 (D.D.C. 1998) (noting F.R.C.P. 24(a)(2) has been interpreted to permit intervention in discovery disputes when requirements of the rule have been met)).

Finally, AOA's assertion that the Government adequately represents ArmorWorks' interests in protecting its proprietary information is simply wrong. The very fact that the Government disclosed the proprietary information at issue here is convincing proof that it does not and cannot adequately represent ArmorWorks' interests.[1] The burden on an applicant for

[1] AOA also accuses ArmorWorks of "falsely stat[ing] that AOA is protesting the award of [sic] ArmorWorks." (AOA Opp. at 8). AOA, did, in fact, protest the Government's award of the

intervention to show its interest will not be adequately represented by the parties is minimal, and Armorworks has more than met that burden. See Am. Renovation & Constr. Co. v. United States, 65 Fed. Cl. 254, 264 (2005).

2. AOA's Argument That It Will Be Prejudiced by ArmorWorks' Intervention Are Inapposite and Incorrect.

AOA makes the remarkable argument that it will be prejudiced by AmorWorks' intervention. (See AOA Opp. at 6-7.) This contention is completely unpersuasive. As an initial matter, when addressing intervention as a matter of right, the Court generally considers prejudice to an existing party only as part of the Court's timeliness analysis. See Cherokee Nation, 69 Fed. Cl. at 153; Am. Renovation & Constr. Co., 65 Fed. Cl. at 258. If a third party has a right to intervene, then the alleged prejudice to the existing parties is irrelevant unless the third party has unreasonably delayed in seeking intervention. In this case, there is no question of delay on ArmorWorks' part; it sought to intervene as soon as it learned that its proprietary information had been disclosed as part of discovery.

Moreover, AOA's claims of prejudice are spurious. AOA asserts that it "will have to expend more money and time in responding to a third party." ArmorWorks' intervention, however, should place little financial burden on AOA. All that ArmorWorks seeks is to ensure that all of its proprietary information has been returned and that neither AOA nor another party will be able to use that proprietary information to compete unfairly with ArmorWorks. It should take minimal time and effort on AOA's part to provide such assurances to ArmorWorks. Yet, rather than do so voluntarily, AOA has chosen to vigorously oppose ArmorWorks' intervention

---

contract issued to ArmorWorks under Request for Proposals No. N00019-04-R-0073, Protest No. B-295497. More to the point, AOA ignores ArmorWorks' purpose in referencing the protest, which was to establish that AOA will not protect ArmorWorks' interest. AOA does not, and indeed cannot, argue otherwise.

and has thus far refused to provide ArmorWorks with a certification that all of its documents have been returned to the Government and detailing the extent of any access to and use of the ArmorWorks documents by AOA. (See Email Exchange Between Craig and Malyzsek, Ex. 1 (AOA's counsel has yet to respond to counsel for ArmorWork's renewed request for such a certification)).[2]

ArmorWorks' motion to intervene is the most expeditious and cost-effective method of protecting its proprietary information that was improperly disclosed as part of discovery in this case. If the Court denies this motion, ArmorWorks will be forced to seek injunctive relief through a separate lawsuit against AOA, which would be contrary to the spirit of R.C.F.C. 1, that "[the court's rules] shall be administered to secure the just, speedy, and inexpensive determination of every action." The financial burden on AOA in that event would be far greater, too.

## II. CONCLUSION

For the foregoing reasons, ArmorWorks respectfully requests that the Court allow it to intervene in this litigation for the limited purposes identified in ArmorWorks' Motion to Intervene. Because of the urgency of its interests, ArmorWorks respectfully requests that the Court expedite its decision on this motion, and, if the Court is inclined to hear the parties, to set a hearing date as soon as possible.

---

[2] AOA makes the preposterous argument that ArmorWorks' purpose for intervening may be to obtain trade secret information of AOA. (AOA Opp. at 8). This assertion turns the situation on its head. ArmorWorks seeks intervention only to the extent necessary to protect itself from damage as a result of AOA's access to ArmorWorks' proprietary information. ArmorWorks is at a loss to understand AOA's professed concern regarding its own trade secrets.

Dated: February 21, 2006

Respectfully submitted,

HOLLAND & KNIGHT LLP

/s/
Steven D. Gordon
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, D.C. 20006
(202) 955-3000 – phone
(202) 955-5564 – fax

Counsel for Intervenor ArmorWorks, LLC

Of Counsel

David J. Craig
HOLLAND & KNIGHT LLP
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, D.C. 20006
(202) 955-3000 – phone
(202) 955-5564 – fax

# EXHIBIT 1

## Craig, David J (WAS - X72667)

**From:** Craig, David J (WAS - X72667)
**Sent:** Thursday, February 16, 2006 10:16 AM
**To:** 'cyndi@2malyszek.com'
**Cc:** Yukins, Christopher (NVA - X78655); Gordon, Steven D (WAS - X77038); 'leslie.ohta@usdoj.gov'
**Subject:** RE: ArmorWorks Proprietary Information

Cynthia,

We are very concerned by your response to our request for a certification and statement regarding AOA's access to and use of ArmorWorks proprietary information. This is a matter of urgency to ArmorWorks. As we have previously stated, ArmorWorks has invested substantial time and money researching and developing the information at issue, and any use of this information by AOA or another competitor could cause ArmorWorks millions of dollars in economic and competitive harm. At the moment, ArmorWorks is in the dark regarding the nature and extent of the disclosure. ArmorWorks' request is the logical next step in protecting its interests. Certainly ArmorWorks has a right to know who has had access to its proprietary information and the extent of that access. ArmorWorks also has a right to assurances regarding the proper disposition of its proprietary information.

If AOA truly has no intention of improperly using ArmorWorks' proprietary information, then there is absolutely no legitimate reason why AOA cannot immediately agree to our request and produce the requested certification and statement forthwith. As such, we disagree that waiting for the Judge's ruling on the motion to intervene is the "most secure and efficient" route for ArmorWorks. Indeed, I infer from your email that AOA will only provide the certification and statement we have requested by court order; why would AOA later agree to this request if it does not voluntarily agree now?

We again ask that AOA comply immediately with our request in order to show its good faith in this matter. Because there appears to be a disconnect between the parties regarding the gravity of this situation, I will clarify our request. We are requesting that a high level AOA officer or representative with authority to bind the company, provide an affidavit or sworn declaration certifying that AOA and its counsel have returned all documents pertaining to ArmorWorks to the DOJ and no copies were retained, and providing the following information:

1. when the ArmorWorks materials were received by counsel for Armour of America;

2. who reviewed those documents, when, and under what circumstances;

3. whether copies were made of any ArmorWorks documents, whether notes were taken regarding those documents, and whether any documents were removed from the materials produced to Armour of America;

4. whether any persons who reviewed ArmorWorks materials disclosed any information from those materials to any other person by any means;

5. the details of any such disclosure, and any subsequent disclosure by any person;

6. with regard to any person who has reviewed ArmorWorks information, the name, address, and telephone number of any such person and their relationship to Armour of America, including their job position and whether they participate in AOA's procurement activities; and

7. all measures that have been or will be taken to prevent any competitive harm to ArmorWorks.

Please let me know as soon as possible whether AOA will agree to this request. You are correct that we intend to reply to AOA's opposition, which was out of time, and we will also seek quick resolution to the motion to intervene.

Regards,

Dave

**Holland + Knight**

**David J. Craig**
Associate
Holland & Knight LLP

2099 Pennsylvania Avenue, N.W.
Washington, DC 20006

Main 202 955 3000
Direct 202 419 2667
Fax 202 955 5564
Email david.craig@hklaw.com

www.hklaw.com

**NOTICE:** This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

---

**From:** Federal Contract Group [mailto:cyndi@2malyszek.com]
**Sent:** Wednesday, February 15, 2006 5:27 PM
**To:** david.craig@hklaw.com
**Cc:** Leslie.Ohta@usdoj.gov
**Subject:** RE: ArmorWorks Proprietary Information

Dave,

In addition to your request below, Leslie Ohta told me that you also made a request to her concerning this issue. I stated to her that at this point, I would prefer to wait on a decision from the judge concerning your motion to intervene and any directives from the court. I think that this would be the most secure and efficient route for all of us to take at this point.

You have filed a reply to the government's response to your motion to intervene and I assume that you will reply to the plaintiff's opposition.

I suggest that we await the outcome of these motions before we take any additional steps.

If you have any questions, please call or email me.

Cynthia Malyszek

---

**From:** david.craig@hklaw.com [mailto:david.craig@hklaw.com]
**Sent:** Tuesday, February 14, 2006 11:07 AM
**To:** cyndi@2malyszek.com
**Subject:** ArmorWorks Proprietary Information

Cynthia,

I have been trying to contact you to discuss obtaining a certification and statement from your client regarding the ArmorWorks documents produced to Armour of America by the Department of Justice. I have left two messages for you on your voicemail (last Wednesday and yesterday), but have not yet heard back from you.

Leslie Ohta has informed us that you returned to the DOJ all of the documents pertaining to ArmorWorks. Now that the documents have been returned, we are requesting a certification from Armour of America stating that (1) all of the documents pertaining to ArmorWorks that were produced by the DOJ have been returned; and (2) no copies of these documents were retained by anyone who had access to the documents. We also request a statement identifying all persons, including Armour of America employees, who have had access to ArmorWorks' documents, and detailing the extent of any use or disclosure of these documents (or the information contained therein).

Please let me know if your client will provide such a certification and statement. Feel free to call me if you have any questions.

Regards,
Dave

Holland + Knight

**David J. Craig**
Associate
Holland & Knight LLP

2099 Pennsylvania Avenue, N.W.
Washington, DC 20006

Main 202 955 3000
Direct 202 419 2667
Fax 202 955 5564
Email david.craig@hklaw.com

www.hklaw.com

**NOTICE:** This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing Reply to Defendant's Response to Motion to Intervene by ArmorWorks, LLC to be served this 21st day of February 2006 electronically on:

Leslie Cayer Ohta, Esq.
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, NW
Washington, D.C. 20530

Cynthia Malyszek, Esq.
Malyszek & Malyszek
10100 Santa Monica Blvd., Suite 800
Los Angeles, CA. 90067

/s/
Steven D. Gordon

# 3593083_v2