# In the United States Court of Federal Claims

No. 04-1731 C
(Filed: March 17, 2006)

| | | |
|---|---|---|
| ARMOUR OF AMERICA, Plaintiff, | * | |
| v. | * | Intervention as a matter of right; RCFC 24(a)(2); trade secret; proprietary information |
| THE UNITED STATES, Defendant. | * | |

*Cynthia Malyszek*, of Malyszek & Malyszek, Los Angeles, CA, for Plaintiff.

*Leslie Cayer Ohta*, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for Defendant, with whom were *Peter D. Keisler*, Assistant Attorney General, *David M. Cohen*, Director, and *Bryant G. Snee*, Assistant Director.

---

**OPINION and ORDER**

---

**DAMICH**, Chief Judge.

This case is before the Court on the Motion to Intervene by ArmorWorks, LLC ("ArmorWorks") in order to protect its proprietary information during discovery. ArmorWorks replaced Armour of America ("AOA") as the contractor with the government after AOA was default terminated. That default termination is the subject of this action. Defendant notified ArmorWorks that it had inadvertently disclosed proprietary information to AOA during discovery. As a consequence, ArmorWorks seeks to intervene to ensure adequate protection of its proprietary information during the course of this litigation. For the reasons discussed herein, the Motion to Intervene by ArmorWorks is GRANTED.

## I. Background

On June 10, 2004, the United States entered into a contract with AOA for $6,038,958. Complaint ("Compl.") ¶ 4. Under the contract, AOA was to design, manufacture and test a Light

Weight Armour Replacement System ("LWARS") for the U.S. Marine Corps' CH-46E tandem rotor helicopter. Compl. ¶ 11. The contract required that the LWARS provide a reduction in areal density over the existing metallic armor system, yet be able to withstand a specified ballistic limit. Joint Preliminary Status Report ("JPSR"), App. I. at 10, 12. When AOA failed to meet the ballistic requirements of the contract, the government issued a cure notice, followed by a notice of termination for default. Compl. ¶ 53, 57. The government subsequently reprocured the contract with ArmorWorks. Memorandum of Points and Authorities in Support of Motion to Intervene ("Mem.") at 1. On December 3, 2004, AOA filed a complaint against the United States for breach of contract and improper default termination.

The government notified ArmorWorks by letter on January 16, 2006, that the government had inadvertently released proprietary information of ArmorWorks to AOA during the course of discovery in September or October 2005. Motion to Intervene at 1; Mem. at 1. The next day, counsel for ArmorWorks contacted AOA's and government's counsel, at which time AOA's counsel agreed to return to the government all ArmorWorks documents in its possession pending resolution of the matter by the Court. Mem. at 2.

On January 24, 2006, ArmorWorks filed its Motion to Intervene, asking the Court to allow it to intervene in order to protect against harm caused by the release of proprietary information of ArmorWorks during the course of pretrial discovery. In particular, ArmorWorks seeks: (1) the right to file its own motion for a protective order or an amendment to the protective order; (2) the right to participate in discovery as an intermediary to prevent further release of proprietary information; (3) relief appropriate to prevent future release of proprietary information; and (4) relief to address the disclosures that have already been made. Defendant does not oppose the motion for the limited purpose of protecting proprietary information of ArmorWorks. Plaintiff does oppose the motion. On February 2, 2006, Plaintiff and Defendant filed a Joint Motion for Entry of Stipulation and Protective Order Regarding Proprietary Information.

## II. Analysis

ArmorWorks argues that it is entitled to intervene as a matter of right pursuant to Rule 24 of the Rules of the Court of Federal Claims ("RCFC") because third parties are permitted to intervene to protect their trade secrets or other confidential information from discovery during an action. According to ArmorWorks, the improper release of proprietary information by Defendant was a potential violation of 18 U.S.C. § 1905, the Procurement Integrity Act, the Trade Secrets Act, the Privacy Act, and/or federal procurement regulations. The proprietary information was the product of significant investment in research and development by ArmorWorks, and its release could cause substantial economic harm. RCFC 24(a)(2) provides for intervention of right:

> Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the

> property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

RCFC 24 is nearly identical to Fed. R. Civ. P. 24, and interpretation of the federal rule is persuasive in interpreting RCFC 24. *Fifth Third Bank of Western Ohio v. United States*, 52 Fed. Cl. 202, 203 (2002) (*citing Am. Mar. Transp. Inc. v. United States*, 870 F.2d 1559, 1560 n.4 (Fed. Cir. 1989); *John R. Sand & Gravel Co. v. United States*, 59 Fed. Cl. 645, 648 n.3 (2004).

In considering a motion to intervene, the Court must construe the requirements for intervention in favor of intervention. *Am. Mar. Transp. Inc.*, 870 F.2d at 1561 (*citing Westlands Water Dist. v. United States*, 700 F.2d 561, 563 (9th Cir. 1983)); *Am. Renovation & Constr. Co. v. United States*, 65 Fed. Cl. 254, 257 (2005); *Cherokee Nation of Oklahoma v. United States*, 69 Fed. Cl. 148, 152 (2005). Moreover, the Court must accept the moving party's well-pleaded allegations as valid. *United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1291 (D.C. Cir. 1980) (*citing Warth v. Seldin*, 422 U.S. 490, 501 (1975)).

**A. Timeliness**

The first requirement for a proper motion to intervene under RCFC 24(a)(2) is that the motion be timely. ArmorWorks did not know that Defendant had disclosed proprietary information to Plaintiff until receiving the January 16, 2006, letter. The following day, counsel for ArmorWorks contacted Plaintiff's and Defendant's counsel by telephone and, the following week, the instant motion for intervention was filed. Neither Plaintiff nor Defendant disputes when ArmorWorks first became aware of the inadvertent disclosure of its proprietary information. Hence, there is no question that ArmorWorks's motion was timely filed.

**B. Interest**

A property interest in trade secrets or other confidential research and development information is sufficient, according to ArmorWorks, to justify intervention as a matter of right. The Federal Circuit has held that RCFC 24 protects only an interest that is "of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment." *Smith v. Gale*, 144 U.S. 509, 518 (1892); *see Am. Mar. Transp. Inc.*, 870 F.2d at 1561. The interest may not be indirect or contingent. *Am. Mar. Transp. Inc.*, 870 F.2d at 1561. Moreover, it is generally recognized that the interest must be a "legally protectible interest." *Id.* (*quoting Westlands Water Dist. v. United States*, 700 F.2d 561, 563 (9th Cir. 1983)); *Am. Renovation & Constr. Co.*, 65 Fed. Cl. at 260. As such, the interest must be more than just an economic interest; it must be "one which the *substantive* law recognizes as belonging to or being owned by the applicant." *Am. Mar. Transp. Inc.*, 870 F.2d at 1561 (*quoting New Orleans Public Serv. v. United Gas Pipe Line Co.*, 732 F.2d 452, 464 (5th Cir. 1984)) (emphasis

in original). "Interests in property are the most elementary type of right that Rule 24(a) is designed to protect." 7C Charles Alan Wright & Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1908, at 272 (2d ed. 1986) (*citing Diaz v. Southern Drilling Corp.*, 427 F.2d 1118, 1124 (5th Cir. 1970). The trade secrets and other confidential proprietary information that ArmorWorks seeks to protect are clearly owned by ArmorWorks and constitute a property interest of ArmorWorks. Given that ArmorWorks is a direct competitor of AOA, ArmorWorks stands to suffer significant harm, and may have already suffered harm, as a result of disclosures during discovery. Hence, the interest is not indirect or contingent, but is directly related to the extent of protection afforded by any protective order issued by the Court. The interest is not a naked economic interest, but a substantial ownership and property interest which is the product of significant investment in research and development by ArmorWorks and which provides ArmorWorks with a competitive advantage.

Plaintiff contends that ArmorWorks does not have a cognizable interest in the subject of the action, which is the alleged improper default termination of AOA. ArmorWorks counters that the proprietary information is related to the subject of the lawsuit to the extent that Defendant produced the documents containing the proprietary information as part of discovery during the lawsuit. Although the Federal Circuit has not clarified the meaning of the term "action," other courts have chosen not to limit the term only to the case as a whole but instead have expanded the definition to encompass collateral issues in the suit. *See, e.g., Am. Tel. & Tel. Co.*, 642 F.2d at 1291. In *American Telephone*, the court found that to bar intervention for collateral discovery issues merely because they do not concern the subject matter of the overall action would defeat the general purpose of intervention. *Id*. at 1292. Prior to the 1996 amendment, courts had circumvented the restrictive language of the statute by applying a flexible interpretation of "action." *See* Advisory Committee Notes, 1966 Amendment, reprinted in Thomson/West, Federal Civil Judicial Procedure and Rules at 139 (2005); *Am. Tel. & Tel. Co.*, 642 F.2d at 1291-1292. In particular, the Advisory Committee recognized *Formulabs, Inc. v. Hartley Pen Co.*, 275 F.2d 52 (9th Cir. 1960), as an example of this trend, concluding that the earlier wording of the rule was "unduly restricted" and necessitated the amendment. Thomson/West at 139; *Am. Tel. & Tel. Co.*, 642 F.2d at 1291-1292. In *Formulabs*, the intervenor sought to protect its trade secret consisting of an ink formula that was used in ball point pens. *Formulabs, Inc.*, 275 F.2d at 54. The manufacturer of the ink had brought suit against the manufacture of a dye which was used in the ink because the dye was allegedly defective. *Id*. at 53. During discovery, the dye manufacturer sought to learn the secret formula for the ink, and the owner of that formula sought to intervene to protect its property interest. The court found that the secret formula was subject to the control and disposition of the court, and therefore Formulabs had the right to intervene to protect that interest. The 1996 amendment to Rule 24 adopted the thinking of the Ninth Circuit and was designed "to liberalize the right to intervention in federal actions." *Am. Tel. & Tel. Co.*, 642 F.2d at 1291 (*citing Nuesse v. Camp*, 385 F.2d 694, 701 (D.C. Cir. 1967). Hence, the term "action" need not be limited to the primary dispute of the action, but can concern a collateral matter. Just as Formulabs had an interest in protecting its secret formula, ArmorWorks has a legitimate interest in protecting its trade secrets and other proprietary information related to manufacture of armor.

**C. Impair or Impede**

ArmorWorks contends that allowing discovery to continue in this action without intervention by ArmorWorks may impair or impede its ability to protect proprietary information from disclosure and to avoid competitive injury. Should ArmorWorks not be allowed to intervene, the documents which have already been released by Defendant, as well as those that could be released, would likely cause ArmorWorks competitive harm in future competition against AOA or against other armor manufacturers who gain access to the information. Defendant asserts that ArmorWorks overstates the amount of harm that was suffered as a consequence of the Defendant's disclosure of documents to AOA. According to Defendant, only a small number of pages of the total pages disclosed were specifically marked as "proprietary." The 1966 amendment repudiated the requirement that Rule 24 be limited in its application to those that would be legally bound by an action in the res judicata sense, preferring instead to extend intervention also to those that would be practically disadvantaged by an action. Wright et al. § 1908, at 301; *Neusse v. Camp*, 385 F.2d 694, 701 (D.C. Cir. 1967). "The 'impair or impede' requirement mandates a showing that the interest holder be injured in a practical sense." 6 James Wm Moore et al., Moore's Federal Practice ¶ 24.03[3][a], at 24-41 (3d ed. 2005). In other words, claiming a theoretical impairment of an interest will not suffice. *Id.*; *United States v. Texas E. Transmission Corp.*, 923 F.2d 410, 414 (5th Cir. 1991); *Am. Renovation & Constr. Co.*, 65 Fed. Cl. at 263. Typically, a decrease in the value of a property interest by the absentee will satisfy the impairment requirement. Moore et al. ¶ 24.03[3][a], at 24-42; *NL Indus., Inc. v. Sec'y of the Interior*, 777 F.2d 433, 435-436 (9th Cir. 1985). The loss of trade secrets or other proprietary information by ArmorWorks undoubtedly constitutes a practical injury. The information that has already been improperly disclosed to AOA, as well as additional proprietary information that could be disclosed to AOA without proper care by Defendant, would likely seriously impair any competitive advantage that ArmorWorks currently has against AOA in the manufacture of armor. The Court agrees with ArmorWorks that it is not the number of pages that were disclosed by Defendant, but the import of the information that is key. Hence, ArmorWorks has made an adequate showing of impairment of its ability to protect the interest. The best way for ArmorWorks to protect its interest is by ensuring that the protective order issued by the Court is adequate to serve that purpose.

Plaintiff states that it has complied with all of Defendant's requests with respect to protection of the proprietary information of ArmorWorks, and that Plaintiff and Defendant have filed a proposed Stipulation and Protective Order with the Court in order to protect the proprietary information of ArmorWorks. Hence, there is no further interest for ArmorWorks to protect. Defendant avers that ArmorWorks has been given an active role in the proposed Stipulation and Protective Order. ArmorWorks is, however, the party in the best position to determine how to protect its interest by protective order. Federal courts have generally agreed that the correct procedural route for a nonparty to challenge a protective order is by Rule 24 intervention. *See Standard Space Platforms Corp. v. United States*, 35 Fed. Cl. 463, 465-466 (1996) (*citing Public Citizen v. Liggett Group Inc.*, 858 F.2d 775, 783 (1st Cir. 1988)); *In re Beef Industry Antitrust Litigation*, 589 F.2d 786, 789 (5th Cir. 1979); *In re Nasdaq Market-Makers*

*Antitrust Litigation*, 164 F.R.D. 346, 351 (S.D.N.Y. 1996); *Griffith v. Univ. Hosp., LLC*, 249 F.3d 658, 661 (7th Cir. 2001). In most of the prior cases, the intervenor sought to modify the protective order to obtain access to information, whereas here ArmorWorks seeks to modify the protective order to enhance protection of its own proprietary information, nonetheless the same principle applies. ArmorWorks has made an adequate showing that it has an interest in the action which would likely be impaired if ArmorWorks is not allowed the opportunity to intervene in the action for the purpose of modifying the terms of the protective order intended to protect that interest.

**D. Adequate Representation**

Based on the foregoing, ArmorWorks should be allowed to intervene, unless its interest is already adequately represented by one of the parties to the litigation. Defendant does not oppose the motion to intervene by ArmorWorks, but states that ArmorWorks fails to demonstrate that Defendant will not adequately represent the interests of ArmorWorks. ArmorWorks contends that Defendant is more focused on the overall outcome of the litigation rather than on the outcome of this particular discovery issue and the protection of proprietary information of ArmorWorks. Intervention shall be allowed when "there is a serious possibility that the [absentee's] interest may not be adequately represented by any existing party." *Am. Tel. & Tel. Co.*, 642 F.2d at 1293 (*citing Nuesse v. Camp*, 385 F.2d 694, 704 (D.C. Cir. 1967)). The burden is on those opposing intervention to show that representation for the absentee is adequate. *Id.* A minimal showing that the absentee's representation of his interest may be inadequate is sufficient to justify intervention. *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972) (citing 3B J. Moore, Federal Practice 24.09-1(4) (1969)); *Am. Renovation & Constr. Co.*, 65 Fed. Cl. at 264 (2005); *Cherokee Nation of Oklahoma*, 69 Fed. Cl. at 157. Defendant's improper disclosure of the proprietary information that led to this motion to intervene is more than sufficient evidence of the failure of Defendant to adequately represent the interests of ArmorWorks. Moreover, as is apparent from the briefing on this motion, Defendant and ArmorWorks disagree on what measures are necessary to adequately protect the proprietary information of ArmorWorks. Although Defendant may have some interest in protecting its contractor, Defendant does not stand to suffer the same harm as would be suffered by ArmorWorks from the disclosure of the proprietary information. *See Am. Tel. & Tel. Co.*, 642 F.2d at 1293. Meanwhile Plaintiff, as a direct competitor of ArmorWorks, has absolutely no incentive to protect the proprietary information of ArmorWorks. By opposing the motion to intervene, Plaintiff has further evidenced its disinterest in ensuring adequate protection of the proprietary information of ArmorWorks. Therefore, the Parties fail to meet their burden of proof in showing that the interests of ArmorWorks would be adequately represented during the litigation.

In its motion, ArmorWorks requests that the Parties' proposed Stipulation and Protective Order be modified to allow ArmorWorks to review all ArmorWorks documents to determine if they contain proprietary information. Furthermore, ArmorWorks requests the right to participate in discovery as an intermediary and request other appropriate relief to remedy past harm and

protect against future harm. Although Defendant does not oppose allowing ArmorWorks to intervene for the limited purpose of protecting its proprietary information, Defendant does oppose allowing ArmorWorks to intervene for the purpose of participating in discovery. Defendant's argument has merit. The instant litigation is between Plaintiff and Defendant regarding the alleged improper default termination, and ArmorWorks has no right to participate in discovery. Therefore, ArmorWorks shall be allowed to intervene in the suit for the sole purpose of protecting its proprietary information by way of a modification to the protective order.

## III. Conclusion

ArmorWorks's Motion to Intervene for the limited purpose of modifying the protective order is GRANTED.

The Court hereby ORDERS the Parties, including ArmorWorks, to file a Joint Status Report, specifying if and where the Parties disagree with regard to the proposed Stipulation and Protective Order, on or before **March 31, 2006**.

s/ Edward J. Damich
Edward J. Damich
Chief Judge