**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ARMOUR OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. 04-1731C |
| THE UNITED STATES, | ) | (Chief Judge Edward J. Damich) |
| Defendant, | ) | |
| and | ) | |
| ARMORWORKS, LLC | ) | |
| Intervenor. | ) | |

JOINT STATUS REPORT

Pursuant to this Court's March 17, 2006 order, the parties file the following joint status report:[1]

STATUS OF DISCOVERY

In the revised joint preliminary status report filed on October 21, 2006, the parties proposed the following schedule:

| | | |
|---|---|---|
| i. | Exchange of documents: | December 1, 2005. |
| ii. | Completion of fact witness discovery: | March 1, 2006 |
| iii. | Designation of expert witnesses: | January 15, 2006 |
| | Exchange of expert witness reports: | April 15, 2006. |

[1] The Joint Status Report was initially prepared by the defendant. Additions have been made by the plaintiff and the intervenor without review by defendant due to trial travel commitment. The last section was added by intervenor, ArmorWorks, in which it identifies its disagreements with the Stipulation and Protective Order as filed by the Government and AOA. The defendant has authorized both the plaintiff and the intervenor to represent to the Court that Bryant Snee and Leslie Ohta have signed the original version of the document prepared by the defendant.

iv. Completion of expert witness discovery: May 15, 2006

Upon motions by the parties, proceedings were stayed from July 14, 2005, through October 21, 2005, in order to allow the parties time to pursue settlement negotiations. Settlement negotiations are ongoing.

Defendant served upon plaintiff its first request for production of documents and first set of interrogatories on May 4, 2005. On June 23, 2005, plaintiff served upon defendant its responses to defendant's discovery request. In response to defendant's requests for production of documents, that sought all documents pertaining to the contract that is the subject matter of this litigation, including, but limited to, all documents prepared, used by, or reviewed by AOA in responding to the RFP in this matter, all documents that support the factual allegations contained in AOA's complaint, and all documents that support AOA's denial of the allegation contained in the Government's counterclaim, plaintiff produced 18 documents, constituting of communications between plaintiff and defendant, all of which were already in defendant's possession. Plaintiff has not yet supplemented its responses. It is plaintiff's position that all documents relating to the defendant's interrogatories have been submitted and all documents between the plaintiff and defendant are in the possession of the government. The defendant has not identified any grouping or specific documents that it believes should be supplemented although plaintiff has requested such from defendant.

Plaintiff served upon defendant its first request for production of documents and first set of interrogatories on June 23, 2005. On October 12, 2005, defendant served upon plaintiff its answers to plaintiff's first set of interrogatories. On December 12, 2005, plaintiff submitted a claim to the contracting officer. On December 19, 2005, defendant served upon plaintiff its response to plaintiff's first request for production of documents.

On March 21, 2006, defendant served upon plaintiff its disclosure of expert witnesses.

On March 22, 2006, defendant served upon plaintiff its second set of interrogatories.

Defendant proposes that the discovery schedule be revised as follows:

| | | |
|---|---|---|
| i. | Exchange of documents: | May 1, 2006. |
| ii. | Completion of fact witness discovery: | October 1, 2006 |
| iii. | Designation of expert witnesses: | July 1, 2006 |
| | Exchange of expert witness reports: | November 30, 2006. |
| iv. | Completion of expert witness discovery: | January 31, 2007 |

## STATUS OF ARMORWORKS DOCUMENTS

Plaintiff's Position:

The defendant inadvertently included possible proprietary documents during discovery submitted to the plaintiff on October 31, 2005. On January 13, 2006, defendant notified ArmorWorks about this inadvertent mistake. Immediately thereafter, plaintiff returned all the requested documents to the government without retaining any copies. The defendant's inadvertent mistake has caused the plaintiff to suffer unforeseen additional costs and time, including future threatened actions by intervenor that it will act to debar any plaintiff personnel who have seen the documents and also years of bid protests.

Plaintiff has fully cooperated with both the defendant and the intervenor concerning both the return of documents, and the submittal of a proposed protective order by plaintiff and defendant. The defendant requested that intervenor review the documents that may be proprietary but they have yet to do so. Plaintiff reserves its right to assert its position on the intervenor's proposed protective order, and reserves the right to assert its position on whether

any of the documents are proprietary or should be protected.

Defendant's Position:

By letter dated January 13, 2006, defendant provided to ArmorWorks a portion of the ArmorWorks documents that were inadvertently disclosed to counsel for plaintiff. Each page bore a notation that the contents were proprietary or immediately followed a page bearing such notation. In that letter, the Government requested that ArmorWorks review the documents at its earliest convenience and mark with brackets all sections that it deemed constituted proprietary information. On March 2, 2006, the Government provided to ArmorWorks all of the ArmorWorks documents that were disclosed to counsel for Armour of America, including those pages that had been provided with the January 13, 2006 letter. Again, the Government requested that ArmorWorks review the documents at its earliest convenience and mark with brackets all sections that it deemed constituted proprietary information. ArmorWorks has not indicated to the Government what portions, if any, ArmorWorks contends contain proprietary information. If is the Government's position that it is incumbent upon ArmorWorks to review those documents and mark with brackets all sections that it deems constitute proprietary information and to provide its legal and factual basis for those opinions. ArmorWorks' failure to respond in the over two months since it was advised of the Government's possible disclosure of proprietary documents has impeded the parties ability to proceed with discovery in this matter. The Government, therefore, requests that a date certain in the near future be set by which ArmorWorks provided the requested information.

Intervenor ArmorWorks' Position:

The Government's complaint that ArmorWorks has impeded discovery in this matter is not well founded. The current discovery issues before the Court all arise from the fact that the

Government improperly disclosed ArmorWorks' proprietary information to its competitor, AOA. As soon as the Government apprised ArmorWorks of this development (some several months after the fact), ArmorWorks promptly moved to intervene in this case to protect its interests. As will be detailed below, there is a huge number of documents previously produced in discovery to AOA that may contain ArmorWorks' proprietary information and that the Government has thus far refused to provide to ArmorWorks. Further, ArmorWorks believes that the Stipulation and Protective Order proposed by the Government and AOA is inadequate to protect its interests. Since the Court has yet to enter a Protective Order, it is difficult to see how discovery has been impeded by ArmorWorks. Once ArmorWorks is given access to all potentially relevant documents, it will proceed expeditiously to identify its proprietary information.

Pursuant to the Court's March 17, 2006 Opinion and Order, ArmorWorks hereby identifies its disagreements with the Stipulation and Protective Order proposed by the Government and AOA as follows:

1. ArmorWorks believes the proposed Stipulation and Protective Order is too open-ended in specifying those persons who are allowed access to ArmorWorks information and the manner in which such information must be handled. For example, paragraph 6 essentially allows access of ArmorWorks' information to any persons whom counsel deems "reasonably necessary for the litigation of this action," including employees or agents of AOA. Moreover, there are no restrictions preventing disclosure to any persons involved in AOA's competitive decision making. There also are no limitations on the number of copies that may be made.

ArmorWorks believes it would be appropriate instead to adopt a modified version of the Court of Federal Claims standard Protective Order in Procurement Cases, Form 8 in the RCFC Appendix of Forms. Accordingly, ArmorWorks has attached a proposed Protective Order.

2. ArmorWorks believes it is entitled to a declaration from AOA detailing the extent of any disclosure of ArmorWorks' proprietary information that has already occurred. The proposed Stipulation and Protective Order does not address this issue. ArmorWorks requests that the protective order include a provision requiring AOA to certify that all documents pertaining to ArmorWorks were returned to the Government pending the entry of a protective order, and to provide a sworn declaration detailing the extent of the use and disclosure of ArmorWorks' proprietary information that already has occurred. ArmorWorks has incorporated such a provision in its proposed Protective Order. The Government has indicated it does not oppose this point.

3. ArmorWorks requests that the protective order prohibit any use or disclosure by AOA or any other person of any ArmorWorks' proprietary information learned or obtained through discovery from the Government as part of this lawsuit, including information learned prior to the entry of the Protective Order. The proposed Stipulation and Protective Order does not address the subject of ArmorWorks' proprietary information that already has been disclosed to AOA nor prohibit the use of further disclosure of such information. ArmorWorks' proposed Protective Order includes such a provision. The Government has indicated it does not oppose this point.

4. The proposed Stipulation and Protective Order does not permit ArmorWorks or its counsel to review the entire set of documents pertaining to ArmorWorks that were produced by the Government to AOA as part of this litigation. ArmorWorks understands that, at a minimum, there are 10 full binders of documents pertaining to ArmorWorks, described or identified as the "yellow binders." The Government previously indicated in its Response to ArmorWorks' Motion to Intervene that there are approximately 14,264 pages of documents pertaining to the ArmorWorks contract, presumably contained within these 10 yellow binders.

The Government initially provided ArmorWorks with approximately 145 pages of documents in January 2006. This first set of documents contained the documents that the *Government* identified as possibly containing ArmorWorks proprietary information, and it is this set of documents that is identified in the list referenced by and attached to the proposed Stipulation and Protective Order. On or about March 2, 2006, the Government provided Counsel for ArmorWorks with an additional 860 pages of documents, which included most of the original 145 pages. Thus the Government has provided ArmorWorks with only about 6% of the documents pertaining to the ArmorWorks contract that were produced to AOA.

Although the Government's cover letter did not indicate how the Government winnowed down the 14,264 pages of documents to 860 pages, ArmorWorks understands that this reduction is attributable, at least in part, to the Government's effort to remove internal Government documents, which the Government has asserted ArmorWorks is not entitled to review. Indeed, counsel for the Government has indicated that the Government will object to ArmorWorks seeking review of these additional documents. ArmorWorks believes, however, that its counsel should be entitled to review the same documents pertaining to ArmorWorks that counsel for its competitor, AOA (and potentially AOA employees), already have had access to. Moreover, the Government's sensitivity about disclosure of its internal documents can be addressed by restricting the disclosure of such information to only ArmorWorks' counsel admitted under a protective order. ArmorWorks has incorporated this limitation in its proposed Protective Order.

ArmorWorks is legitimately concerned that there may be more of its proprietary information among this large volume of documents that the Government has withheld from it. Although the Government has asserted above that "all of the ArmorWorks documents that were disclosed to counsel for Armour of America" now have been provided to ArmorWorks, the

Government may have overlooked some documents. Counsel for ArmorWorks has already identified potential oversights within the second set of 860 documents that the Government provided on March 2, 2006. First, this set contains documents marked proprietary that were not included in the initial set of 145 documents provided to ArmorWorks (which purportedly contained all documents marked proprietary). One such document is the cover page to ArmorWorks' Technical Proposal, Bates # 11372. The subsequent bates-numbered pages have not yet been provided although presumably these pages contain the body of ArmorWorks' Technical Proposal. Second, certain documents that the Government provided in the first set of documents are missing from the second set, suggesting that these documents were also overlooked.

Additionally, ArmorWorks is concerned that internal Government communications pertaining to ArmorWorks may also reference details of ArmorWorks' proprietary information. ArmorWorks notes that the second set of documents produced by the Government to ArmorWorks contains documents that appear to discuss ArmorWorks' proprietary information in some detail.[2]

[2] Counsel for ArmorWorks is also concerned that these documents, which are marked "Source Selection Information" were provided to AOA and ArmorWorks without a Protective Order in place. Counsel for ArmorWorks has noted its concern to Government counsel, who indicated that this concern is unwarranted. Out of an abundance of caution, however, Counsel for ArmorWorks has not provided these documents to its client, ArmorWorks. Additionally, Counsel for ArmorWorks proposes restrictions limiting access to this material in its proposed Protective Order.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Assistant Director

s/ Cynthia Malyszek
CYNTHIA MALYSZEK, ESQ.
Malyszek & Malyszek
10100 Santa Monica Blvd.
Los Angeles, CA 90067
310-772-2266

Attorney for Plaintiff

Dated: March 31, 2006

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street NW
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Attorneys for Defendant

Dated: March 27, 2006

s/ Steven D. Gordon, Esq.
STEVEN D. GORDON, ESQ.
Holland & Knight LLP
2900 Pennsylvania Ave., N.W., Suite 100
Washington, D.C. 20006

Attorney for Intervenor, ArmorWorks

Dated: March 31, 2006