**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ARMOUR OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant,<br><br>and<br><br>ARMORWORKS, LLC<br><br>Intervenor. | ) | No. 04-1731C<br>(Chief Judge Edward J. Damich) |

**PROTECTIVE ORDER**

During the course of document production in this matter, Defendant the United States (the "Government") inadvertently produced to Plaintiff Armour of America ("AOA") documents related to Intervenor ArmorWorks, LLC ("ArmorWorks") that may be competition sensitive (e.g., source selection information), proprietary, confidential, or otherwise protectable.

It has been represented that counsel for AOA has returned to the Government all such documents pertaining to ArmorWorks.

To address the concerns regarding this competition sensitive, proprietary, or confidential information, it is hereby ordered that:

1. As used herein, the term "party" shall include ArmorWorks.

2. A senior level AOA officer or representative with authority to bind the company shall provide an affidavit or sworn declaration certifying that AOA and its counsel have returned all documents pertaining to ArmorWorks to the Department of Justice (DOJ) and no copies were retained, and providing the following information:

   a. when any and all documents pertaining to ArmorWorks were received by AOA and its counsel;

   b. who reviewed those documents, when, and under what circumstances;

   c. whether copies were made of any ArmorWorks documents, whether notes were taken regarding those documents, and whether any documents were removed from the materials produced to AOA;

d. whether any persons who reviewed ArmorWorks materials disclosed any information from those materials to any other person by any means;

e. the details of any such disclosure, and any subsequent disclosure by any person;

f. with regard to any person who has reviewed or had access to ArmorWorks information, the name, current address, and telephone number of any such person and their relationship to Armour of America, including their job position and whether they participate in AOA's procurement activities; and

g. all measures that have been or will be taken to prevent any competitive harm to ArmorWorks.

3. All persons, including AOA and ArmorWorks, and their respective counsel, officers, agents, employees, former officers, former agents, former employees, attorneys, assigns, subsidiaries, and parent companies, who have, or have had, access to or obtained protected information, as defined herein, through the course of this litigation, including prior to the entry of this Protective Order, shall be prohibited from using, communicating, discussing, or disclosing such information for any purpose other than this litigation, and shall maintain the confidentiality of such protected information in perpetuity.

4. "Protected information" as used herein means any information produced by the Government to AOA that is determined by either agreement of ArmorWorks, AOA, and the Government or pursuant to Court Order to be Protected Information in accordance with the following procedure:

(a) Following the admission of AOA and ArmorWorks' counsel to this Protective Order as provided in paragraph 5, the Government shall provide counsel for ArmorWorks with a complete set of all documents pertaining to ArmorWorks that the Government produced to AOA during the course of this litigation;

(b) The Government shall designate those materials that are Source Selection Information or internal Government communications that should not be disclosed by counsel for ArmorWorks to any persons not admitted to this Protective Order;

(c) Counsel for ArmorWorks shall identify those documents or portions of documents that ArmorWorks asserts contain ArmorWorks proprietary or confidential information;

(d) Once ArmorWorks has identified the information it believes to be proprietary, the complete set of documents pertaining to ArmorWorks shall be returned to counsel for AOA;

(e) The Government and AOA's counsel shall review the documents or portions thereof that ArmorWorks has designated as proprietary or confidential. If either the Government or AOA objects to ArmorWorks' designations, the parties shall attempt to resolve the matter by agreement. If the parties are unable to resolve the disagreement, the matter shall be brought before the Court. The information shall be treated as protected information until the Court resolves the matter.

(f) Once all differences are resolved, all information that the parties have agreed or the Court has determined to be proprietary, confidential, or competition sensitive shall be deemed to be "protected information."

5. Protected information shall be used by the parties solely for the purposes of this litigation and shall not be given, shown, made available, discussed, or otherwise communicated in any form except as provided herein.

(a) Except as provided in paragraphs 5(c) and (d), the only persons who may be given access to protected information are (i) legal counsel for a party and (ii) independent consultants and experts assisting such counsel in connection with the litigation.

(b) To be granted access to protected information, any such person shall first read this Protective Order and, if an attorney, execute a copy of the Application for Access to Information Under Protective Order by Inside or Outside Counsel (Form 9) or, if a consultant or expert, execute a copy of the Application for Access to Information Under Protective Order by a Consultant or Expert (Form 10). The party seeking to have such person granted access shall then provide a copy of the executed Application to each other party. Such person shall, without further action by the court, be permitted access to protected information at the close of the second business day after the other parties have received the Application, unless, in the interim, any party informs the requesting party of an objection. If the parties are unable to reach agreement regarding an objection, the party seeking access may present the matter to the court. Such person shall not be given access unless and until the court authorizes such access.

(c) Paralegal, clerical, and administrative support personnel assisting any counsel who has been admitted under this Protective Order may be given access to protected information if such personnel have first been informed by such counsel of the obligations imposed by this Protective Order.

(d) Court, procuring agency, and Department of Justice personnel are automatically subject to the terms of this Protective Order and are entitled to access to protected information, without further action.

6. Protected information of any kind may be provided only to the court and to individuals authorized by this Protective Order and must be in a sealed parcel with the legend **"PROTECTED INFORMATION ENCLOSED"** conspicuously placed on the outside of the parcel containing the information. A copy of the certificate of service identifying the document being filed should be attached to the front of each parcel.

(a) The first page of each document containing protected information is to be clearly marked as follows:

**Protected Information to Be Disclosed Only in Accordance With U.S. Court of Federal Claims Protective Order**

(b) Any courtesy copies of protected information that are filed with the court for use by the judge should be marked as such.

(c) The court will maintain properly marked protected pleadings or information under seal.

7. A party that files a pleading in accordance with paragraph 6 above shall promptly serve on each other party a proposed redacted copy of the pleading with the claimed protected information deleted and clearly marked "Proposed Redacted Copy" in the upper right-hand corner of the first page.

(a) Within two business days after receipt of the proposed redacted copy, the other parties shall advise the party originating the pleading of any additional redactions they require. The originating party shall promptly provide each party with a copy of the pleading from which all information that any party has requested be redacted has been redacted and clearly marked "Agreed-Upon Redacted Copy—May Be Made Public" in the upper right-hand corner of the page. During the two-day period, the proposed redacted copy shall be treated as protected. At the expiration of the two-day period, or when agreement is reached, the agreed-upon redacted copy shall be filed with the court by the originating party.

(b) Any party at any time may serve on the other parties a proposed redacted copy of any document (other than a pleading, to which paragraph 7(a) applies) filed with the court or of any document produced or generated in discovery, whether or not filed with the court, and shall clearly mark the document in the manner provided above. The other parties shall respond promptly, advising the serving party of any additional redactions they require. The serving party shall proceed as provided in the last sentence of paragraph 7(a).

8. Without the consent of the other parties, no private party may make more than three (3) copies of any document containing protected information received from another party. Private parties may make additional copies for filing with the court, service on the parties, or use in discovery and may also incorporate limited amounts of protected information in their pleadings. All copies of such documents and of pleadings referring to protected information shall be clearly labeled in the manner required by paragraph 6 of this Protective Order.

9. Each person covered by this Protective Order shall take all necessary precautions to prevent disclosure of protected information, including but not limited to physically securing, safeguarding, and restricting access to the protected information. The confidentiality of information learned pursuant to this Protective Order shall be maintained in perpetuity.

10. Upon conclusion of the action (including any and all appeals and remands), the original version of any materials that have been filed with the court under seal shall be retained by the court pursuant to RCFC 77.3(d). Copies of such materials filed with the court other than the original version may be returned by the court to the filing parties for disposition in accord with the following paragraphs of this Protective Order.

11. Within thirty (30) days after the conclusion of this action (including any and all appeals and remands), counsel for each private party shall (i) destroy all protected information and certify in writing to all parties that such destruction has occurred and/or (ii) return the protected

information to the parties from which the information was received. Provided the documents are marked protected and are properly secured, counsel for each party may retain one copy of the unredacted pleadings.

12. Any party whose information has been designated as protected may at any time waive the protection of this Protective Order with respect to any and all such information by so advising counsel for all parties in writing, identifying with specificity the information to which this Protective Order shall no longer apply.

13. If either the Government or AOA determines that a document produced during this litigation may contain ArmorWorks proprietary or confidential information but that ArmorWorks was not provided an opportunity to review such a document, the party that discovered the document shall promptly forward the document to ArmorWorks and notify the other party. If ArmorWorks determines that the document contains proprietary or confidential information, the other parties shall review the designation in accordance with Paragraph 4(e). Any such information determined to be protected shall be subject to all provisions of the Protective Order.

14. Counsel for the parties shall promptly report any breach of the provisions of this Protective Order to counsel for the other parties. Upon discovery of any breach, plaintiffs, defendant's, or intervenor's attorneys shall immediately take appropriate action to cure the violation and retrieve any protected information that may have been disclosed to persons not covered by this Protective Order. The parties shall reasonably cooperate in determining the reasons for any such breach.

15. Nothing contained in this Protective Order shall preclude a party from seeking relief from this Protective Order through the filing of an appropriate motion with the court that sets forth the basis for the relief sought.

16. Nothing contained in this Protective Order shall preclude ArmorWorks from seeking enforcement of this Protective Order through the filing of an appropriate motion with the Court that sets forth the basis for any alleged violation.

______________________________

Judge