*Walt Malyszek*
*(Founding Member 2002)*

# MALYSZEK & MALYSZEK

*Cynthia Malyszek*
*(Member D.C. Bar)*

**SPECIALISTS IN FEDERAL GOVERNMENT CONTRACTS**
*"Practice exclusively involving Federal Government Contract matters and proceedings before Federal Courts and Agencies"*

***1700 Pennsylvania Ave, NW, Ste 400***
***Washington, D.C. 20006***
***Ph: 202-349-1455 / Fax: 202-349-1499***

***2029 Century Park East, Ste 1400***
***Los Angeles, CA 90067***
***Ph: 310-772-2266 / Fax: 310-772-2265***

April 27, 2006

Attn: Amy J. Nelson
Law Clerk for
Chief Judge Edward J. Damich
United States Court of Federal Claims
717 Madison Place, NW
Washington, DC 2005

Attn: Leslie Cayer Ohta
U.S. Department of Justice
Civil Division
Washington D.C. 20530

Attn: Steven Gordon
Holland & Knight
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, DC 20006

Re: Letter to Intervenor's counsel

This letter is in accordance with the United States Court of Federal Claims Order filed April 13, 2006, on case Number 04-1731 C, Armour of America v. United States stating "Plaintiff's counsel shall send a letter to Intervemor's counsel complying to the extent possible with ¶ 2-3 on Intervenor's proposed protective order."

This letter is the reiteration of information that has already been provided by me to David Craig and Chris Yukins of Holland & Knight during a January 2006 teleconference. This is when it first became apparent that the Department of Justice had inadvertently sent out potentially proprietary information of ArmorWorks to AOA's counsel during discovery.

It is still AOA's position that all the documentation received by AOA from the DOJ is not proprietary and thus is not protected.

Answer to paragraph two and three of ArmorWorks proposed protective order.

QUESTION 2

"A senior level AOA officer or representative with authority to bind the company shall provide an affidavit or sworn declaration certifying that AOA and its counsel have returned all documents pertaining to ArmorWorks to the Department of Justice (DOJ) and no copies were retained, and providing the following information:"

ANSWER 2

As Armour of America's (AOA) attorney for this matter, all documents pertaining to ArmorWorks received by my office during discovery have been returned to the DOJ, and no copies were retained by my office or AOA. A few weeks after the DOJ sent copies to ArmorWorks, the DOJ sent back the documentation that they sent to ArmorWorks to us. Since receiving the documentation no one from AOA has seen or had access to ArmourWorks documentation.

QUESTION 2 a

When any and all documents pertaining to ArmorWorks were received by AOA and its counsel?

ANSWER 2 a

The documentation was sent by the DOJ on 10-31-2005, and was received in this office on 11-1-2005. Only AOA counsel was sent the documentation, AOA never received the documentation from either the DOJ directly or from our firm. All the documentation was kept at our offices at 2029 Century Park East, Suite 1400, Los Angeles, California.

Further, AOA has not been informed by ArmorWorks what documents they consider competitively sensitive, proprietary or confidential despite having the files since on or about January 6th, 2006. The details of this letter would be much more beneficial to all parties and more specific if ArmorWorks would identify what documents they think are proprietary.

QUESTION 2 b

Who reviewed those documents, when and under what circumstances?

ANSWER 2 b

The only people to review the documents sent by DOJ were myself, my staff and John Nehmans, AOA's Chief Operating Officer at the time. John Nehmens, as of December 2005, no longer works for AOA. The documentation never left the offices of Malyszek & Malyszek, except a few copied pages that were attachments in AOA's claim against NAVAIR, the claim was sent to NAVAIR. After the documents were reviewed in our conference room by John Nehmans they were returned to the client file. AOA's files were locked in our storage room when not being used by staff or being reviewed by John of AOA. No copies were made or retained by AOA or AOA personnel.

When staff used the files they only worked in the offices, the files were not allowed to be taken home by any staff member.

QUESTION 2 c

Whether copies were made of any ArmorWorks documents, whether notes were taken regarding those documents, and whether any documents were removed from the materials produced to AOA?

ANSWER 2 c

The only copying of ArmorWorks documents were made were the ones used as attachments for the support for the claim that was submitted to NAVAIR. No other copies were made of ArmorWorks documents.

The only notes taken on the documentation would have been notes by my staff on information in furtherance of the litigation and claim, and is protected under attorney-client privilege.

No documents were removed from the materials produced to AOA.

QUESTION 2 d

Whether any persons who reviewed ArmorWorks materials disclosed any information from those materials to any other person by any means?

ANSWER 2 d

John Nehmans has stated that he only spoke to me and my staff about the documentation that he reviewed. Any other conversation about the discovery that was received was in furtherance of the litigation and the claim, and is protected under attorney-client privilege.

QUESTION 2 e

The details of any such disclosure, and any subsequent disclosure by any person.

ANSWER 2 e

The only disclosures were in the furtherance of the litigation and the claim, and are protected under attorney-client privilege.

QUESTION 2 f

With regard to any person who has reviewed or had access to ArmorWorks information, the name, current address, and telephone number of any such person and their relationship to AOA, including their job position and whether they participate in AOA's procurement activities.

ANSWER 2 f

As to providing Holland & Knight with said information, we strictly forbid anyone contacting any of the people below or any official at AOA without the written consent of myself or an AOA official with actual authority to do so. Any and all information or request must come through me, at any time either during or after any current litigation is ended. Holland & Knight is not allowed to give the information given either below or within this letter to anyone at ArmorWorks or NAVAIR or any competitor.

John Nehmans, AOA Chief Operating Officer, 814 West 135th Street, Gardena CA. 310-532-0692. Mr. Nehmans no longer participates in AOA's procurement activities and he is not employed by AOA. Yaakov Har-Oz General Counsel of AOA, has only seen the written portion of the claim. Yaakov Har-Oz has not seen any of the documentation regarding ArmorWorks, his address is same as above. Yaakov Har-Oz also does not participate in any procurement activities of AOA, he is general counsel.

QUESTION 2 g

All measures that have been or will be taken to prevent any competitive harm to ArmorWorks.

ANSWER 2 g

As stated above it is our position that the documents that were provided by ArmorWorks to the DOJ, which in turn were delivered to AOA's counsel are not protected propriety documents. For one example the documents presented to the Government did not have the appropriate markings as required by the Federal Acquisition Regulations (FAR's) either prior to contract award or after.

Despite our opposition to ArmorWorks stating that the documentation is proprietary, AOA has taken precautions to protect the information as if it was proprietary. Since our first notification by the DOJ on or about January 6th, 2006 we have contacted John Nehmans informing him not to discuss any documentation that they have seen with anyone.

Also since the completed claim was submitted to Yaakov along with the attachments, we immediately contacted Yaakov, to return the claim and attachments. Yaakov stated that he did not open the package and returned the completed claim with all the attachments in place to our

office. Currently the claim and attachments are only at NAVAIR and our office. No other employee of AOA has seen the attachments to the claim except John Nehmans.

Currently, Malyszek & Malyszek is in possession of the documentation submitted by the Department of Justice to ArmorWorks. These documents are being kept under lock and key within Malyszek & Malyszek's offices. At this time no one that is employed by AOA has access to the documentation or has been seen by anyone employed by AOA.

QUESTION 3

All persons, including AOA and ArmorWorks, and their respective counsel, officers, agents, employees, former officers, former agents former employees, attorneys, assigns, subsidiaries and parent companies, who have, or have had, access to or obtained protected information, as defined herein, through the course of this litigation, including prior to the entry of this Protective Order, shall be prohibited from using, communicating, discussing such information for any purpose other then this litigation, and shall maintain the confidentiality of such protected information in perpetuity.

ANSWER 3

There seems to be no answer needed. Again as stated above, AOA will take all needed actions to protect the "so called proprietary documentation" of ArmorWorks. At this time the documentation is under strict non-disclosure action at my office the only people with access to all the documents provided via discovery is me and my staff.

Sincerely,

s/Cynthia Malyszek
CYNTHIA MALYSZEK, Esq.
Malyszek & Malyszek
2029 Century Park East
Ste 1400
Los Angeles, CA 90067
310-772-2266
310-772-2265 Fax

Attorney for Plaintiff

Dated: April 28, 2006