**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ARMOUR OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES<br><br>Defendants.<br><br>and<br><br>ARMORWORKS, LLC<br><br>Intervenor | ) | No. 04-1731C<br>(Chief Judge Edward J. Damich) |

**INTERVENOR'S REPLY TO DEFENDANT'S STATUS REPORT**

Intervenor ArmorWorks, LLC ("ArmorWorks"), by undersigned counsel, hereby submits this Reply to Defendant United States' (the "Government's") Status Report.

In an ambush pleading that misstates both the relevant facts and the applicable law, the Government seeks to foment expensive and time-consuming collateral litigation with ArmorWorks that, in all likelihood, would be unnecessary to the resolution of the underlying action between Armour of America ("AOA") and the Government. ArmorWorks, an innocent third party, was forced to intervene in this action because of the Government's improper disclosure of ArmorWorks' proprietary information to its competitor, AOA. ArmorWorks wants to protect its legitimate interest in that information in the simplest, least expensive fashion possible. ArmorWorks submitted a proposal to the Government and AOA two weeks ago that it believes would accomplish that purpose and permit this action to proceed in an efficient manner.

Until yesterday, so far as ArmorWorks knew, its proposal appeared to be acceptable to the Government. Then, at 11:37 a.m. yesterday, counsel for the Government abruptly announced

via an email message that: "The Government's position is that the appropriateness of ArmorWorks designation of proprietary information should be litigated. Please call if you would like to discuss this issue." (*See* Email dated May 15, 2006 from Ohta to Gordon, Exh. 1) Counsel for ArmorWorks immediately placed a call to Government counsel in an attempt to fathom what was going on. Less than ten minutes later, the Government's argumentative "status report" was filed and served electronically on counsel for ArmorWorks.

Because the Government effectively blind-sided ArmorWorks with its "status report" one day before the scheduled status conference, ArmorWorks has had little time to fully prepare a reply. Nevertheless, there are basic factual and legal errors in the Government's pleading that should be addressed. More importantly, ArmorWorks believes that its proposal for handling information it considers proprietary is far more efficient – both in terms of conserving judicial time and the parties' resources – than the Government's invitation to delay this action while embarking on expensive and time consuming collateral litigation.

## I. ArmorWorks' Proposed Approach to Handling Information It Considers Proprietary.

On April 14, 2006, the Government provided counsel for ArmorWorks the ten yellow binders containing the documents pertaining to ArmorWorks, as ordered by the Court. These binders contained approximately 5000 pages of documents, and were in addition to the approximately 850 pages of documents potentially containing ArmorWorks' proprietary information that the Government had previously identified and provided to ArmorWorks' counsel. ArmorWorks' counsel reviewed all of these documents and marked information they believe to be proprietary and subject to redaction. ArmorWorks then returned these "marked up" documents to the Government on April 28, 2006, as ordered by the Court.

When returning these documents to the Government, counsel for ArmorWorks requested that the Government counsel contact them to discuss any questions or disagreements about the marked documents. (*See* Letter dated April 28, 2006 from Craig to Ohta, Exh. 2) Because there is no protective order in effect, counsel for ArmorWorks also clarified their understanding that "*at this time*, no documents containing ArmorWorks' *proposed* reactions will be returned to counsel for Armour of America." (*Id.* (emphasis added.)) Government counsel emailed ArmorWorks' counsel on May 3, 2006 and advised that the Government could not agree to ArmorWorks' proposed redactions without the concurrence of AOA's counsel, and therefore the Government "has no alternat[iv]e" but to litigate ArmorWorks' proposed redactions. (*See* Email of May 3, 2006 from Ohta to Gordon, Exh. 3.) Government counsel also asserted that it was her understanding that ArmorWorks was going to provide the factual and legal basis for its opinions regarding the proposed redactions, and complained that no such explanation was provided. (*Id.*)

In response to this communication, ArmorWorks promptly clarified its position in a May 4, 2005 email to Government counsel that was copied to AOA's counsel. That email stated:

> I believe there is a misunderstanding between us about ArmorWorks' position. We are interested in resolving this issue in the most expeditious and cost-efficient manner possible consistent with protecting ArmorWorks' interests in information it believes to be proprietary. We now have identified that information for you.
>
> You have suggested, and we believe, that most of the information ArmorWorks considers to be proprietary will be irrelevant to the issues pending in the suit between AOA and the Government. I understand your concern, however, that the Government cannot unilaterally make that decision without concurrence from AOA's counsel. Accordingly, we do not oppose sharing the documents with Ms. Malyszek provided that Ms. Malyszek first provides a written undertaking confirming that (1) her professional relationship with AOA is strictly one of outside legal counsel, and that neither she nor any member of her firm who will have access to the information ArmorWorks considers proprietary (which it has marked for redaction) is involved in competitive decision making for AOA; and (2) access to this information will be strictly limited to herself and members of her firm (including reasonably limiting the number of copies made) and its confidentiality will be maintained both during the litigation and thereafter.

> Obviously, information that has not been flagged by ArmorWorks as proprietary can be used by Ms. Malyszek and shared with her client without limitation.
>
> Should you and/or Ms. Malyszek conclude that certain documents containing information that ArmorWorks considers to be proprietary is needed for your litigation, then, if the information itself is not essential, it could simply be redacted and the balance of the document used without further ado. If, instead, you and/or Ms. Malyszek conclude that certain of the proprietary information itself is necessary to your litigation, so that redaction is not feasible, then we would need to be notified and the matter resolved either between us or else by the court.
>
> It is our sincere desire to limit our involvement in this matter as much as possible and to avoid collateral litigation about the protection of ArmorWorks' proprietary information. I do not agree that ArmorWorks was supposed to provide the factual and legal basis for each of its proposed redactions of proprietary information, and the Court's order does not support such an understanding. To the contrary, the goal of this exercise was to resolve this issue in an informal, efficient manner, thereby eliminating the need to litigate whether each and every bit of information is or is not proprietary. Nevertheless, we will do whatever is necessary to protect our client's interests, including litigate. Hopefully, that will not be necessary.

(Email dated May 4, 2006 from Gordon to Ohta, Exh. 4)

At first, it appeared that this proposal was acceptable to the Government. On May 8, 2006, Government counsel emailed AOA's counsel to ask: "please response as soon as possible if you agree with Steven Gordon's proposal so that I can overnight a set of the documents to you for your review." (*See* Email dated May 8, 2006 from Ohta to Malyszek, Exh. 5.) So far as ArmorWorks knows, AOA's counsel did not respond to this communication.[1] Government counsel made no further communication to counsel for ArmorWorks until yesterday when she abruptly announced that the Government's position is that the appropriateness of ArmorWorks

[1] Because ArmorWorks' counsel had not heard from AOA regarding its position on (1) ArmorWorks' proposal regarding the handling of the documents and (2) certain follow-up questions ArmorWorks had posed in response to AOA counsel's letter detailing who had previously had access to ArmorWorks' proprietary information, counsel for ArmorWorks emailed AOA's counsel on May 15, inquiring about AOA's position on these matters in order to resolve or at least identify any disagreements prior to the Status Conference. (*See* Email dated May 15, 2006 from Gordon to Malyszek, Exh. 6).

designation of proprietary information should be litigated. Until then, Government counsel had made no effort to discuss ArmorWorks' proposed redactions with ArmorWorks counsel, and had given no indication that she still desired to litigate the matter of ArmorWorks documents.

## II. The Government's "Status Report" Ignores Key Issues.

The Government's "status report" does not even acknowledge ArmorWorks' proposed approach for handling proprietary information, much less explain why that approach is unworkable. Instead, the Government simply announces in conclusory fashion that "ArmorWorks's information will be necessary" to the litigation between it and AOA, without identifying the information in any fashion or explaining how important or voluminous it is. The Government acknowledges that resolving the appropriateness of ArmorWorks' designation of proprietary information is "collateral to this litigation," but nonetheless asserts – again without any explanation – that it "should be resolved before the contract dispute between [AOA and the Government] can proceed." (Government's Status Report at 5).

The Government implies that none of ArmorWorks' information is proprietary, but this is plainly wrong. Indeed, the Government has misstated or ignored both the facts and the relevant law in the course of its arguments.

First, the Government has wildly misstated the number of pages that counsel for ArmorWorks has marked as proprietary. The Government asserts that ArmorWorks marked approximately 4000 pages. (Government's Status Report at 1). ArmorWorks actually marked approximately 850-900 pages in the ten yellow binders, and approximately 500 pages of the set

of 850, for a total of approximately 1400 out of 5800 pages.[2] Moreover, a large number of the marked documents are duplicates.

The Government cites various definitions of proprietary information in an attempt to argue that ArmorWorks' information is not proprietary. The Government suggests that proprietary information can only be information related to development and manufacturing processes, and then argues that ArmorWorks' information is not proprietary because three unnamed Navy engineers opined that "the information in those documents, either considered in isolation, or in combination, was not sufficient to determine the processes used by ArmorWorks in developing and manufacturing the composite material that was provided to the Government." (Government's Status Report at 3.)

However, proprietary information is not limited to detailed information regarding manufacturing and development processes. In fact, the Government's own citation to the Trade Secrets Act definition of "trade secret" belies the Government's position. Additionally, many of the documents marked by ArmorWorks' counsel do pertain to ArmorWorks' manufacturing process (*e.g.* ArmorWorks' technical proposal discusses its manufacturing process in detail). Moreover, a considerable number of documents that were marked by ArmorWorks' counsel contain proprietary financial information rather than technical information. The Government entirely ignores this category of confidential information, to which the Rights in Technical Data clause does not apply. *See Appeal of Ford Aerospace & Communications Corp.*, ASBCA No. 29088, 88-2 BCA ¶ 20748, 1988 WL 62628 (1988).

---

[2] It is logical that the set of 850 pages contains a higher percentage of proprietary information, because this is the set of documents that the Government originally pulled from the ten yellow binders as the documents generated by ArmorWorks.

The Government also asserts that ArmorWorks has not marked any post-award documents with the legend "Limited Rights Information," a designation that it contends was "contractually required in order for ArmorWorks to protect its allegedly proprietary information from subsequent use or disclosure by the Government." (Government's Status Report at 4). This argument is incorrect. Although ArmorWorks did not use the legend "Limited Rights Information," a number of pages identified by ArmorWorks' counsel (approximately 37 pages) were contract deliverables marked with restrictive legends indicating that they were proprietary. Where an incorrect legend is applied by the contractor, the contracting officer is required to challenge it. *See* DFARS 252.227-7037 (incorporated by reference in the ArmorWorks contract). Where the contracting officer fails to do so, as in this case, the contractor retains its rights in the proprietary data. *See Bell Helicopter Textron*, ASBCA No. 21,192, 85-3 BCA ¶ 18,415, 1985 WL 17050 (1985); *Ervin and Associates, Inc. v. United States*, 59 Fed.Cl. 267, 296 (2004) (citing *Bell Helicopter Textron*).

Additionally, technical data contained in contract deliverables do not constitute the only, nor even the majority, of the types of documents containing proprietary, or otherwise protectable, information at issue here. Of the pages that counsel for ArmorWorks marked as containing proprietary information, over 70 pages consisted of contractor proposal information (the proposals were marked as proprietary), and over 100 pages consisted of source selection and evaluation documents that discuss ArmorWorks' proposal and pricing information. These documents would implicate various procurement regulations, such as FAR 24.202, which prohibits the release of contractor proposals under FOIA, FAR 3.104-4, which generally prohibits the disclosure of contractor proposal information and source selection information, and

DFARS 252.227-7016 (incorporated into the contract by reference), which generally prohibits the Government's disclosure of proposal information outside the Government.

Moreover, a large number of the documents contained in the ten yellow binders that counsel for ArmorWorks marked consist of government emails, correspondence, and internal reports that reference proprietary ArmorWorks information. Each of these documents would require a detailed factual investigation to determine the source of the information.

In sum, the collateral litigation upon which the Government proposes to embark would be tedious, time consuming, and very expensive. It would be grossly unfair to ArmorWorks, which has been forced to intervene in this action out of necessity. And it would be a huge imposition upon the time of this Court, which would find itself with "two cases for the price of one" except that the price would more than double in terms of judicial time and resources. If this collateral litigation was unavoidable, that would be one thing. But it is completely unnecessary. ArmorWorks' proposed approach will, in all likelihood, avoid the need for any collateral litigation while giving AOA and the Government full play to develop their cases. In the unlikely event that (1) this action is not settled and proceeds to trial, (2) certain documents with ArmorWorks proprietary information are necessary for the litigation, and (3) those documents cannot be redacted or some other accommodation reached among counsel for AOA, the Government, and ArmorWorks, then and only then will the Court have to step in and resolve the

matter and the number of documents involved will be a tiny fraction of the universe the Government proposes to litigate now.

Dated: May 16, 2006

Respectfully submitted,

HOLLAND & KNIGHT LLP

s/Steven D. Gordon
Steven D. Gordon
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, D.C. 20006
(202) 955-3000 – phone
(202) 955-5564 – fax

Counsel for Intervenor ArmorWorks, LLC

Of Counsel

David J. Craig
HOLLAND & KNIGHT LLP
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, D.C. 20006
(202) 955-3000 – phone
(202) 955-5564 – fax

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing Reply to Defendant's Status Report to be served this 16th day of May 2006 electronically on:

Leslie Cayer Ohta, Esq.
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, NW
Washington, D.C. 20530

Cynthia Malyszek, Esq.
Malyszek & Malyszek
10100 Santa Monica Blvd., Suite 800
Los Angeles, CA. 90067

s/Steven D. Gordon
Steven D. Gordon

# 3787831_v1