# Exhibit 5

**Craig, David J (WAS - X72667)**

**From:** Gordon, Steven D (WAS - X77038)
**Sent:** Monday, May 08, 2006 8:07 AM
**To:** Craig, David J (WAS - X72667)
**Subject:** FW: Armour, ArmorWorks Documents, Proposed Redactions

-----Original Message-----
From: Leslie.Ohta@usdoj.gov [mailto:Leslie.Ohta@usdoj.gov]
Sent: Monday, May 08, 2006 6:40 AM
To: steven.gordon@hklaw.com
Cc: bridget.jarvis@navy.mil; cyndi@2malyszek.com
Subject: RE: Armour, ArmorWorks Documents, Proposed Redactions

Cyndi, please response as soon as possible if you agree with Steven Gordon's proposal so that I can overnight a set of the documents to you for your review.

Leslie

-----Original Message-----
From: steven.gordon@hklaw.com [mailto:steven.gordon@hklaw.com]
Sent: Thursday, May 04, 2006 5:04 PM
To: Ohta, Leslie (CIV)
Cc: bridget.jarvis@navy.mil; cyndi@2malyszek.com
Subject: RE: Armour, ArmorWorks Documents, Proposed Redactions

Dear Ms. Ohta,

I believe there is a misunderstanding between us about ArmorWorks' position. We are interested in resolving this issue in the most expeditious and cost-efficient manner possible consistent with protecting ArmorWorks' interests in information it believes to be proprietary. We now have identified that information for you.

You have suggested, and we believe, that most of the information ArmorWorks considers to be proprietary will be irrelevant to the issues pending in the suit between AOA and the Government. I understand your concern, however, that the Government cannot unilaterally make that decision without concurrence from AOA's counsel. Accordingly, we do not oppose sharing the documents with Ms. Malyszek provided that Ms. Malyszek first provides a written undertaking confirming that (1) her professional relationship with AOA is strictly one of outside legal counsel, and that neither she nor any member of her firm who will have access to the information ArmorWorks considers proprietary (which it has marked for redaction) is involved in competitive decision making for AOA; and (2) access to this information will be strictly limited to herself and members of her firm (including reasonably limiting the number of copies made) and its confidentiality will be maintained both during the litigation and thereafter. Obviously, information that has not been flagged by ArmorWorks as proprietary can be used by Ms. Malyszek and shared with her client without limitation.

Should you and/or Ms. Malyszek conclude that certain documents containing information that ArmorWorks considers to be proprietary is needed for your litigation, then, if the information itself is not essential, it could simply be redacted and the balance of the document used without further ado. If, instead, you and/or Ms. Malyszek conclude that certain of the proprietary information itself is necessary to your litigation, so that redaction is not feasible, then we would need to be notified and the matter resolved either between us or else by the court.

It is our sincere desire to limit our involvement in this matter as much as possible and to avoid collateral litigation about the protection of ArmorWorks' proprietary information. I do not agree that ArmorWorks was supposed to provide the factual and legal basis for each of its proposed redactions of proprietary information, and the Court's order does not support such an understanding. To the contrary, the goal of this exercise

was to resolve this issue in an informal, efficient manner, thereby eliminating the need to litigate whether each and every bit of information is or is not proprietary. Nevertheless, we will do whatever is necessary to protect our client's interests, including litigate.
Hopefully, that will not be necessary.

Steve Gordon

-----Original Message-----
From: Leslie.Ohta@usdoj.gov [mailto:Leslie.Ohta@usdoj.gov]
Sent: Wednesday, May 03, 2006 1:17 PM
To: steven.gordon@hklaw.com
Cc: bridget.jarvis@navy.mil; cyndi@2malyszek.com
Subject: Armour, ArmorWorks Documents, Proposed Redactions

It is my understanding that you do not want me to share your proposed redactions of alleged proprietary information with counsel for Armour of America.

Without the concurrence of counsel for Armour of America that, while some, if not all, of the information you propose be redacted, does not constitute proprietary information, such information is not essential to the parties ability to prosecute or defend their respective positions in this litigation, the Government can not agree to your proposed redactions.

The Government has no alternate except to litigate all of the proposed redactions that the Government believes go beyond the scope of what is protected by the proprietary information privilege.

Moreover, it was by understanding, that ArmorWorks was going to provide us with the factual and legal bases of your opinions that the material that you propose be redacted in fact constitutes proprietary information. No such explanation has been provided.

Leslie Ohta