# In the United States Court of Federal Claims

No. 04-1731 C
(Filed: May 18, 2006)

*********************************
**ARMOUR OF AMERICA,** *
*
Plaintiff, *
*
v. *
*
**THE UNITED STATES,** *
*
Defendant. *
*
*********************************

**TEMPORARY PROTECTIVE ORDER**

This protective order is temporary, pending issuance of a permanent protective order. The protection of information pursuant to this protective order does not mean that the Court deems the material to be proprietary for purposes other than this protective order.

The court has determined that certain information of ArmorWorks that may necessarily be, or has been, disclosed orally or in writing during this action may be competition sensitive (e.g. source selection information), proprietary, confidential, or otherwise protectable. To address these concerns, it is ordered that protected information of ArmorWorks, provided formally or informally during the course of this action, shall be disclosed by the parties only as follows:

1. As used herein, the term "party" shall include ArmorWorks.

2. "Protected information" as used herein means any ArmorWorks documents or portions of documents produced by the Government to Armour of America ("AOA") that have been determined by ArmorWorks to be proprietary or confidential information and have been indicated as such by redaction. The documents or portions of documents shall be treated as protected information until the Court determines otherwise.

3. If either the Government or AOA determines that a document produced during this litigation may contain ArmorWorks proprietary or confidential information but that ArmorWorks was not provided an opportunity to review such a document, the party that discovered the document shall promptly forward the document to ArmorWorks and notify the other party. If ArmorWorks determines that the document contains proprietary or confidential

information, any such document shall be deemed protected information subject to all provisions of the Protective Order.

4. Protected information shall be used by the parties solely for the purposes of this litigation and shall not be given, shown, made available, discussed, or otherwise communicated in any form except as provided herein.

(a) Except as provided in paragraphs 4(c) and (d), the only persons who may be given access to protected information are (i) legal counsel for a party and (ii) independent consultants and experts assisting such counsel in connection with the litigation.

(b) To be granted access to protected information, any such person shall first read this Protective Order and, if an attorney, execute a copy of the Application for Access to Information Under Protective Order by Inside or Outside Counsel (Form 9) or, if a consultant or expert, execute a copy of the Application for Access to Information Under Protective Order by a Consultant or Expert (Form 10). The party seeking to have such person granted access shall then provide a copy of the executed Application to each other party. Such person shall, without further action by the court, be permitted access to protected information at the close of the second business day after the other parties have received the Application, unless, in the interim, ArmorWorks informs the requesting party of an objection. If the parties are unable to reach agreement regarding an objection, the party seeking access may present the matter to the court. Such person shall not be given access unless and until the court authorizes such access.

(c) Paralegal, clerical, and administrative support personnel assisting any counsel who has been admitted under this Protective Order may be given access to protected information if such personnel have first been informed by such counsel of the obligations imposed by this Protective Order.

(d) Court, procuring agency, and Department of Justice personnel are automatically subject to the terms of this Protective Order and are entitled to access to protected information, without further action.

5. Protected information of any kind may be provided only to the court and to individuals authorized by this Protective Order and must be in a sealed parcel with the legend **"PROTECTED INFORMATION ENCLOSED"** conspicuously placed on the outside of the parcel containing the information. A copy of the certificate of service identifying the document being filed should be attached to the front of each parcel.

(a) The first page of each document containing protected information is to be clearly marked as follows:

**Protected Information to Be Disclosed Only in Accordance With**
**U.S. Court of Federal Claims Protective Order**

(b) Any courtesy copies of protected information that are filed with the court for use by the judge should be marked as such.

(c) The court will maintain properly marked protected filings or information under seal.

6. A party that files a document in accordance with paragraph 5 above shall promptly serve on each other party a proposed redacted copy of the filing with the claimed protected information deleted and clearly marked "Proposed Redacted Copy" in the upper right-hand corner of the first page.

(a) Within two business days after receipt of the proposed redacted copy, ArmorWorks shall advise the party originating the filing of any additional redactions it requires. The originating party shall promptly provide each party with a copy of the filing from which all information that ArmorWorks has requested be redacted has been redacted and clearly marked "Agreed-Upon Redacted Copy—May Be Made Public" in the upper right-hand corner of the page. During the two-day period, the proposed redacted copy shall be treated as protected. At the expiration of the two-day period, or when agreement is reached, the agreed-upon redacted copy shall be filed with the court by the originating party.

(b) Any party at any time may serve on the other parties a proposed redacted copy of any document (other than a document, to which paragraph 6(a) applies) filed with the court or of any document produced or generated in discovery, whether or not filed with the court, and shall clearly mark the document in the manner provided above. ArmorWorks shall respond promptly, advising the serving party of any additional redactions they require. The serving party shall proceed as provided in the last sentence of paragraph 6(a).

7. Without the consent of ArmorWorks, no private party may make more than three (3) copies of any document containing protected information received from another party. Private parties may make additional copies for filing with the court, service on the parties, or use in discovery and may also incorporate limited amounts of protected information in their pleadings. All copies of such documents and of filings referring to protected information shall be clearly labeled in the manner required by paragraph 5 of this Protective Order.

8. Each person covered by this Protective Order shall take all necessary precautions to prevent disclosure of protected information, including but not limited to physically securing, safeguarding, and restricting access to the protected information. The confidentiality of information learned pursuant to this Protective Order shall be maintained in perpetuity.

9. ArmorWorks may at any time waive the protection of this Protective Order with respect to any and all such information by so advising counsel for all parties in writing, identifying with specificity the information to which this Protective Order shall no longer apply.

10. Counsel for the parties shall promptly report any breach of the provisions of this Protective Order to counsel for the other parties. Upon discovery of any breach, plaintiffs, defendant's, or intervenor's attorneys shall immediately take appropriate action to cure the violation and retrieve any protected information that may have been disclosed to persons not covered by this Protective Order. The parties shall reasonably cooperate in determining the reasons for any such breach.

11. Nothing contained in this Protective Order shall preclude ArmorWorks from seeking enforcement of this Protective Order through the filing of an appropriate motion with the Court that sets forth the basis for any alleged violation.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge