IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ARMOUR OF AMERICA, Plaintiff, | ) | No. 04-1731C (Chief Judge Edward J. Damich) |
| v. | ) | |
| THE UNITED STATES, Defendant. | ) | |
| and | ) | |
| ARMORWORKS, Intervenor. | ) | |

DEFENDANT'S MEMORANDUM REGARDING
ARMORWORKS' ALLEGED PROPRIETARY INFORMATION

Pursuant to this Court's May 17, 2006 order, defendant provides the following memorandum regarding the Government's position with respect to the issues raised by the Court in that order.

1. Whether issuance of a protective order constitutes a determination that the protected information is proprietary for purposes other than the instant litigation.

It is the Government's position that the mere issuance of a protective order does not constitute a determination that the protected information is proprietary for purposes other than the instant litigation. If this Court makes a judicial determination that some, or all, of the information that ArmorWorks ("AW") claims is proprietary information does in fact constitute proprietary information, the Court should make it clear that such a determination is only binding upon the parties for the limited purpose of the instant litigation.

2. What criteria govern the Court's determination whether information is proprietary or not.

The Government contends that proprietary information is information that sets forth detailed manufacturing or process data, that is, technical data that describe the steps, sequences, and conditions of manufacturing, processing or assembly used by the manufacturer to produce an item or component or to perform a process. See 48 C.F.R. 252.227-7013(5). The term "trade secret," as used in Exemption 4 of the Freedom of Information Act ("FOIA"), means "a secret, commercially valuable plan, formula, process, or device that is used for the making, preparing, compounding, or processing of trade commodities and that can be said to be the end product of either innovation or substantial effort." See Public Citizen Health Research Group v. Food and Drug Admin., 704 F.2d 1280, 1289 (C.A.D.C.,1983). The common law definition of trade secret requires a direct relationship between the information at issue and the productive process. Id.

III. What procedures the Court should adopt to determine which of Intervenor's proposed redactions are proprietary and which are not, giving due weight to consideration of economy and efficiency on behalf of the Court and the parties.

The Government proposes that a meeting among the parties, without the Court, be scheduled during which experts knowledgeable about the subject matter in dispute offer their opinions as to what information, if any, constitutes proprietary information. If counsel for the parties agree that for the sole purpose of this litigation, and for no other purpose, certain information will be deemed proprietary, the appropriate redactions will be made. To the extent that there is a dispute as to the proprietary nature of the information in dispute, and the parties are unwilling to agree to deem such information to be proprietary for the purposes of this litigation only, the matter will be brought to the attention of the Court for resolution. If the Court deems it necessary and appropriate, the experts will be made available to testify concerning their

respective opinions. In the event that this Court finds that some, or all, of the disputed information constitutes proprietary information, the Government will brief the issue of waiver, that is, that AW waived the proprietary nature of the information by failing to appropriately mark the information as such.[1]

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Assistant Director

---

[1] No document generated by AW after contract award bears the legend "Limited Rights Information," a designation that was contractually required in order for AW to protect its allegedly proprietary information from subsequent use or disclosure by the Government. The contract included 48 C.F.R. 252.227-7013 that provides in pertinent part as follows:

> (f) Marking requirements. The Contractor . . . may only assert restrictions on the Government's rights to use, modify, reproduce, release, perform, display, or disclose technical data to be delivered under this contract by marking the deliverable data subject to restriction.
>
> (1) General marking instructions. The Contractor . . . shall conspicuously and legibly mark the appropriate legend on all technical data that qualify for such markings. The authorized legends shall be placed on the transmittal document or storage container and, for printed material, each page of the printed material containing technical data for which restrictions are asserted. When only portions of a page of printed material are subject to the asserted restrictions, such portions shall be identified by circling, underscoring, with a note, or other appropriate identifier. . . .

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street NW
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530

Attorneys for Defendant

OF COUNSEL

BRIDGET JARVIS
Associate Counsel
Naval Air Systems Command
47123 Buse Road, Bldg. 2272, Unit 353
Patuxent River, MD 20670

July 21, 2006