IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ARMOUR OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 04-1731C<br>(Judge Marian Blank Horn) |

JOINT STATEMENT OF ISSUES OF LAW AND ISSUES OF FACT

Pursuant to the Court's June 4, 2007 order, the parties respectfully file the joint statement of the issues of fact and law to be decided by this Court.

JOINT STATEMENT OF ISSUES OF LAW

1. Whether the Government sustained its burden of proof that the termination of AOA's contract for default for failure to make progress so as to endanger performance was justified.

2. Whether AOA sustained its burden of proof that the termination for default was unlawful or excused. AOA disagrees.

3. Whether AOA sustained its burden of proof that the Navy breached the implied covenant of good faith and fair dealing.

4. Whether AOA's allegation that the Navy breached the contract by accepting AOA's allegedly non-conforming proposal states a cause of action upon which relief can be granted.

7. Whether AOA sustained its burden of proof with respect to damages.

6. Whether the contracting officer complied with Federal Acquisition Regulation (FAR) 49.402-6 and 49.402-7(b), when she exercised her authority to replace the work that was to have been performed under the defaulted contract and charge the costs to AOA.

7. Whether the Government established a prima facie case that the reprocurement contract was for fundamentally the same product sought to be procured under AOA's contract.

8. Whether AOA sustained its burden of proof that there are material differences

between the product sought to be procured under AOA's contract and the product procured under the reprocurement contract.

9. Whether the Government sustained its burden of proof with respect to the damages it incurred as a result of AOA's default.

JOINT STATEMENT OF ISSUES OF FACT

1. Whether the determination that AOA was unable to meet the weight and ballistic requirements in the contract with the material it was using was reasonable and justified.

2. Whether the Navy acted reasonablely in insisting that AOA's armor material meet the ballistic specifications contained in the contract.

3. Whether there was any reasonable likelihood that AOA would complete its contract obligations within the specified contract time.

4. Whether AOA could have delivered the qualification test articles by the contractual delivery date if AOA had not been terminated for default.

5. Whether due to AOA's alleged failure to adequately perform under the contract, the Government incurred damages of approximately $1,500,000.

6. Whether the original product sought to be procured under AOA's contract and the product procured under the reprocurement contract were fundamentally the same.

7. Whether the Government gave any notices of insufficient performance or demands to correct performance progress prior to the cure notice.

8. Whether the the Navy complied with the relevant potions of FAR 49.402-3 in connection with its decision to terminate for default.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Deputy Director

s/ Cynthia Malyszek
CYNTHIA MALYSZEK, ESQ.
Malyszek & Malyszek
10100 Santa Monica Blvd.
Los Angeles, CA 90067
310-772-2266

Attorney for Plaintiff

Dated: October 12, 2007

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street NW
Washington, D.C. 20530

Attorneys for Defendant

Dated: October 12, 2007