IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ARMOUR OF AMERICA,<br>
Plaintiff,<br>
v.<br>
THE UNITED STATES,<br>
Defendant,<br>
and<br>
ARMORWORKS,<br>
Intervenor.

No. 04-1731C<br>
(Judge Marian Blank Horn)

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION TO REOPEN FACT WITNESS DISCOVERY

Pursuant to Rule 7.2 of the Rules of the Court of Federal Claims, defendant respectfully replies to the response of Armour of America (AOA) to our motion to reopen fact witness discovery.

In our motion, we requested that discovery be reopened for the limited purpose of (1) resuming the deposition of Arthur Schreiber, upon the grounds that Mr. Schreiber's deposition was not completed prior to the cut-off of fact witness discovery only because counsel asked that it be stopped due to Mr. Schreiber's health; and (2) taking the deposition of Matthew Williams, upon the grounds that Mr. Williams was not produced by plaintiff's counsel for his scheduled deposition, despite the fact that he had been identified as a key employee of AOA who was expected to testify upon behalf AOA at the trial of this matter, and upon the fact that the Government's attempts to serve a subpoena upon Mr. Williams were unsuccessful because our attempts to locate Mr. Williams, including requesting his address from plaintiff's counsel, were

unsuccessful.

In its response to our motion, AOA states that it does not oppose our taking the depositions of Mr. Schreiber and Mr. Williams contingent upon the Court reopening discovery in order for AOA to take the depositions of three Navy employees. To the extent that the Court construes AOA's response to our motion as its own motion to reopen discovery, the Government opposes the granting of that motion upon the grounds that (1) AOA has failed to establish good cause for reopening fact witness discovery more than five months after the discovery deadline has passed; (2) the Government fully cooperated with AOA's counsel during discovery and, in fact, told AOA's counsel that all Navy witnesses would be made available for deposition in Washington, D. C. during any week in March 2007 that was convenient for AOA's counsel, an offer that was not acted upon; and (3) because Government counsel has a two-week trial in Seattle, Washington the first two weeks of December 2007, and will be trying this case commencing on January 9, 2008, to be required to schedule and attend three unanticipated depositions would be extremely burdensome, and wholly unwarranted.

The Government withdraws its request that it be permitted to take Mr. Williams' deposition. The Government, however, respectfully requests that defendant's motion to reopen discovery for the limited purpose of continuing the deposition of Arthur Schreiber be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Bryant G. Snee
BRYANT G. SNEE
Deputy Director

s/Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street NW
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
202-307-0252
202-307-0972 (Fax)

Attorneys for Defendant

OF COUNSEL

BRIDGET JARVIS
Associate Counsel
Naval Air Systems Command
47123 Buse Road, Bldg. 2272, Unit 353
Patuxent River, MD 20670

October 22, 2007